United States District Court
District of Connecticut
FILED AT HARTFORD
10/23/03
Kevin F. Rowe, Clerk
By _____ Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHILIP GLYNN, <br> Plaintiff, | : <br> : <br> : | |
| v. | : | Civil No. 3:02CV1802 (AVC) |
| | : | |
| BANKERS LIFE AND CASUALTY <br> COMPANY, <br> Defendant | : <br> : <br> : | OCTOBER 21, 2003 |

**MEMORANDUM IN SUPPORT OF MOTION TO DETERMINE SUFFICIENCY OF RESPONSES TO REQUESTS FOR ADMISSIONS**

**I.      Factual Background**

On June 8, 2001, the plaintiff's decedent was killed in an automobile accident in Bristol, Connecticut. At the time of the accident, the plaintiff's decedent was insured pursuant to an insurance policy issued by the defendant, Bankers Life & Casualty Company. The insurance policy was provided to Mr. Glynn through his employment with Johnson & Johnson. Thereafter, Philip Glynn, who is the elderly father of the decedent, Peter Glynn, submitted a claim for benefits provided by the policy. In March of 2002, the claim was denied by Robert Krol, Special Risk Benefit Representative of the defendant and Patricia Kolomitz, Second Vice President of the defendant. The defendant denied the claim on the basis that alcohol was involved in a motor vehicle accident.

4

Subsequently, on April 30, 2002, the plaintiff requested an appeal of that decision. Thereafter, the appeal was also denied and the plaintiff brought suit in Connecticut State Court in the Hartford Judicial District on September 10, 2002.

The defendant filed a Notice of Removal on October 10, 2002 and the matter was removed to the United States District Court for the District of Connecticut.

On July 18, 2003, the plaintiff filed requests for admissions. On September 18, 2003, the defendant finally responded to plaintiff's requests for admissions. The plaintiff's requests for admissions and the defendant's responses are attached as Exhibit A. The plaintiff now moves for a Motion to Compel Discovery so that the entire case may proceed.

## II. Listing of each of the items of discovery in dispute

The first category of objections filed by the defendant is based upon the fact that the information sought is outside the scope of that allowed when litigating under an ERISA-governed plan. The requests for admission to which this type of objection is asserted are as follows:

Request for Admissions No. 1:

*Between January 1, 2000 and July 1, 2003, Bankers Life & Casualty Company has paid death benefits to beneficiaries of persons killed while operating a motor vehicle legally*

5

intoxicated pursuant to accident policies which are payable by reason of the accidental death of an employee.

Request for Admissions No. 2:

Between January 1, 2000 and July 1, 2003, Bankers Life & Casualty Company has paid death benefits to beneficiaries of persons killed while operating a motor vehicle while legally intoxicated pursuant to accident policies which are payable by reason of the accidental death of an employee in claims not governed by ERISA law.

Request for Admissions No. 11:

Between January 1, 2000 and July 1, 2003, Bankers Life & Casualty Company has issued accident policies that are payable by reason of accidental death of an employee or insured which contain a specific exclusion for alcohol-related injuries.

The plaintiffs have asserted a count under ERISA, as well as state law CUTPA and CUIPA counts in their Second Amended Complaint. It is relevant and within the scope of discovery for the plaintiff to determine whether the defendant wrote other similar policies which specifically excluded alcohol-related injuries at the same time the plaintiff's decedent held his policy, even if only the ERISA count of the plaintiff's Amended Complaint is considered. This information is clearly relevant to the intent of the parties at the time of formation of the insurance contract. If, in fact, the defendant did have other similar policies which specifically excluded alcohol-related injuries at the time, but this was not an exclusion

6

which was written into the plaintiff's decedent's policy, this would be relevant to the ERISA portion of the action.

Further, it is the plaintiff's belief that the defendant has paid policies with the exact same language under the same circumstances as the instant case, when the policy was not governed by ERISA. Obviously, if the defendant is paying some policies to some decedents when the policies have identical language to the policy in the instant case, this is relevant to the intent of the defendant when it entered into the contract with the plaintiff's decedent. The defendant, therefore, should be mandated to admit or deny the request.

Further, continuously throughout this litigation, the defendant refuses to respond to any discovery requests aimed at the substance of the CUTPA and CUIPA counts. In fact, the defendant objects as though the only count of the plaintiff's Amended Complaint is an ERISA count. *See* Def.'s Response to Req. for Admissions Nos. 1, 2 & 11, attached as Exhibit A. Despite the fact that a Motion to Dismiss is pending in this court, the defendant is not entitled to withhold discovery, and pick and choose which counts the plaintiff is entitled to request discovery under prior to the Court's decision on the Motion to Dismiss.

