UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------x
PHILIP GLYNN,  :  CIVIL NO. 3-02CV1802 (AVC)
     Plaintiff,  :
  :
BANKERS LIFE AND CASUALTY CO.,  :
     Defendant.  :  OCTOBER 29, 2003
------------------------------------------------------x

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANT'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. Pro. 12(b)(6), defendant Bankers Life and Casualty Company (" Bankers") submits the within memorandum of law in support of its motion to dismiss the Second and Third Counts of plaintiff's second Amended Complaint (the "Complaint") for failure to state a claim upon which relief can be granted.

Plaintiff's Complaint asserts claims for violations of (1) the Employment Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.* (First Count); the Connecticut Unfair Insurance Practices Act, Conn. Gen Stat. §38-815 *et seq.* ("CUIPA") (Second Count); and the Connecticut Unfair Trade Practices Act, Conn. Gen Stat. §41-110b *et seq.* ("CUTPA") (Third Count). Plaintiff's CUIPA and CUTPA claims should be dismissed because: (1) those state claims are preempted by ERISA; (2) Plaintiff has no private right of action under CUIPA; and (3) a single denial of coverage is not a business practice under CUTPA.

## FACTS

Plaintiff's decedent, Peter Glynn, died on June 8, 2001 in a single car collision. He was driving while intoxicated. In the Complaint, plaintiff seeks to recover benefits under Group Accident Policy No. SR84,0001 (the "Policy") issued by Bankers to Johnson & Johnson, the employer of plaintiff's decedent. The Policy was part of an employee welfare plan subject to ERISA. Complaint, First Count, ¶ 1. As administrator of the plan, Bankers had the discretion to deny the claim. See Complaint, First Count, ¶ 7. The claim was denied under ERISA federal common law that deems death resulting from driving while intoxicated to be not accidental. See Bankers' Answer, Sixth and Seventh Affirmative Defenses.

## PROCEDURAL HISTORY

Plaintiff filed his initial Complaint in Connecticut Superior Court in or about September 2002. In October 2002, Bankers removed the matter to this Court on the ground that it was an ERISA action. On June 11, 2003 plaintiff filed an Amended Complaint. On June 23, 2003, Bankers moved to dismiss the Amended Complaint. On July 21, 2003, plaintiff moved to amend his Amended Complaint. On August 18, 2003, without notice to the parties, the Court granted plaintiff's motion to amend his Amended Complaint. It was not until October 20, 2003 that plaintiff served Bankers with his new Amended Complaint by regular mail. Bankers hereby moves to dismiss the state court claims alleged in the latest Amended Complaint.

## MOTION TO DISMISS STANDARD

When ruling on a motion to dismiss, the Court accepts as true all factual allegations of the complaint and draws all reasonable inferences in favor of the plaintiff.

2

See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), Easton v. Sundram, 947 F.2d 1100, 1014-15 (2d Cir. 1991), cert. denied, 504 U.S. 911 (1992); see also Cole v. Aetna Life & Cas., 70 F.Supp.2d 106, 109 (D. Conn. 1999). A motion to dismiss is granted where a plaintiff can prove no set of facts consistent with his allegations that would entitle him to relief. Conley v. Gibson, 355 US. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). Here, plaintiff can establish no set of pleaded facts that would entitle him to relief under CUIPA or CUTPA.

## ARGUMENT

### I. PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY ERISA

Plaintiff's Complaint is based upon a single act – Bankers' alleged denial of his claim as "sole beneficiary of an insurance policy designated as Policy SR 84001 issued by Bankers." Complaint, First Count, ¶ 2. The Complaint is governed by ERISA. Id. at ¶1. ERISA comprehensively regulates, among other things, employee welfare benefit plans that "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death. See 29 U.S.C. § 1002(1); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 44, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

ERISA expressly preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan."[1] 29 U.S.C. § 1144 (a); Kentucky Ass'n of Health Plans, Inc. v. Miller, 588 U.S. __, 123 S.Ct. 1471, 1474, 155 L.Ed.2d 468

---

[1] ERISA Section 514(a) (as codified at 29 U.S.C. § 1144(a)) provides: Except as provided in subsection (b) of this section, the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 4(a) and not exempt under section 4(b).

3

(2003) ("Miller"); Rush Prudential HMO, Inc. v. Moran, 536 U.S. 355, 364, 122 S.Ct. 2151, 2158, 153 L.Ed.2d 375 (2002).

