

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

PHILIP GLYNN                              :
                                          :
        Plaintiff,                        :
                                          :
V.                                        :     CIVIL ACTION NO.:
                                          :     302CV1802 (AVC)
                                          :
                                          :
BANKERS LIFE AND                          :
CASUALTY COMPANY                          :
                                          :
        Defendant.                        :     JULY 18, 2003

## AMENDED COMPLAINT

### FIRST COUNT

1.      Plaintiff's action is brought pursuant to the Employment Retirement Security

Act of 1974 (ERISA), 29 U.S.C. § 1001, *et. seq.*, specifically under 29 U.S.C. §1132 (a)(1)(B),

to recover benefits due to him under the terms of the plan.

2.      On June 8, 2001, Philip Glynn, father of the decedent, Peter Glynn, was the sole

beneficiary of a Group Accident Insurance Policy issued by Bankers Life and Casualty

Company to the decedent's employer, Johnson & Johnson.

RISCASSI & DAVIS, P. C.   •   *ATTORNEYS-AT-LAW*   •   131 OAK STREET   •   P. O. BOX 261557   •   HARTFORD, CT 06126-1557   •   (860) 522-1196

3.     Said Group Accident Insurance Policy, designated by number SR 84,001B, was provided by Johnson & Johnson as part of an employee welfare benefit plan as defined by ERISA, and afforded benefits payable upon an employee's accidental death.

4.     Pursuant to Johnson & Johnson's employee welfare benefit plan, said insurance policy was funded by Johnson & Johnson and participant contribution and was administered by Bankers Life & Casualty Company.

5.     On or about June 8, 2001, Peter Glynn died as a result of injuries sustained in an accidental motor vehicle collision.

6.     Bankers Life and Casualty Company refused to make payment in accordance with said Group Accident Insurance Policy.

7.     Johnson & Johnson's employee welfare benefit plan did not grant discretionary authority to Bankers Life and Casualty Company to determine eligibility for benefits or to construe the plan's terms.

8.     Plaintiff, Philip Glynn, is entitled to recover the policy amount due him under said Group Accident Insurance Policy.

## SECOND COUNT

1.     Plaintiff's action is brought under Connecticut state law, specifically Connecticut General Statutes §38a-816(6).

2.    At all times mentioned herein, the defendant, Bankers Life and Casualty Company, was, and is, a corporation duly licensed to transact business in the State of Connecticut and to issue the policy hereinafter referred to.

3.    At all times relevant, Philip Glynn was the father of the decedent, Peter Glynn, and the sole beneficiary of an insurance policy designated as Policy SR 84001 issued by Bankers Life and Casualty Company.

4.    Said policy provided benefits payable upon the accidental death of the plaintiff's decedent, Peter Glynn.

5.    On or about June 8, 2001, at approximately 7:45 p.m., the plaintiff's decedent, Peter Glynn, was involved in a motor vehicle accident while traveling eastbound on Wolcott street, near its intersection with Peck Lane in Bristol, Connecticut.

6.    At the same time and place, the plaintiff's decedent, Peter Glynn, suddenly, and without warning, collided with a wire guide rail fence, rolled over, and landed upside down.

7.    On or about June 8, 2001, at approximately 8:35 p.m., the plaintiff's decedent, Peter Glynn, was pronounced dead by an associate medical examiner at the Office of the Chief Medical Examiner, having an address of 11 Shuttle Road in Farmington, Connecticut.

8.    The Certificate of Death by the Office of the Chief Medical Examiner, prepared on July 10, 2001, listed the cause of death for plaintiff's decedent, Peter Glynn, as an accident.

9.     The defendant, Bankers Life and Casualty Company, has refused to make

payment in accordance with the policy.

10.    Said conduct on the part of the defendant, Bankers Life and Casualty Company,

violated the provisions of the Connecticut Unfair Insurance Practices Act, §38a-816 (6), Unfair

Claim Settlement Practices section, in one or more of the following ways:

a.     in that they misrepresented insurance policy provisions relating to
       coverage provided by the policy to the plaintiff and others, including, but
       not limited to, having a general business practice of denying claims
       involving alcohol-related motor vehicle collisions under plans governed
       by ERISA and paying claims under a similar policy and fact scenario
       when the policy is *not* governed by ERISA; and/or

b.     in that they refused to pay claims to the plaintiff, and others under
       similar fact scenarios as that of the plaintiff, without conducting a
       reasonable investigation based upon all available information; and/or

c.     in that they did not attempt in good faith to effectuate prompt, fair and
       equitable settlements of claims made by the plaintiff and others in which
       liability has become reasonably clear; and/or

d.     in that they failed to adopt and implement reasonable standards for the
       prompt investigation of claims arising under insurance policies; and/or

e.     in that they compelled the insured's decedent to initiate litigation to
       recover amounts due under an insurance policy by offering substantially
       less than the amounts ultimately recovered in actions brought by such
       insureds; and/or

f.     in that they attempted to settle a claim for less than the amount to which
       a reasonable man would have believed he was entitled by reference to

written or printed advertising material accompanying or made part of an application; and/or

g.    in that their actions were immoral, unethical, oppressive or unscrupulous; and/or

h.    in that their actions offend public policy, as it has been established by statutes, the common law or otherwise; and/or

i.    in that their actions cause substantial injury to consumers.

