UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------x
PHILIP GLYNN,                              :    CIVIL NO. 3-02CV1802 (AVC)
                                           :
    Plaintiff,                             :
                                           :
v.                                         :
                                           :
BANKERS LIFE AND CASUALTY CO.,             :
                                           :
    Defendant.                             :    NOVEMBER 11, 2003
------------------------------------------------------x

MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO DETERMINE
SUFFICIENCY OF RESPONSES TO REQUESTS FOR ADMISSIONS

    Pursuant to Fed.R.Civ.P. 36 and L.Civ.R. 37, defendant Bankers Life and Casualty Company ("Bankers") respectfully submits the within memorandum of law in connection with plaintiff's motion to determine the sufficiency of three of Bankers' responses to Plaintiff's requests for admission. The plaintiff, Philip Glynn, ("Plaintiff"), asserts that his three requests for admission are proper under his state law claims for violations of the Connecticut Unfair Insurance Practices Act, Conn. Gen Stat. §38-815 *et seq.* ("CUIPA") (Second Count), and the Connecticut Unfair Trade Practices Act, Conn. Gen Stat. §41-110b *et seq.* ("CUTPA") (Third Count). Bankers believes that its responses are sufficient because Plaintiff's CUIPA and CUTPA claims are preempted by the Employment Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.* Bankers has filed a motion to dismiss the Second and Third Counts of the Amended

ORAL ARGUMENT REQUESTED

47764

Complaint.

Bankers' motion to dismiss the state law claims is now pending before this Court. Because this motion may be rendered moot by the Court's decision on Bankers' pending motion to dismiss, Bankers submits that a decision on this motion should await the decision of the dismissal motion.

## FACTS

This is an action brought under ERISA. Plaintiff's decedent, Peter Glynn, died on June 8, 2001 in a single car collision. He was driving while intoxicated. In his Complaint, Plaintiff seeks to recover benefits under Group Accident Policy No. SR84,0001 (the "Policy") issued by Bankers to Johnson & Johnson ("J&J"), the employer of plaintiff's decedent. The Policy was part of J&J's employee welfare plan subject to ERISA (the "Plan"). Complaint, First Count, ¶ 1. As administrator of the plan, Bankers had the discretion to deny the claim. See Complaint, First Count, ¶ 7. Bankers denied the claim, relying upon ERISA federal common law that deems death resulting from driving while intoxicated to be not accidental.

Plaintiff served, and Bankers responded to, eighteen requests for admissions. At issue here are Bankers' responses to three requests addressed to Bankers' general insurance business and not only to the J&J Plan and Policy, both of which are governed by ERISA.

## PROCEDURAL HISTORY

Plaintiff filed his initial Complaint in Connecticut Superior Court in or about September 2002. In October 2002, Bankers removed the matter to this Court on the ground that it was an ERISA action. On June 11, 2003 Plaintiff filed an Amended

Complaint. On June 23, 2003, Bankers moved to dismiss the Amended Complaint. On July 21, 2003, Plaintiff again moved to amend his Complaint. On August 18, 2003, the Court granted plaintiff's motion to amend his Complaint. It was not until October 20, 2003 that Plaintiff served Bankers with his Amended Complaint by regular mail. Bankers filed a timely motion moves to dismiss the state court claims alleged in the Amended Complaint on the ground that they are preempted by ERISA. That motion is now pending.

## RESPONSES IN DISPUTE

Of the eighteen requests answered by Bankers, Plaintiff objects to Bankers responses to Requests 1, 2 and 11 on the ground that they are relevant to his CUPTA and CUIPA claims.[1] In issue are the Bankers' responses to the following requests for admissions:

> Request for Admissions No. 1: Between January 1, 2000 and July 1, 2003, Bankers Life & Casualty Company has paid death benefits to beneficiaries of persons killed while operating a motor vehicle legally intoxicated pursuant to accident policies which are payable by reason of the accidental death of an employee.
>
> Response: Bankers objects to Request for Admissions No. 1 to the extent that it seeks information that is irrelevant to and/or outside the scope of claims raised in the context of an ERISA-governed plan. Bankers also objects to Request for Admissions No. 1 because it seeks information that is irrelevant to and/or outside the scope of coverage provided by the Johnson & Johnson employee benefit plan.
>
> Request for Admissions No. 2: Between January 1, 2000 and July 1, 2003, Bankers Life & Casualty Company has paid death benefits to beneficiaries of persons killed while operating a motor vehicle while legally intoxicated pursuant to accident policies which are payable by reason of the accidental death of an employee in claims not governed by ERISA law.

---

[1] The parties have resolved the issues concerning Bankers' responses to Requests 4 and 5.

