UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------------------------x
                                                 :
PHILIP GLYNN,                                    :     CIVIL NO. 3-02CV1802 (AVC)
                                                 :
        Plaintiff,                               :
                                                 :
                                                 :
                                                 :
                                                 :
BANKERS LIFE AND CASUALTY CO.,                   :
                                                 :
        Defendant.                               :     NOVEMBER 24, 2003
-------------------------------------------------x
```

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. Pro. 12(b)(6) and L.Civ.R. 7(d), defendant Bankers Life and Casualty Company ("Bankers") respectfully submits the within reply memorandum of law in further support of its motion to dismiss the Second and Third Counts of plaintiff's second amended Complaint (the "Complaint") for failure to state a claim upon which relief can be granted.[1]

Plaintiff's CUIPA and CUTPA claims should be dismissed because those state law claims are preempted by ERISA, and a single denial of coverage is not a "business practice" under CUTPA and CUIPA.

In the interim between the filing of Bankers' motion to dismiss and today's date, Plaintiff has filed yet another motion to amend his Complaint. That motion would amend

---

[1] The Second Count asserts a violation of The Connecticut Unfair Insurance Practices Act, Conn. Gen Stat. §38-815 *et seq*. ( "CUIPA"); and the Third Count asserts a violation of The Connecticut Unfair Trade Practices Act, Conn. Gen Stat. §41 -110b *et seq.* ("CUTPA").

the First Count of his Complaint wherein he asserts claims for violations of the Employment Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.* That Count is not at issue in this motion. Therefore, Bankers respectfully requests that this Court consider this motion as a motion to dismiss Plaintiff's Second Amended Complaint if the Court permits Plaintiff to again amend his Complaint.

## ARGUMENT

### I. IT IS WELL-SETTLED IN THIS CIRCUIT AND DISTRICT THAT PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY ERISA

Plaintiff has failed to demonstrate why this Court should overrule its well-settled law and hold that his state law claims are not preempted by ERISA.

Plaintiff is not correct when he asserts that "[t]here is no appellate authority as to whether a state law CUIPA or CUTPA claim falls under ERISA's 'savings clause.'" (See Pb[2] 7). In DeGrooth v. General Dynamics Corporation, the Court of Appeals for the Second Circuit affirmed the holding of this Court that ERISA preempts claims asserted under CUTPA. DeGrooth v. General Dynamics Corporation, 837 F. Supp. 485, 489-80 (D. Conn. 1993), aff'd 28 F.3d 103 (2d Cir. 1994). That decision is binding precedent on Bankers' motion to dismiss Plaintiff's CUTPA and CUIPA claims as preempted by ERISA.

Furthermore, Plaintiff acknowledges the existence of a line of District of Connecticut decisions all of which hold that ERISA preempts CUIPA and CUTPA claims. See Pb 7-8, and Pb 8 n.5.

---

[2] Plaintiff's Opposition to Defendant's Motion to Dismiss is referred to herein as "Pb."

ORAL ARGUMENT REQUESTED                2

The only Connecticut state court decision that Plaintiff cites may be distinguished on the facts. See Collins v. Anthem Health Plans, Inc., Judicial District of Waterbury at Waterbury, Complex Litigation Docket, No. CV99 0151985 (July 8, 2003, Hodgson, J)(attached as Exhibit 14 to Pb). Plaintiff plucked from a 13-page decision a single line in support of his argument that this Court should overrule well-established precedent of this circuit and district.

But in Collins, there was no statutory state law in issue. Specifically, there was no issue before the court regarding the preemption of CUIPA and CUTPA claims. To the contrary, the court dealt with the defendant's argument that the plaintiffs' state contractual law claims were preempted by ERISA. 3  See Plaintiff's Exhibit 14 at pp 4-6. The Collins court denied the defendant's motion for summary judgment on the ground, *inter alia*, that the defendant failed to establish that ERISA applied to the claim – "the defendant has merely assumed as a fact but has not established by submission of competent evidence that all of the patients whom the plaintiffs treat pursuant to their agreement are members of an employee health benefits plan rather than direct purchasers of insurance from the defendant." Plaintiff's Exhibit 14 at 5-6 (emphasis added).

