UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PHILIP GLYNN,                    :
                                 :
     Plaintiff,                  :      CIVIL ACTION NO.:
                                 :      302CV1802 (AVC)
v.                               :
                                 :
BANKERS LIFE AND                 :
CASUALTY COMPANY,                :
                                 :
     Defendant                   :      DECEMBER 5, 2003

### PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

The plaintiff, Philip Glynn, submits this sur-reply to the defendant's Reply Memorandum of Law in Support of Defendant's Motion to Dismiss, and in further support of the plaintiff's previous objection to the defendant's Motion to Dismiss. The plaintiff objects for the reasons that ERISA does not preempt state law CUTPA and CUIPA counts, and because the plaintiff has pled his CUTPA and CUIPA claims sufficiently to survive a motion to dismiss.

First, the defendant asserts that there is appellate authority, which is "binding precedent," that the plaintiff's CUTPA and CUIPA claims are preempted. The defendant further asserts that "[p]laintiff is not correct when he asserts that 'there is no appellate authority as to whether a state law CUIPA or CUTPA claim falls under ERISA's 'savings clause'." *See*

1

Defendant's Reply Memorandum of Law in Support of Defendant's Motion to Dismiss, pg. 2. In fact, the plaintiff specifically addressed the case to which the defendant refers in a footnote of its earlier Memorandum of Law in support of his objection to the Motion to Dismiss. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, n.4. There, the plaintiff stated that in the *DeGrooth*[1] case, the court **did not even address** the argument of whether ERISA's savings clause applied:

> There is one Second Circuit Appellate level case that finds a plaintiff's CUTPA claim to be preempted under ERISA, however, **this claim was brought against the employer** who administered the self-funded plan, **and the plaintiff did not argue that ERISA's 'savings clause' applied**.

(emphasis added) *Id.* The defendant is mischaracterizing the "authority" of *DeGrooth* in its Reply. While the *DeGrooth* case does, in fact, hold the *DeGrooth* plaintiffs' CUTPA claim to be preempted by ERISA, the facts of that case are clearly distinguishable from those of the instant case. As stated earlier, the plaintiff in the *DeGrooth* case did not even make the argument that ERISA's savings clause applied. Because of this, the court's ruling did not even mention ERISA's savings clause. *See DeGrooth*, 837 F.Supp. 485. In addition, the plaintiffs' claims in *DeGrooth* were against their employer, **not** against an insurance company, as in the instant case.

---

[1] *DeGrooth v. General Dynamics Corp.*, 837 F.Supp. 485 (1993), *aff'd* 28 F.3d 103 (2d Cir. (Conn.) 1994), *cert.*

2

Further, the *DeGrooth* case was decided long before the United States Supreme Court began to contract the once-broad interpretation of ERISA's preemption clause. *See Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 364-5 (2002). ("[A]pplying the 'relate to' provision according to its terms was a project doomed to failure, since, as many a curbstone philosopher has observed, everything is related to everything else."); *DeBuono v. NYSA-ILA Medical Services Fund*, 520 U.S. 806, 813 (1997) (ERISA's 'relate to' language unequivocally does not modify "the starting presumption that Congress does not intend to supplant state law"). *See also* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, pgs. 3-6. In fact, the *DeGrooth* case was interpreting the very language that the Supreme Court has since limited the preemptive reach of. *Id.* Therefore, as a result of the recent United Sates Supreme Court developments, which have occurred after the decision in *DeGrooth*, as well as the clear differences in the facts and arguments of the two cases, *DeGrooth* does not dictate this court's decision as to the reach of ERISA's savings clause.[2]

---

*denied*, 513 U.S. 1043 (1994).
[2] The defendant also spends much time distinguishing the *Collins* case from the instant case. *See Collins v. Anthem Health Plans, Inc.*, Judicial District of Waterbury at Waterbury, Complex Litigation Docket, No. CV 99 0151985 (July 8, 2003, Hodgson, J.), attached as Exhibit 14 to Plaintiff's Memorandum of Law in Opposition to the Defendant's Motion to Dismiss. The plaintiff acknowledges that the *Collins* case differs from the instant case, and only cited this decision for its recognition of the fact that the Supreme Court has recently constricted the breadth of ERISA preemption, as stated in his original Memorandum of Law.

Secondly, the defendant asserts in its Reply that the plaintiff has failed to allege a valid CUTPA claim. *See* Defendant's Reply Memorandum of Law, pgs. 4-5. The plaintiff vigorously disputes this contention, as he has pled a valid CUTPA count. *See Meade v. Burns*, 199 Conn. 651 (1986). As the plaintiff has pointed out in his Memorandum of Law in Opposition to the Defendant's Motion to Dismiss, the Connecticut Appellate court has stated that "[u]nder the guidelines set forth in *Mead v. Burns*…for a plaintiff to allege CUIPA and CUTPA violations successfully the plaintiff must allege more than a singular failure to settle a plaintiff's claim fairly. **The plaintiff must allege that the defendant committed the alleged wrongful acts with such frequency as to indicate a general business practice**." (emphasis added) *Quimby v. Kimberly Clark*, 28 Conn. App. 660, 672 (1992). The plaintiff's CUTPA claim is replete with language indicating that the defendant had a "general business practice" of performing the violations alleged. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, pgs. 18-22. In fact, the plaintiff also cites numerous trial courts that have allowed claims which meet the requirement stated by the Supreme Court by alleging a "general business practice." *Id* at 21-2. Further, the plaintiff also consistently references in his complaint that other insureds were also the subject of these violations. *Id.* at 18-22. The plaintiff has sufficiently pled his CUTPA claim, as more fully described in his

4

original Memorandum of Law, therefore, dismissing his CUTPA count for this reason would be improper.

**CONCLUSION**

For all of the foregoing reasons, and those more fully expressed in the plaintiff's previous Memorandum of Law, the plaintiff respectfully requests that the court deny the defendant's Motion to Dismiss.

PLAINTIFF,

By_____
Everett H. Madin, Jr.
RISCASSI & DAVIS, P.C.
131 Oak Street
Hartford, CT 06106
Phone: (860) 522-1196
Fed. Bar. No. CT 12297

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Memorandum of Law in Opposition to Defendant's Motion to Dismiss was sent via first class mail, postage prepaid, this 5th day of December, 2003, to the following:

John T. Shaban, Esq.
Maciej A. Piatkowski
Whitman Breed Abbott & Morgan LLC
100 Field Point Road
Greenwich, CT 06830

Katherine Creenan, Esq.
Skadden Arps, Slate, Meager & Flom LLP
One Newark Center
Newark, NJ 07102

_____
Everett H. Madin, Jr.

6