FILED

ZCO3 JUL -8 P 1: 25

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PHILIP GLYNN,
Plaintiff,

v.

Civil No. 3:02CV1802 (AVC)

BANKERS LIFE AND CASUALTY
COMPANY,
Defendant

JULY 7, 2003

3:02CV1802(AVC). January 23, 2004. For the reasons that hereinafter follow, the plaintiff's motion to compel (document no. 32) is DENIED without prejudice. On July 7, 2003, the plaintiff filed the within motion to compel. At the time the motion to compel was filed, the operative complaint alleged causes of action based on the Connecticut Unfair Insurance Practice Act ("CUIPA"), the Connecticut Unfair Trade Practice Act ("CUTPA"), and common law tenets concerning breach of contract and bad faith. On July 18, 2003, the plaintiff amended his complaint by withdrawing his causes of action based on breach of contract and bad faith and adding a cause of action brought pursuant to the Employment Retirement Security Act of 1974 ("ERISA"). Consequently, the July 18, 2003, complaint alleged causes of action brought pursuant to ERISA, CUIPA, and CUTPA. On November 3, 2003, the defendant filed a motion to dismiss the CUIPA and CUTPA causes of action. On December 11, 2003, this court granted the defendant's motion to dismiss. Therefore, at this time, only the ERISA cause of action is still pending before this court. Of course, at the time that the original discovery was propounded on the defendant there was no ERISA cause of action. Moreover, at the time that the motion to compel was filed, there was no ERISA cause of action and thus the plaintiff's filing does not indicate whether the material sought would be relevant to its ERISA claim. Accordingly, inasmuch as the plaintiff's motion to compel seeks the discovery of material that relates only to causes of actions and defenses that have either been withdrawn or dismissed by this court, the plaintiff's motion to compel (document no. 32) is DENIED without prejudice. The plaintiff may re-file his motion to compel in accordance with Local Rule 37, if necessary, provided the discovery sought is relevant to his new cause of action.
SO ORDERED.