UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PHILIP GLYNN,                              :
                                           :
                    Plaintiff,             :    CIVIL ACTION NO.:
                                           :    02-CV-1802 (AVC)
        v.                                 :
                                           :
BANKERS LIFE AND CASUALTY                  :
COMPANY,                                   :
                                           :
                    Defendant.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x    February  4, 2004


## ANSWER TO AMENDED COMPLAINT

Defendant Bankers Life & Casualty Company ("Bankers"), by way of Answer to the

Amended Complaint, says:

## FIRST COUNT: CONTRACT

1.      Bankers admits that this action is governed by the Employment Retirement

Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and denies the remainder of the

allegations contained in Paragraph 1 and leaves Plaintiff to his proofs.

2.      Bankers admits that Philip Glynn was designated as the primary beneficiary as a

parent under Insurance Policy No. SR84001 issued by Bankers to the decedent's employer,

Johnson & Johnson, and denies the remainder of the allegations contained in Paragraph 2 and

leaves Plaintiff to his proofs.

3.      Bankers admits that were the Plaintiff's decedent to die as the result of an accident

in accordance with the terms of the policy, said policy would provide benefits, and Bankers

denies the remainder of the allegations contained in Paragraph 3 and leaves Plaintiff to his

proofs.

4.    Bankers admits that it administered the policy and is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 4 and leaves Plaintiff to his proofs.

5.    Bankers denies the allegations contained in Paragraph 5 and admits that the Certificate of Death stated in Part 1, that the "death was caused by . . . immediate cause (a) head injuries" and "other significant conditions contributing to death but not related to cause given in Part (1)" was "ethanol intoxication."  Said Certificate also states under Line 33 which is labeled "Accident, Suicide, Homicide or Undetermined," the response, "Accident."  Bankers refers to the Certificate of Death dated June 11, 2001 as amended on July 10, 2001 for a full statement of the information contained therein.

6.    Bankers denies the allegations contained in Paragraph 6 and leaves Plaintiff to his proofs.

7.    Bankers denies the allegations contained in Paragraph 7 and leaves Plaintiff to his proofs.

8.    Bankers denies the allegations contained in Paragraph 8 and leaves Plaintiff to his proofs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

Any damage to Plaintiff's decedent was caused by recklessness, carelessness, and/or negligence of other person(s) over which Bankers had no control, and not by Bankers' actions.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Bankers incorporates by reference all defenses arising under Group Accident Policy No. SR84,001B and the Johnson & Johnson Employee Benefit Plan.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the death of the decedent was not accidental.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the death of Plaintiff's decedent resulted from decedent's driving while intoxicated.

## EIGHTH AFFIRMATIVE DEFENSE

As policy administrator with discretion to determine eligibility for benefits, Bankers' determination that Plaintiff's decedent was not covered by the insurance policy was proper and should be accorded deference.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's demand for attorneys' fees, costs and punitive damages are barred as a matter of law.

DEFENDANT
BANKERS LIFE AND CASUALTY
COMPANY


By:_____

    JOHN T. SHABAN
    Federal Bar No. ct14075
    33 Riverside Avenue
    P.O. Box 5116
    Westport, Connecticut 06881
    Telephone: (203) 222-0885
    Facsimile: (203) 226-8025

    OF COUNSEL
    ANDREW MUSCATO
    SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
    One Newark Center
    Newark, NJ 07102

<u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

Pursuant to Local Civil Rule 11.2, I hereby certify that the within action is not the subject of any other action pending in any Court, or of any pending arbitration or administrative proceeding.

_____
John T. Shaban


<u>CERTIFICATION</u>

This is to certify that a true and correct copy of the foregoing Answer to Complaint was mailed via First Class Mail, postage pre-paid on this the 4th day of February, 2004, to the following counsel of record:

    Everett H. Madin, Jr.
    Riscassi and Davis, P.C.
    131 Oak Street
    Hartford, CT 06106

    Counsel for Plaintiff Philip Glynn

_____
John T. Shaban