UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PHILIP GLYNN,
Plaintiff,

v.

BANKERS LIFE AND CASUALTY
COMPANY,
Defendant

Civil No. 3:02CV1802 (AVC)

FEBRUARY 17, 2004

## MOTION TO COMPEL DISCOVERY
## PURSUANT TO LOCAL RULE 37 OF THE RULES OF CIVIL PROCEDURE

Pursuant to Local Rule 37 of the Rules of Civil Procedure and this Court's Order dated January 23, 2004, the plaintiff respectfully requests an order compelling the defendant to answer interrogatories and comply with production requests. The subject matter of this motion to compel is the plaintiff's First Set of Interrogatories and Requests for Production dated March 18, 2003. A memorandum accompanies this motion as well as an affidavit indicating that plaintiff's counsel has conferred with counsel for the defendant in a good faith effort to resolve the defendant's objections.

PLAINTIFF,

BY _____
Everett H. Madin, Jr.
Federal Bar No: CT12297
RisCassi and Davis, P.C.
131 Oak Street
Hartford, CT 06106
Ph: 860-522-1196
Fax: 860-246-5847

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing motion was mailed via First Class Mail, postage pre-paid, on this 17th day of February, 2004 to the following counsel of record:

John Shaban, Esq.
Whitman, Breed, Abbott & Morgan
100 Field Point Road
P O Box 2250
Greenwich, CT 06830

Andrew Muscato, Esquire
Skadden, Arps, Slate, Meagher, & Flom, LLP
One Newark Center
Newark, NJ 07102

_____
Everett H. Madin, Jr.

## **ORDER**

Upon the foregoing motion and for good cause shown the same is hereby ORDERED:

    Granted    /    Denied

BY THE COURT,

_____ Judge/Clerk

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| PHILIP GLYNN, : | |
| Plaintiff, : | |
| : | |
| v. : | Civil No. 3:02CV1802 (AVC) |
| : | |
| BANKERS LIFE AND CASUALTY : | |
| COMPANY, : | |
| Defendant : | FEBRUARY 17, 2004 |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

**I.   FACTS AND PROCEDURAL HISTORY**

On June 8, 2001, the plaintiff's decedent was killed in an automobile accident in Bristol, Connecticut. At the time of the accident, the plaintiff's decedent was insured pursuant to an insurance policy issued by the defendant, Bankers Life & Casualty Company. The insurance policy was provided to Mr. Glynn through his employment with Johnson & Johnson. Thereafter, Philip Glynn, who is the elderly father of the decedent, Peter Glynn, submitted a claim for benefits provided by the policy. In March of 2002, the claim was denied by Robert Krol, Special Risk Benefit Representative of the defendant and Patricia Kolomitz, Second Vice President of the defendant. The defendant denied the claim on the basis that alcohol was involved in a motor vehicle accident.

Subsequently, on April 30, 2002, the plaintiff requested an appeal of that decision. Thereafter, the appeal was also denied and the plaintiff brought suit in Connecticut Superior Court in the Hartford Judicial District on September 10, 2002.

The defendant filed a Notice of Removal on October 10, 2002 and the matter was removed to the United States District Court for the District of Connecticut.

On March 18, 2003, the plaintiff filed interrogatories and requests for production. On April 16, 2003, the defendant moved for an extension of time to respond or object to the discovery requests.

On May 16, 2003, the defendant finally responded to plaintiff's interrogatories and requests for production by answering only three of the thirty-seven interrogatories without objection and by providing no documents in response to the plaintiff's twenty-two requests for production. The plaintiff's discovery requests and the defendant's objections are attached as Exhibit 1.

In an effort to resolve the discovery differences, counsel for the plaintiff sent a letter by fax on May 21, 2003 (attached as Exhibit 2) to counsel for the defendant setting forth the plaintiff's reasoning behind the discovery requests. Following that letter, there were approximately 3 telephone conversations between the counsel, but none of the conversations resolved any of the outstanding discovery issues.

The plaintiff filed a Motion to Compel on July 7, 2003, requesting that the Court require the defendant respond to the outstanding discovery. Prior to this Motion being

ruled upon, the plaintiff amended his complaint, deleting his causes of action for breach of contract and bad faith, and adding an ERISA count. The defendant filed a Motion to Dismiss the CUTPA and CUIPA, which was granted by this Court on December 11, 2003.

On January 23, 2004, the Court denied the plaintiff's Motion to Compel, without prejudice. The Court denied this Motion for the reason that the plaintiff's current ERISA count was not part of the initial complaint at the time the plaintiff filed his Motion to Compel. The court specifically stated that "[t]he plaintiff may re-file his motion to compel in accordance with Local Rule 37, if necessary, provided the discovery sought is relevant to his ERISA cause of action."