Clearly, it is relevant under the plaintiff's CUTPA and CUIPA counts whether the defendant has paid policies such as that which the plaintiff's decedent held, and under what circumstances. It would also be relevant to the pending action if the defendant paid some

7

accidental death policies where there was a death involving alcohol, while not paying others. The general business practices of the defendant form the heart of the plaintiff's CUTPA and CUIPA counts.

Due to all of the above reasons, the plaintiff requests that this court compel the defendant to admit or deny requests for admissions Nos. 1, 2 & 11.

The defendant also objects to other requests for admissions, on the grounds that the information sought is irrelevant to litigation under an ERISA-governed plan, but then proceeds to answer the request without waiving the objection. These requests are as follows:

Request for Admissions No. 4

*Bankers Life & Casualty Company had done no research into the statistical likelihood of legally intoxicated drivers dying in a motor vehicle accident prior to deciding to deny the claim filed by Philip Glynn.*

Request for Admissions No. 5

*Bankers Life & Casualty Company did not base its decision to deny the claim filed by Philip Glynn on any research it had done with regard to intoxicated drivers.*

While the defendant is entitled to object to a request for admission, it cannot serve an answer and an objection to the same request, as the plain language of F.R.C.P. 36 has been interpreted. *See Poole v. Textron, Inc.*, 192 F.R.D. 494, 499 (D.Md. 2000). The defendant has

8

supplied both answers and objections to the above requests for admissions, therefore, the plaintiff requests that the court require the defendant to answer without objecting.

In addition, the defendant's objections to these requests for admissions should be overruled. The plaintiff has asserted an action under ERISA against the defendant. At issue is the defendant's interpretation of the insurance policy, when it failed to pay the plaintiff after the plaintiff's decedent died in an auto accident. These requests for admissions are attempting to determine the defendant's reasoning, or lack thereof, behind denying coverage to the plaintiff. Further, the requests are relevant to the interpretation of an "accident" under the policy, a term at the heart of this action.

The responses to these requests are also clearly relevant to the CUTPA and CUIPA counts of the plaintiff's complaint. The general business practices and reasons for denial are obviously at issue in the present action. The CUTPA and CUIPA counts remain a valid part of the plaintiff's complaint, therefore, the defendant should be compelled to respond, without objecting.

9

### III.  Conclusion

For all of the above reasons, the plaintiff respectfully requests an order from the court compelling the defendant to fully respond to the plaintiff's requests for admissions.

PLAINTIFF,

BY _____
Everett H. Madin, Jr.
Federal Bar No: CT12297
RisCassi and Davis, P.C.
131 Oak Street
Hartford, CT 06106
Ph:  860-522-1196
Fax:  860-246-5847

### CERTIFICATION

This is to certify that a true and correct copy of the foregoing motion was mailed via First Class Mail, postage pre-paid, on this 21st day of October, 2003 to the following counsel of record:

John Shaban, Esq.
Whitman, Breed, Abbott & Morgan
100 Field Point Road
P O Box 2250
Greenwich, CT 06830

10

Andrew Muscato, Esquire
Skadden, Arps, Slate, Meagher, & Flom, LLP
One Newark Center
Newark, NJ 07102

                                                                          Everett H. Madin, Jr.

11

FILED

2003 OCT 23 P 12: 07

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

PHILIP GLYNN,
Plaintiff,

v.	Civil No. 3:02CV1802 (AVC)

BANKERS LIFE AND CASUALTY
COMPANY,
Defendant	OCTOBER 22, 2003

## AFFIDAVIT

I, Everett H. Madin, Jr., hereby depose and say that:

1. I am more than eighteen (18) years of age;

2. I believe in the honor and sanctity of an oath;

3. I represent the plaintiff in the above-captioned matter;

4. The undersigned has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised by the present motion.

5. This effort has been unsuccessful and court intervention is now necessary.



Everett H. Madin, Jr.

STATE OF CONNECTICUT:

            ss. Hartford, Connecticut

COUNTY OF HARTFORD

  Personally appeared before me, Everett H. Madin, Jr., and acknowledged the truth of the foregoing on October 22, 2003.

                     Commissioner of the Superior Court