ERISA contains a "savings clause" -- §1144 (b)(2)(A) – excludes from preemption state laws that regulate insurance.[2] For a state law to be deemed a law which regulates insurance under § 1144 (b)(2)(A), it must satisfy two requirements: (1) it must be specifically directed towards entities engaged in insurance; and (2) it must substantially affect the "risk pooling arrangement" between the insurer and the insured. Miller, 123 S.Ct. at 1479. Only when both prongs are satisfied is a state statute saved from preemption. Id.

Plaintiff's sole ground for his CUIPA claim is Bankers' "refus[al] to make payment in accordance with the policy." Complaint, Second Count, ¶ 9. No other act by Bankers is alleged, whether against plaintiff or any other person. See Complaint, Second Count. Similarly, Plaintiff's sole ground for his CUTPA claim is Bankers' alleged refusal to make payment. See Complaint, Third Count, ¶ 12. Although Plaintiff alleges that Bankers acted wrongfully "to the plaintiff and others," he failed to allege any facts regarding the unnamed "others." See Complaint, Third Count.

Under Miller, Plaintiff's CUTPA claim is preempted by ERISA because it fails the first requirement – CUTPA is not "specifically directed towards entities engaged in insurance." CUTPA prohibits unfair trade practices in the conduct of any business. See § 42-111b ("No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce"). The word

---

[2] "Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking or securities." 29 U.S.C. § 1144(b)(2)(A).

"insurance" appears nowhere in CUTPA. See Conn. Gen. Stat. §§ 42-110a to 42-110q. CUTPA governs the conduct of "persons" – defined in the act to include "a natural person, corporation, limited liability company, trust, partnership, incorporated or unincorporated association, and any other legal entity." Conn. Gen. Stat. § 42-110a. As a result, CUTPA also fails the second requirement because it is not specifically directed as insurers and does not substantially affect any risk pooling arrangement.

Unlike CUTPA, CUIPA is directed towards "entities engaged in insurance." CUIPA is still preempted by ERISA, however, because it fails the second Miller requirement. -- i.e. whether CUIPA affects any risk pooling arrangement or has the effect of transferring or spreading risk. See Miller, 123 S.Ct. at 1479; see also Pilot Life, 481 U.S. at 50. CUIPA imposes damages upon an insurer as punishment including "[p]ayment of a monetary penalty . . . for each and every act or violation." Conn. Gen. Stat. § 38a-817 (emphasis added). The Pilot Life Court, in reviewing a Mississippi bad faith law, concluded that a law that punishes insurers for its actions against insureds "did not effect a spreading of policyholder risk." Id. at 50. Similarly, because CUIPA's purpose is to punish wrongdoing by insurers, it does not effect a spreading of policyholder risk and is therefore not "saved" from preemption by §1144 (b)(2)(A). See Pilot Life, 481 U.S. at 50, 52-54.

Accordingly, plaintiff's CUIPA and CUTPA claims fail as a matter of federal law and Bankers is entitled to dismissal of the Second (CUIPA) and Third (CUTPA) Counts of the Complaint.

## II.  **PLAINTIFF HAS NO PRIVATE RIGHT OF ACTION UNDER CUIPA**

Plaintiff's Second Count purports to state a cause of action under CUIPA. See Complaint, Second Count, ¶ 1. Under Connecticut law, CUIPA does not provide this plaintiff with a private cause of action. See Martin v. American Equity Ins. Co., 185 F.Supp.2d 162, 166 (D.Conn. 2002) (dismissing plaintiff's CUIPA claim pursuant to Fed.R.Civ.Pro 12(b)(6)) (relying upon Lander v. Hartford Life Annuity Ins. Co., 251 F.3d 101, 119, n.7 (2d Cir. 2001)). CUIPA is silent on a private right of action. Martin at 166. Lander recognizes that in the absence of a decision by the Connecticut Supreme Court on the issue, "federal authorities must apply what they find to be the state law after giving proper regard to relevant rulings of other courts of the State." 251 F.3d at 119. The Lander court pointed out that " the Connecticut Supreme Court characterize[s] CUIPA as a penal statute . . . further supporting the proposition that no private cause of action is available under the statute." Id. The Lander court found "that a majority of courts which have considered similar laws to CUIPA have concluded that no private cause of action exists." Id. at n.7. The Martin court pointed out that "[t]he text of CUIPA, as well as its legislative history, establishes its regulatory nature," the Connecticut Supreme Court considers CUIPA to be a penal statute, and while specifically authorizing the Commissioner of Insurance to investigate unfair insurance practices and to enforce its provisions, "it makes no mention of a private right of action." Martin, 185 F. Supp.2d at 166.