11.    One or more of the aforesaid violations were committed or performed with such frequency as to indicate a general business practice of the defendant, Bankers Life and Casualty Company, including, but not limited to the general business practice of denying claims involving alcohol-related motor vehicle collisions under policies governed by ERISA and paying claims under a similar policy and facts when the plan is not governed by ERISA.

12.    As a result of the unfair and/or deceptive practices of the defendant, Bankers Life and Casualty Company, acting through its agents or employees, the plaintiff, Philip Glynn, has suffered injuries, specifically, he has been unable to obtain the insurance proceeds due him as beneficiary of the policy of the plaintiff's decedent, Peter Glynn.

## THIRD COUNT

1.      Plaintiff's action is brought under Connecticut state law, specifically

Connecticut General Statutes § 42-110b, *et seq.*

2-9.    Paragraphs 2 through 9 of the Second Count are hereby incorporated and

realleged as Paragraphs 2 through 9 of this Third Count as if more fully set forth herein.

10.     Said conduct on the part of the defendant, Bankers Life and Casualty Company,

violated the provisions of the Connecticut Unfair Trade Practice Act (§42-110b, et. seq) in one

or more of the following ways:

      a.      in that they misrepresented insurance policy provisions relating to coverage provided by the policy to the plaintiff and others, including, but not limited to, having a general business practice of denying claims involving alcohol-related motor vehicle collisions under plans governed by ERISA and paying claims under a similar policy and fact scenario when the policy is *not* governed by ERISA; and/or

      b.      in that they refused to pay claims to the plaintiff, and others under similar fact scenarios as that of the plaintiff, without conducting a reasonable investigation based upon all available information; and/or

      c.      in that they did not attempt in good faith to effectuate prompt, fair and equitable settlements of claims made by the plaintiff and others in which liability has become reasonably clear; and/or

      d.      in that they failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; and/or

    e.      in that they compelled the insured's decedent to initiate litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds; and/or

    f.      in that they attempted to settle a claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application; and/or

    g.      in that their actions were immoral, unethical, oppressive or unscrupulous; and/or

    h.      in that their actions offend public policy, as it has been established by statutes, the common law or otherwise; and/or

    i.      in that their actions cause substantial injury to consumers.

11.    One or more of the aforesaid violations were committed or performed with such frequency as to indicate a general business practice of the defendant, Bankers Life and Casualty Company, including, but not limited to the general business practice of denying claims involving alcohol-related motor vehicle collisions under policies governed by ERISA and paying claims under a similar policy and facts when the plan is not governed by ERISA.

12.    As a result of the unfair and/or deceptive practices of the defendant, Bankers Life and Casualty Company, acting through its agents or employees, the plaintiff, Philip Glynn, has suffered injuries, specifically, he has been unable to obtain the insurance proceeds due him as beneficiary of the policy of the plaintiff's decedent, Peter Glynn.

**WHEREFORE**, the plaintiff claims money damages.

**WHEREFORE**, the plaintiff claims treble damages pursuant to §38a-815, *et seq.* and punitive damages pursuant to §42-110, *et seq.* of the Connecticut General Statutes; and such other equitable relief as the court may deem proper, with respect to the Second and Third Counts.

**WHEREFORE**, the plaintiff claims benefits due to him under the ERISA plan described in the First Count, as allowed by law and provided for in 29 U.S.C. § 1001, *et.seq.* (ERISA).

**WHEREFORE**, the plaintiff claims Attorney's Fees and other costs, as allowed by law and provided for in Connecticut General Statutes §§ 38a-815, *et seq.*, 42-110, *et.seq.*, and 29 U.S.C §1001, *et seq.*(ERISA).

I hereby certify that I have knowledge of the financial responsibility of the Plaintiff and deem it sufficient to pay the costs.

Dated at Hartford, Connecticut, this 18th$^{th}$ day of July, 2003.

PLAINTIFF,

BY _____
EVERETT H. MADIN, JR.  CT 12297
RISCASSI AND DAVIS, P.C.
131 OAK STREET
HARTFORD, CT 06106
860-522-1196

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed to all counsel of record on November 5, 2003 as follows:

John Shaban, Esq.
Whitman, Breed, Abbott & Morgan
100 Field Point Road
P O Box 2250
Greenwich, CT 06830

Katherine Creenan, Esquire
Skadden, Arps, Slate, Meagher, & Flom, LLP
One Newark Center
Newark, NJ 07102

_____
Everett H. Madin, Jr.