3

> Response: Bankers objects to Request for Admissions No. 2 to the extent that it seeks information that is irrelevant to and/or outside the scope of claims raised in the contest of an ERISA-governed plan. Bankers also objects to Request for Admission No. 2 because it seeks information that is irrelevant to and/or outside the scope of coverage provided by the Johnson & Johnson employee benefit plan.
>
> Request for Admissions No. 11: Between January 1, 2000 and July 1, 2003, Bankers Life & Casualty Company has issued accident policies that are payable by reason of the accidental death of an employee or insured which contain a specific exclusion for alcohol-related injuries.
>
> Response: Bankers objects to Request for Admissions No. 11 to the extent that it seeks information that is irrelevant to and/or outside the scope of claims raised in the context of an ERISA-governed plan. Bankers further objects to Request for Admissions No. 11 because it seeks information that is irrelevant to and/or outside the scope of coverage provided by the Johnson & Johnson employee benefit plan.

A.  Because Plaintiff's CUPTA and CUIPA Claims are Pre-Empted by ERISA, Plaintiff's Requests for Admissions are Irrelevant.

Plaintiff's requests in issue are addressed to Bankers' accident insurance policies outside of the scope of ERISA. Plaintiff is not entitled to discovery regarding "other similar policies which specifically excluded alcohol-related injuries at the same time the Plaintiff's decedent held his policy" (Pb 6). That inquiry is irrelevant to this case brought pursuant to ERISA. Bankers objects to these admissions because Plaintiff's CUIPA and CUPTA claims are preempted by ERISA. As more fully set forth in Bankers' memorandum in support of motion to dismiss the Amended Complaint, ERISA expressly preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144 (a); Kentucky Ass'n of Health Plans, Inc. v. Miller, 588 U.S. __, 123 S.Ct. 1471, 1474, 155 L.Ed.2d 468 (2003) ("Miller"); Rush

4

Prudential HMO, Inc. v. Moran, 536 U.S. 355, 364, 122 S.Ct. 2151, 2158, 153 L.Ed.2d 375 (2000).

Although ERISA contains a "savings clause," exempting from preemption state laws that regulate insurance, see 29 U.S.C. § 144(b)(2)(A), neither CUIPA nor CUPTA meet the test for exempting a state law from preemption, to wit: (1) the law must be specifically directed towards entities engaged in insurance; and (2) the law must substantially affect the "risk pooling arrangement" between the insurer and the insured. Miller, 123 S.Ct. at 1479. Unless both prongs are satisfied, the statute is preempted. Id.

Under Miller, Plaintiff's CUPTA claim is preempted by ERISA because it fails the first requirement – CUPTA is not "specifically directed towards entities engaged in insurance." Rather, CUPTA prohibits unfair trade practices in the conduct of any business:

> a.  No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

Conn. Gen. Stats. § 42-111b. As a result, CUPTA also fails the second Miller requirement – because it is not specifically directed as insurers, it does not substantially affect any risk pooling arrangement.

Unlike CUPTA, CUIPA is directed towards "entities engaged in insurance." But CUIPA is preempted by ERISA because it fails the second Miller requirement – CUIPA does not affect any risk pooling arrangement. See Miller, 123 S.Ct. at 1479. CUIPA is a penal statute, imposing damages upon an insurer as punishment including "[p]ayment of a monetary penalty . . . for each and every act or violation." Conn. Gen. Stat. § 38a-817 (emphasis added). Laws like CUIPA that punish insurers for actions against insureds

"d[o] not effect a spreading of policyholder risk." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 50, 52-54 (1987).

Bankers objects to the admissions in issue because Plaintiff cannot state a claim under CUIPA and CUPTA. Plaintiff has no private cause of action under CUIPA. See Martin v. American Equity Ins. Co., 185 F.Supp.2d 162, 166 (D.Conn. 2002) (dismissing plaintiff's CUIPA claim pursuant to Fed.R.Civ.P. 12(b)(6)) (relying upon Lander v. Hartford Life Annuity Ins. Co., 251 F.3d 101, 119, n.7 (2d Cir. 2001)).

Plaintiff's sole ground for each of his CUIPA claim and his CUPTA claim is Bankers' "refus[al] to make payment in accordance with the policy." Complaint, Second Count, ¶ 9; Third Count, ¶ 12. A single denial of coverage is insufficient to establish a CUIPA violation. The Connecticut "legislature has manifested a clear intent to remove from coverage under CUIPA isolated incidents of insurer misconduct." Lees v. Middlesex Ins. Co., 229 Conn. 842, 849 (1994)(holding that "the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a 'general business practice' as required by 38a-816(b)."). The single denial of coverage alleged by Plaintiff cannot establish a "general business practice" under CUIPA.

Similarly, Plaintiff's CUTPA claim based on CUIPA violations cannot be based on a single denial of a claim. Lees, 229 Conn. at 842 ("defendant's alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a 'general business practice'.") (emphasis added); see also Martin, 185 F.Supp.2d at 167-68 (dismissing plaintiff's CUTPA count for failing to allege "sufficient facts" to support

6

the conclusory allegation that insurer practiced unfair claims settlement practices in derogation of CUIPA); Quimbly v. Kimberly Clark Corp., 28 Conn. App. 660, 661 (1992)(holding that for a plaintiff to allege a CUTPA claim based on CUIPA violations, plaintiff must allege more than a singular failure to settle plaintiff's claims fairly, and must allege that defendant has committed alleged wrongful acts with such frequency as to indicate a "general business practice").