Furthermore, the issue of CUIPA and CUTPA preemption is not a matter of state law. As a matter of federal law, this Court should be directed by the Collins decision and the long line of District of Connecticut holdings that ERISA preempts CUIPA and CUTPA claims. Cf. Axa Marine and Aviation Ins. (UK) Limited v. Seajet Industries, Inc., 84 F.3d 622, 626 (2d Cir. 1996)(where a state's highest court has not addressed the

---

3   Those state contractual claims were "claims of breach of contract [for] 'fail[ure] to pay for services,' 'arbitrarily denying payment for services,' and 'fail[ure] to adequately communicate [policies and procedures] to Plaintiffs.'" Plaintiff's Exhibit 14 at 4.

issue, the district court should consider the decisions of federal courts that construed the state statute).

Accordingly, Plaintiff has failed to establish a basis upon which this Court would overrule binding precedent holding that his CUIPA and CUTPA counts should be dismissed.

**II.   PLAINTIFF HAS FAILED TO DEMONSTRATE THAT HIS CUTPA AND CUIPA CLAIMS ARE BASED UPON MORE THAN ONE DENIAL OF ONE CLAIM**

Despite his claim that he alleged violations as to "the plaintiff and others" (Pb 19), Plaintiff does not name "the others" nor are "the others" named as plaintiffs. Accordingly, Plaintiff has failed to allege more than a single violation – a single denial of coverage to him.

It is well-settled that CUTPA claims based on CUIPA violations must be based on more than a single denial of a claim. Lees v. Middlesex Inc. Co., 229 Conn. 842, 849 (1994) ("defendant's alleged improper conduct in the handling of a *single* insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a 'general business practice'.") (emphasis added); see also Martin v. American Equity Ins. Co., 185 F.Supp.2d 162, 167-68 (D. Conn. 2002)(dismissing plaintiff's CUTPA count for failing to allege "sufficient facts" to support the conclusory allegation that insurer practiced unfair claims settlement practices in derogation of CUIPA); Quimbly v. Kimberly Clark Corp., 28 Conn. App. 660, 661 (1992)(holding that for a plaintiff to allege a CUTPA claim based on CUIPA violations, plaintiff must allege more than a singular failure to settle plaintiff's claims

fairly, and must allege that defendant has committed alleged wrongful acts with such frequency as to indicate a "general business practice").

In the words of the Connecticut Supreme Court, a CUTPA claim based upon a CUIPA violation requires proof that the insurer acted "with such frequency as to indicate a general business practice"; and, where the facts alleged are insufficient to satisfy that requirement of CUIPA, "the plaintiff's CUPTA claim [cannot] survive the failure of her CUIPA claim." Lees, 229 Conn. at 849-50.

Even if Plaintiff were to have a private cause of action under CUIPA, which Bankers disputes, a single denial of coverage is insufficient to establish a CUIPA violation. The Connecticut Supreme Court acknowledges that "the legislature has manifested a clear intent to remove from coverage under CUIPA isolated incidents of insurer misconduct." Lees, 229 Conn. at 849. That court held that "the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a 'general business practice' as required by 38a-816(b)." Id. Here, plaintiff alleges a single denial of benefits. Complaint, Second Count, ¶ 19. This single denial cannot establish a "general business practice" under CUIPA.

Therefore, despite his protests, Plaintiff's entire claim derives from the singular event of Bankers' denial of his insurance claim. See Complaint, First Count, ¶ 6, Second Count, ¶ 9, Third Count, ¶ 12. Plaintiff failed to plead any other supporting factual allegations of wrongful acts towards others or improper business practices. Under Lees, Martin and Quimbly, plaintiff's CUTPA and CUIPA claims fail to state a cause of action upon which relief can be granted and should be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Second and Third Counts of Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

THE DEFENDANT
BANKERS LIFE AND CASUALTY COMPANY


BY_____
  John T. Shaban, ct14075
  Maciej A. Piatkowski, ct21555
  Whitman Breed Abbott & Morgan LLC
  100 Field Point Rd.
  Greenwich, CT 06830
  203-869-3800 (telephone)
  203-869-1951 (facsimile)
  jshaban@wbamct.com
  mpiatkowski@wbamct.com

    and

  Andrew Muscato ct15073
  Skadden Arps, Slate, Meager &
  Flom LLP
  One Newark Center
  Newark, New Jersey 07102
  973-639-6817 (telephone)
  973-848-0878 (facsimile)