Accordingly, the plaintiff now moves for a Motion to Compel Discovery so that the entire case may move ahead.

## II.   LISTING OF EACH OF THE ITEMS OF DISCOVERY IN DISPUTE

The defendant has raised objections to interrogatories 1, 2, 5, 7 - 11 and 13 - 37. In addition, the defendant has objected to request for production numbers 1 - 22. In other words, the defendant has objected to every interrogatory except for numbers 3, 4 and 6 and every single request for production. With regard to these discovery disputes, it is possible to group the items into categories.

The first category would be answers to interrogatories to which the defendant has objected but, nevertheless, answered incompletely while still asserting its objections. It is the plaintiff's position that the defendant should be compelled to provide full, non-evasive answers to these interrogatories. The following interrogatories fall into this category:

Interrogatory Numbers 2, 5, 7, 13 - 16, 21 - 25, 28, 29, and 35 – 37.

The next grouping of discovery disputes involves interrogatories to which the defendant has raised objections and has not provided even a limited response. The following interrogatories fall into this category:

Interrogatory numbers 8, - 11, 17 - 20, 26, 27, and 30 - 33.

Specifically, plaintiff's interrogatory numbers 13 –29 seek the factual and legal bases for the defendant's multiple special defenses. Such requests are within the scope of discovery and are reasonably calculated to lead to the discovery of admissible evidence. Indeed, this discovery is essential to the orderly prosecution of this case.

The defendant must be presumed to have had a good faith reason for setting forth nine (9) affirmative defenses in this very uncomplicated case. The plaintiff is entitled to learn the factual and legal bases for this long list of affirmative defenses.

Accordingly, the defendant should be compelled to respond.

*Interrogatory #2*

In this interrogatory, the plaintiff requests that the defendant provide "the *specific* reasons for the denial of the payment of policy SR 84001." (emphasis added) *See* Interrogatories and Requests for Production, Exhibit 1. The defendant objects to this interrogatory, "on the grounds that it is confusing, vague and ambiguous," then states that "the Policy is an accidental policy, it covers injuries and deaths from accidents, death benefits are paid if the death was accidental, and death while driving legally intoxicated is not an accident under the policy." *Id.* The defendant objects to the interrogatory, while providing a conclusory statement in response. The defendant does not state specifically why the policy was not paid, just simply that they have interpreted the policy not to cover certain types of crashes. The defendant cites no provision of the policy. Further, the interrogatory is far from vague, ambiguous or confusing.

*Interrogatories #5 & 7*

The defendant objects to these interrogatories, in that they are "confusing, vague and ambiguous." To the contrary, these interrogatories clearly request that the defendant state whether any of the people involved in the decision to deny the policy were opposed to the denial of the policy at any time during any discussions of whether or not to pay the claim. The plaintiff further clarified, by letter to defense counsel, that this interrogatory was requesting "whether anyone, at any time, believed the claim should be paid." *See* Exhibit 2. If the interrogatory was not clear to begin with, as the defendant contends, it certainly couldn't be much clearer after the written clarification. The defendant should be forced to withdraw its objection and answer.

*Interrogatories # 8-11*

In response to the plaintiff's Interrogatories # 8-11, the defendant states that "Bankers' objections to these interrogatories are based on clear federal precedent which demonstrates that plaintiff's interrogatories seek information that is irrelevant to and/or not permissible in the present ERISA action." *See* Exhibit 1. The defendant then proceeds to cite a string of federal cases, attempting to prove that when an ERISA plan grants the administrator the discretion to determine eligibility for benefits, the Court should review this decision under an "arbitrary and capricious" standard. *Id.* The defendant comes to the conclusion that it has discretion under the plan, however, nothing that the defendant has provided to the plaintiff supports this conclusion. Nowhere in the

documents that the plaintiff has obtained does the plan give the defendant discretion to deny a claim. The defendant was providing the plaintiff's decedent with an insurance policy. If the facts of the plaintiff's decedent are such that they are covered by the language of this insurance policy, than Bankers must pay. Bankers does not have discretion, to the plaintiff's knowledge. If Bankers <u>does</u> have discretion, it should be forced to provide the plaintiff with documentation of this fact; however, as pointed out below, the defendant has not provided the plaintiff with one shred of paper in response to his Requests for Production.

At issue in this case is the defendant's interpretation of the insurance policy. If the defendant has either denied or paid policies under factually similar circumstances, this will go to the heart of the issue in this case. It is the defendant's denial of the policy that is at issue, and if the defendant has acted differently in other cases under similar circumstances, this is clearly relevant.