Furthermore, even if CUIPA did provide a private cause of action, Plaintiff's claim would still fail because a single denial of coverage is insufficient to establish a CUIPA violation. The Connecticut Supreme Court acknowledges that "the legislature

6

has manifested a clear intent to remove from coverage under CUIPA isolated incidents of insurer misconduct." Lees, 229 Conn. at 849. That court held that "the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a 'general business practice' as required by 38a-816(b)." Id. Here, plaintiff alleges a single denial of benefits. Complaint, Second Count, ¶ 19. This single denial cannot establish a "general business practice" under CUIPA. As the court so held in Martin, this Court should dismiss the plaintiff's CUIPA count for failure to state a claim upon which relief can be granted.

### III. PLAINTIFF'S CUTPA CLAIM FAILS TO STATE A VIABLE CAUSE OF ACTION BECAUSE IT IS BASED UPON ONE DENIAL OF ONE CLAIM

Plaintiff's Third Count purports to state a cause of action based on Bankers' alleged violation of CUTPA (Conn. Gen. Stat. §41-110b et seq.) by virtue of an alleged violation of CUIPA. Complaint, Third Count, ¶ 1. While a private cause of action exists under CUTPA to seek redress for violations of CUIPA, see Mead v. Burns, 199 Conn. 651 (1986), CUTPA claims based on CUIPA violations must be based on more than a single denial of a claim. Lees v. Middlesex Inc. Co., 229 Conn. 842, 849 (1994) ("defendant's alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a 'general business practice'.") (emphasis added); see also Martin, 185 F.Supp.2d at 167-68 (dismissing plaintiff's CUTPA count for failing to allege "sufficient facts" to support the conclusory allegation that insurer practiced unfair claims settlement practices in derogation of CUIPA); Quimbly v. Kimberly Clark Corp., 28 Conn. App. 660, 661 (1992)(holding that for a plaintiff to allege a CUTPA claim based on CUIPA violations, plaintiff must allege more than a singular failure to settle

plaintiff's claims fairly, and must allege that defendant has committed alleged wrongful acts with such frequency as to indicate a "general business practice").

The Connecticut Supreme Court put it this way – a CUTPA claim based upon a CUIPA violation requires proof that the insurer acted "with such frequency as to indicate a general business practice"; and where the facts alleged are insufficient to satisfy that requirement of CUIPA, "the plaintiff's CUTPA claim [cannot] survive the failure of her CUIPA claim." Lees, 229 Conn. at 849-50.

Here, Plaintiff's entire claim derives from the singular event of Bankers' denial of his insurance claim. See Complaint, First Count, ¶ 6, Second Count, ¶ 9, Third Count, ¶ 12. Plaintiff failed to plead any other supporting factual allegations of wrongful acts or improper business practices. Under Lees, Martin and Quimbly, plaintiff's CUTPA claim fails to state a cause of action upon which relief can be granted and should be dismissed.

## CONCLUSION

For the foregoing reasons, the Second and Third Counts of plaintiff's Second Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

        THE DEFENDANT
        BANKERS LIFE AND CASUALTY
        COMPANY

        BY_____
        John T. Shaban, ct14075
        Maciej A. Piatkowski, ct21555
        Whitman Breed Abbott & Morgan LLC
        100 Field Point Rd.
        Greenwich, CT 06830
        203-869-3800 (telephone)
        203-869-1951 (facsimile)
        jshaban@wbamct.com
        mpiatkowski@wbamct.com

Andrew Muscato ct15073
Skadden Arps, Slate, Meager &
Flom LLP
One Newark Center
Newark, New Jersey 07102
973-639-6817 (telephone)
973-848-0878 (facsimile)

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, this the 29th of October 2003 to:

Everett H. Madin, Jr., Esq.
RisCassi and Davis, P.C.
131 Oak Street
P.O. Box 261557
Hartford, CT 06126-1557

John T. Shaban