A CUTPA claim based upon a CUIPA violation requires proof that the insurer acted "with such frequency as to indicate a general business practice," and, where the facts alleged are insufficient to satisfy that requirement of CUIPA, "the plaintiff's CUPTA claim [cannot] survive the failure of her CUIPA claim." Lees, 229 Conn. at 849-50.

B.  The Requests for Admission in Issue are Irrelevant to Plaintiff's ERISA Claim.

The scope of discovery on an ERISA claim is narrow and limited to the plan in issue, specifically, to the administrative record before the plan administrator and, in cases in which the review of the administrator's decision is de novo, the administrator's conflict of interest. See Liston v. UNUM Corporation Officer Severance Plan, 330 F.3d 19, 25-26 (1st Cir. 2003); Winters v. UNUM Life Insurance Company of America, 232 F.Supp.2d 918, 920-21 (W.D. Wisc. 2002); see also Lake v. Hartford Life and Accident Ins. Co., __ F.R.D. __, 2003 WL 22300531 (M.D. Fla. 2003)(plaintiff is entitled to conduct discovery as to all facts known to the administrator at the time its decision was made).

By requesting admissions regarding Bankers' denials of coverage other than under the Plan and Policy, Plaintiff exceeds the limits of the inquiry into past practices under the Plan and the Policy as permitted by law.

"Whether discovery [is] warranted depends in part on if and in what respect *it matters* whether others were treated better than [Glynn] . . . the central issue must always be what the plan promised to [the Decedent] and whether the plan delivered." Liston, 330 F.3d at 25 (emphasis added). Here, the issue is whether Bankers as plan administrator inconsistently interpreted the provisions of the J&J plan. See Potter, 992 F.Supp. at 726. It matters not whether Bankers paid benefits under non-J&J policies for accidental deaths resulting from driving while intoxicated (Request No. 1), or under policies not governed by ERISA (Request No. 2), or whether Bankers issued non-ERISA, non-J&J plan policies that contained a specific alcohol exclusion (Request No. 11). Regardless of the response to the admission, the subject of each request for admission has no application whatsoever to the Plaintiff's sole viable claim – his ERISA claim.

Furthermore, federal courts uniformly limit inquiry to the ERISA plan and policy in issue. See, e.g., Moench v. Robertson, 62 F.3d 553, 567 (3d Cir. 1995) (limiting scrutiny of past practices to the plan documents at issue in the case and finding that they had not been interpreted consistently); Cooper Tire & Rubber v. St. Paul Fire & Marine, 48 F.3d 365, 371 (8th Cir. 1995) (limiting its scrutiny to the plan in issue, the Court found that "there is evidence that Cooper Tire has interpreted the subrogation provision [of the plan in issue] inconsistently"); Finley v. Special Agents Mut. Ben. Ass'n, 957 F.2d 617, 621 (8th Cir. 1992) (limiting its scrutiny to the plan in issue, and finding that "[t]here is no suggestion that the SAMBA board has not consistently interpreted [the term]

8

'confrontational situation'"); <u>McCall v. Metropolitan Life Ins. Co.</u>, 956 F.Supp. 1172, 1183 (D.N.J. 1996) (declaring that "scrutiny is confined to the provisions of the Plan" and that the issue is "whether the <u>plan</u> administrator interpreted the provision in question consistently") (emphasis supplied).

Accordingly, Bankers' responses to Requests for Admissions 1, 2 and 11 are legally sufficient.

## CONCLUSION

Because Plaintiff's state court claims are preempted by ERISA, making the admissions in issue irrelevant, Bankers' responses are sufficient. Bankers respectfully requests that this Court deny Plaintiff's motion in its entirety.

        THE DEFENDANT
        BANKERS LIFE AND CASUALTY
        COMPANY

        BY_____
        John T. Shaban, ct14075
        Maciej A. Piatkowski, ct21555
        Whitman Breed Abbott & Morgan LLC
        100 Field Point Rd.
        Greenwich, CT 06830
        203-869-3800 (telephone)
        203-869-1951 (facsimile)
        jshaban@wbamct.com
        mpiatkowski@wbamct.com

        and

        Andrew Muscato ct15073
        Skadden Arps, Slate, Meager &
        Flom LLP
        One Newark Center
        Newark, New Jersey 07102
        973-639-6817 (telephone)
        973-848-0878 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent via fax & first class mail, postage prepaid, this the 10th of November 2003 to:

Everett H. Madin, Jr., Esq.
RisCassi and Davis, P.C.
131 Oak Street
P.O. Box 261557
Hartford, CT 06126-1557

_____
John T. Shaban