Further, if the defendant inserted specific language excluding alcohol related deaths in other policies issued at or around the same time as the policy held by the plaintiff's decedent, this indicates that the policy at issue covered alcohol related deaths, as this was not a specific exclusion in the plaintiff's decedent's policy. This information should be available to the plaintiff under the rules of discovery.

In addition, interrogatory numbers 10 and 11 address a core issue in this case: whether the specific language of the policy at issue here adequately expresses the intent

of the defendant in drafting the policy? In other words, evidence of other policies in which the defendant has specifically excluded alcohol-related deaths will be highly relevant to the meaning of this policy, which makes no such exclusion.

*Interrogatories # 13-29*

These interrogatories seek information regarding Bankers' affirmative defenses. For each affirmative defense that the defendant pleads, the plaintiff requests that the defendant provide the legal and factual basis. As has already been asserted in the letter to defendant's counsel, the plaintiff is entitled to understand the defendant's position, including the factual and legal bases of the defenses.

*Interrogatories # 30-32*

The plaintiff asks the defendant for information about any lawsuits and investigations alleging that the defendant failed to pay a claim within the last ten years. The plaintiff asserts that he is entitled to this information, for the same reasons as he entitled to responses to Interrogatories # 8-11. In addition, the plaintiff maintains that these interrogatories are not "overbroad and unduly burdensome," nor are they "confusing, vague [or] ambiguous."

*Interrogatories # 35-37*

The plaintiff requests information in the defendant's possession regarding the location and condition of the area where Philip Glynn was killed. The fact that Bankers was not on the scene at the time of the crash is irrelevant. If the defendant has information regarding any of the plaintiff's questions, it should be compelled to disclose this information to the plaintiff.

*Requests For Production*

Similar to the objections to the interrogatories, the defendant has objected to all of the plaintiff's Requests for Production. The defendant claims that it will produce any "responsive and non-privileged documents," yet quantifies any production with the objection that these requests are "overbroad" and that they "seek privileged and/or irrelevant material." *See* Defendant's Responses to Requests for Production, Exhibit 1. For the same reasons that the defendant is required to answer the above interrogatories, it should also be required to produce documents responding to the plaintiff's requests. To date, the defendant has not produced one piece of paper in response to any of the Requests to Produce. Further, the defendant has claimed that some material is privileged. To the extent that the defendant raises claims of privilege, it has failed to provide a privilege log as required by L.Civ.R. 9(d).

The plaintiffs respectfully request that the Court end defendant's delay tactics and require that they provide the plaintiff with appropriate discovery.

## III. CONCLUSION

Accordingly, for all of the above reasons, the plaintiff respectfully requests an order from the Court compelling the defendant to fully respond to the plaintiff's discovery requests.

        PLAINTIFF,

BY_____
        Everett H. Madin, Jr.
        Federal Bar No: CT12297
        RisCassi and Davis, P.C.
        131 Oak Street
        Hartford, CT 06106
        Ph:  860-522-1196
        Fax: 860-246-5847

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing memorandum was mailed via First Class Mail, postage pre-paid, on this 17th day of February, 2004 to the following counsel of record:

John Shaban, Esq.
Whitman, Breed, Abbott & Morgan
100 Field Point Road
P O Box 2250
Greenwich, CT 06830

Andrew Muscato, Esquire
Skadden, Arps, Slate, Meagher, & Flom, LLP
One Newark Center
Newark, NJ 07102

_____
Everett H. Madin, Jr.

## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

PHILIP GLYNN,
Plaintiff,

v.                                              Civil No. 3:02CV1802 (AVC)

BANKERS LIFE AND CASUALTY
COMPANY,
Defendant                                       FEBRUARY 17, 2004

## AFFIDAVIT

I, Everett H. Madin, Jr., being duly sworn, hereby depose and say that:

1. I am more than eighteen (18) years of age;

2. I believe in the honor and sanctity of an oath;

3. I represent the plaintiff in the above-captioned matter;

4. The undersigned has communicated with defense counsel, once by letter dated 5/21/03 and a couple of times by telephone, and has not been able to reach any agreement regarding the objections to the discovery requests.

_____
Everett H. Madin, Jr.

STATE OF CONNECTICUT:
                                        ss. Hartford, Connecticut
COUNTY OF HARTFORD

    Personally appeared before me, Everett H. Madin, Jr., and acknowledged the truth of the foregoing on February 17, 2004.

                                                     Douglas W. Hammond
                                                    Commissioner of the Superior Court