# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - x
PHILIP GLYNN,                  :
                               :
            Plaintiff,         :  CIVIL ACTION NO.:
                               :  302CV1802AVC
      v.                       :
                               :  **DEFENDANT BANKERS LIFE**
BANKERS LIFE AND CASUALTY      :  **& CASUALTY COMPANY'S**
COMPANY,                       :  **RESPONSES TO PLAINTIFF'S**
                               :  **INTERROGATORIES AND**
            Defendant.         :  **REQUEST FOR PRODUCTION**
- - - - - - - - - - - - - - - x

TO:   William R. Davis, Esq.
      Riscassi and Davis, P.C.
      131 Oak Street
      Hartford, CT 06106
      Attorneys for Plaintiffs

COUNSEL:

      Pursuant to Fed.R.Civ.P. 33, Defendant Bankers Life & Casualty Company ("Bankers") hereby provides the following responses to Plaintiffs' Interrogatories and Request for Production.

      Bankers, in providing these responses and objections to the Interrogatories and Request for Production, does not in any way waive or intend to waive, but rather intend to preserve and are preserving, all objections as to competency, relevancy,

materiality and admissibility of the Interrogatories or subject matter thereof; and all rights to object to the use of any said responses, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action. Bankers reserves the right to supplement or amend these responses or to supply additional documents if further information becomes available in the course of its diligent inquiry, through discovery, or otherwise. These responses should not be construed as, and do not constitute, a waiver of Bankers' right to prove additional facts at trial.

## DEFINITIONS

1. The "decedent" means Peter Glynn.

2. The "Plan" means the Johnson & Johnson Employee Benefit Plan.

3. The "Policy" means Group Accident Policy No. SR 84001 issued by Bankers.

## ANSWERS TO INTERROGATORIES

1. Please state the following for each individual who has provided information or assisted in the answering of these interrogatories:

    a. full name;
    b. date of birth;
    c. full home address;
    d. full business address, employer name, and current occupation.

Answer:

Bankers objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege. Without waiving the aforesaid objection and subject to the aforesaid objection, Bankers states as follows:

Robert Krol, 12/25/47, Bankers Life & Casualty Co., 222 Merchandise Mart Plaza, Chicago, IL 60654

Patrick Kolometz, 8/06/49, Bankers Life & Casualty Co., 222 Merchandise Mart Plaza, Chicago, IL 60654

2. Please state the specific reasons for the denial of the payment of policy SR 84001.

Answer:

Bankers objects to this interrogatory on the grounds that it is confusing, vague and ambiguous. Without waiving the aforesaid objections, and subject to the aforesaid objections, Bankers states that the reasons for denying Plaintiff's claim under the Policy is that the Policy is an accidental policy, it covers injuries and deaths from accidents, death benefits are paid if the death was accidental, and death while driving legally intoxicated is not an accident under the Policy.

3. Please state the names and position titles of any people involved in making the decision to deny policy SR 84001.

Answer:

Robert Krol, Special Risk Benefit Representative

3

Patrick Kolometz, Second Vice President

4. For any people mentioned in the answer to Interrogatory No. 3, please state the following:

    a. the company by which each person was employed;
    b. how long each person has worked for the company;
    c. how long each person has been employed in their present position; and
    d. any other positions that each person has held within the company.

Answer:

Robert Krol, Bankers Life & Casualty, 32 years, 20 years current position, Group Claim Adjuster

Patrick Kolometz, Bankers Life & Casualty, 32 years, 8 years current position, Director, Manager, Special Risk Benefit Representative, Claim Adjuster

5. Please state whether any people listed in response to Interrogatory No. 3 opposed the denial of policy SR 84001, or were in favor of paying the claim, at any point during discussions of whether or not to deny the claim made under policy SR 84001.

Answer:

Bankers objects to this interrogatory on the grounds that it is confusing, vague and ambiguous. Without waiving the aforesaid objections, and subject to the aforesaid objections, Bankers states: No.

6. Please state the names and position titles for any supervisors who were in charge of authorizing the decision to deny policy SR 84001.

Answer:

See response to Interrogatory No. 3.

4

7. Please state whether the people listed in response to Interrogatory No. 6 opposed the denial of policy SR 84001, or were in favor of paying the claim, at any point during the discussions of whether or not to deny the claim made under policy SR 84001.

Answer:

Bankers objects to this interrogatory on the grounds that it is confusing, vague and ambiguous. Without waiving the aforesaid objections, and subject to the aforesaid objections, Bankers states: No.

8. With regards to the time period from January 1998 to the present, please state the number of accidental death and dismemberment policies, issued by Bankers Life and Casualty Company, which were denied for reasons substantially similar to the reasons indicated in your response(s) to these interrogatories and given for denying policy SR 84001.

Answer:

Bankers objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of evidence admissible in this action. Bankers further objects to this interrogatory on the ground that inquiry is limited to the Plan and Policy in issue. Bankers further objects because the field of insurance is regulated by state law, evidence of out-of-state conduct is irrelevant to this case, and this state has no legitimate interest in Bankers' out-of-state conduct. See *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. __, 123 S.Ct. 1513, __ L.Ed.2d __ (2003); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). Bankers further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Bankers further objects on the grounds that it is confusing, vague and ambiguous. Bankers further objects on the grounds that it may seek the production of confidential information, and it may violate the privacy rights of third parties, constituting information that should only be disclosed subject to a protective order.

5

9. For any policies identified in the above Interrogatory, please state the following:

a. the specific facts of the incident by which the insured was injured or killed;
b. the specific wording of the policy under which payment was denied;
c. the name and address of the insured;
d. the date of the denial;
e. the date of the incident by which the insured was injured or killed;
f. the specific reasons for denial of any policy listed.

Answer:
See response to Interrogatory No. 8.


10. Please state whether, from January 1998 to the present date, any accidental death and dismemberment or life insurance policies issued by Bankers Life and Casualty Company had language specifically excluding situations where in insured is injured or killed and where alcohol is involved.

Answer:
Bankers objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of evidence admissible in this action. Bankers further objects to this interrogatory on the ground that inquiry is limited to the Plan and the Policy in issue. Bankers further objects because the field of insurance is regulated by state law, evidence of out-of-state conduct is irrelevant to this case, and this state has no legitimate interest in Bankers' out-of-state conduct. See *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. __, 123 S.Ct. 1513, __ L.Ed.2d __ (2003); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). Bankers further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Bankers further objects on the grounds that it is confusing, vague and ambiguous.


11. Please state the specific policy language in any policies identified in the above Interrogatory.

6

Answer:
See response to Interrogatory No. 10.


12. Please state the approximate date that the decision was made to deny the claim made under policy SR84001.

Answer:
March 2002.


13. Please state the legal basis upon which Bankers Life & Casualty Company relies when stating, in their First Affirmative Defense, that "[t]he Complaint fails to state a cause of action upon which relief may be granted against Defendant."

Answer:
Bankers objects to this interrogatory on the ground that it calls for legal conclusions. Bankers further objects to this interrogatory on the grounds that discovery in this action is not yet completed, and that the interrogatory is premature because additional bases for the affirmative defense will likely be confirmed before discovery is closed. Bankers specifically reserves its right to supplement its answer to this interrogatory upon completion of discovery without in any way waiving the above objections. Without waiving the aforesaid objections, and subject to the aforesaid objections, Bankers states that the Policy is a contract - it covers injuries and deaths from accidents, death benefits are paid if the death was accidental, and death while driving legally intoxicated is not an accident under the Policy; furthermore, a reasonable person in the decedent's shoes would have known that driving while intoxicated was highly likely to result in serous injury or death.


14. Please state each and every fact upon which Bankers Life & Casualty Company relies when stating, in their First Affirmative Defense, that "[t]he Complaint fails to state a cause of action upon which relief may be granted against Defendant."

7

Answer:
    Bankers objects to this interrogatory on the grounds that discovery in this action is not yet completed, and that the interrogatory is premature because additional bases for the affirmative defense will likely be confirmed before discovery is closed. Bankers specifically reserves its right to supplement its answer to this interrogatory upon completion of discovery without in any way waiving the above objections. Without waiving the aforesaid objections, and subject to the aforesaid objections, Bankers states that the Policy is a contract - it covers injuries and deaths from accidents, death benefits are paid if the death was accidental, and death while driving legally intoxicated is not an accident under the Policy. Bankers further states that the decedent was driving while legally intoxicated at speeds in excess of the posted speed limit. The Accident Report, issued by the Bristol Police Department and submitted by Plaintiff to Bankers along with his proof of claim, states that "As a result, [Peter Glynn] caused his own death."

    15. Please state the specific "person(s) over which Bankers had no control" to which Bankers Life & Casualty Company was referring in their Second Affirmative Defense.

Answer:
    Bankers objects to this interrogatory on the grounds that discovery in this action is not yet completed, and that the interrogatory is premature because additional bases for the affirmative defense will likely be confirmed before discovery is closed. Bankers specifically reserves its right to supplement its answer to this interrogatory upon completion of discovery without in any way waiving the above objections. Without waiving the aforesaid objections, and subject to the aforesaid objections, Bankers states: the decedent and unknown dramshops and servers and sellers of alcoholic beverages.

    16. Please state each and fact upon which Bankers Life & Casualty Company relies when asserting that "[a]ny damage to Plaintiff's decedent was caused by recklessness, carelessness and/or negligence of any other person(s) over which Bankers had no control . . ." in their Second Affirmative Defense.

8

Answer:
    Bankers objects to this interrogatory on the grounds that discovery in this action is not yet completed, and that the interrogatory is premature because additional bases for the affirmative defense will likely be confirmed before discovery is closed. Bankers specifically reserves its right to supplement its answer to this interrogatory upon completion of discovery without in any way waiving the above objections. Without waiving the aforesaid objections, and subject to the aforesaid objections, Bankers states that the decedent was driving while legally intoxicated at speeds in excess of the posted speed limit. The Accident Report, issued by the Bristol Police Department and submitted by Plaintiff to Bankers along with his proof of claim, states that "As a result, [Peter Glynn] caused his own death."

    17.  Please state the specific legal grounds on which Bankers Life & Casualty Company relies when claiming their Third Affirmative Defense of estoppel.

Answer:
    Bankers objects to this interrogatory on the ground that it calls for legal conclusions. Bankers further objects to this interrogatory on the grounds that discovery in this action is not yet completed, and that the interrogatory is premature because additional bases for the affirmative defense will likely be confirmed before discovery is closed. Bankers specifically reserves its right to supplement its answer to this interrogatory upon completion of discovery without in any way waiving the above objections.

    18.  Please state each and every fact upon which Bankers Life & Casualty Company relies to support its Third Affirmative Defense of estoppel.

Answer:
    Bankers objects to this interrogatory on the grounds that discovery in this action is not yet completed, and that the interrogatory is premature because additional bases for the affirmative defense will likely be confirmed before discovery is closed. Bankers specifically reserves its right to supplement its answer to this interrogatory upon completion of discovery

without in any way waiving the above objections.


19. Please state the specific legal grounds on which Bankers Life & Casualty Company relies when claiming their Fourth Affirmative Defense of waiver.

Answer:
Bankers objects to this interrogatory on the ground that it calls for legal conclusions. Bankers further objects to this interrogatory on the grounds that discovery in this action is not yet completed, and that the interrogatory is premature because additional bases for the affirmative defense will likely be confirmed before discovery is closed. Bankers specifically reserves its right to supplement its answer to this interrogatory upon completion of discovery without in any way waiving the above objections.


20. Please state each and every fact upon which Bankers Life & Casualty Company relies to support its Fourth Affirmative Defense of waiver.

Answer:
Bankers objects to this interrogatory on the grounds that discovery in this action is not yet completed, and that the interrogatory is premature because additional bases for the affirmative defense will likely be confirmed before discovery is closed. Bankers specifically reserves its right to supplement its answer to this interrogatory upon completion of discovery without in any way waiving the above objections.


21. Please state the specific legal grounds on which Bankers Life & Casualty Company relies when claiming their Sixth Affirmative Defense that "the death of the decedent was not accidental."

Answer:
Bankers objects to this interrogatory on the ground that it calls for legal conclusions. Bankers further objects to this interrogatory on the grounds that discovery in this action is not yet completed, and that the interrogatory is premature because additional bases for the affirmative defense will likely

10

be confirmed before discovery is closed. Bankers specifically reserves its right to supplement its answer to this interrogatory upon completion of discovery without in any way waiving the above objections. Without waiving the aforesaid objections, and subject to the aforesaid objections, Bankers states that reasonable person in the decedent's shoes would have known that driving while intoxicated was highly likely to result in serous injury or death.

    22.  Please state each and every fact upon which Bankers Life & Casualty Company relies when claiming, in their Sixth Affirmative Defense that "the death of the decedent was not accidental."

Answer:
    Bankers objects to this interrogatory on the grounds that discovery in this action is not yet completed, and that the interrogatory is premature because additional bases for the affirmative defense will likely be confirmed before discovery is closed. Bankers specifically reserves its right to supplement its answer to this interrogatory upon completion of discovery without in any way waiving the above objections. Without waiving the aforesaid objections, and subject to the aforesaid objections, Bankers states that the decedent was driving while legally intoxicated at speeds in excess of the posted speed limit. The Accident Report, issued by the Bristol Police Department and submitted by Plaintiff to Bankers along with his proof of claim, states that "As a result, [Peter Glynn] caused his own death."

    23.  Please state the specific legal grounds on which Bankers Life & Casualty Company relies in making the determination reflected in their Sixth Affirmative Defense that "the death of the decedent was not accidental."

Answer:
    Bankers objects to this interrogatory as already asked and answered and refers Plaintiff to Bankers' answer to Interrogatory No. 21.

    24.  Please state the specific legal grounds on which

11

Bankers Life & Casualty Company relies in making the determination reflected in their Seventh Affirmative Defense that plaintiff's clams are barred.

Answer:

Bankers objects to this interrogatory on the ground that it calls for legal conclusions. Bankers further objects on the grounds that it is confusing, vague and ambiguous. Bankers further objects to this interrogatory on the grounds that discovery in this action is not yet completed, and that the interrogatory is premature because additional bases for the affirmative defense will likely be confirmed before discovery is closed. Bankers specifically reserves its right to supplement its answer to this interrogatory upon completion of discovery without in any way waiving the above objections. Without waiving the aforesaid objections, and subject to the aforesaid objections, Bankers states that the Policy is a contract - it covers injuries and deaths from accidents, death benefits are paid if the death was accidental, and death while driving legally intoxicated is not an accident under the Policy; furthermore, a reasonable person in the decedent's shoes would have known that driving while intoxicated was highly likely to result in serous injury or death.

25. Please state the specific legal grounds on which Bankers Life & Casualty Company relies, when it states, in its Eighth Affirmative Defense, that its determination that the insured is not covered under the policy should be accorded "deference."

Answer:

Bankers objects to this interrogatory on the ground that it calls for legal conclusions. Bankers further objects to this interrogatory on the grounds that discovery in this action is not yet completed, and that the interrogatory is premature because additional bases for the affirmative defense will likely be confirmed before discovery is closed. Bankers specifically reserves its right to supplement its answer to this interrogatory upon completion of discovery without in any way waiving the above objections. Without waiving the aforesaid objections, and subject to the aforesaid objections, Bankers states that decisions by the insurer under an ERISA plan are given deference by courts.

12

26. Please [state] each and every fact on which Bankers Life & Casualty Company relies in making the determination reflected in their Eighth Affirmative Defense that plaintiff's claims are barred by the applicable statute of limitations.

Answer:

Bankers objects to this interrogatory on the grounds that discovery in this action is not yet completed, and that the interrogatory is premature because additional bases for the affirmative defense will likely be confirmed before discovery is closed. Bankers specifically reserves its right to supplement its answer to this interrogatory upon completion of discovery without in any way waiving the above objections.

27. Please state the specific legal basis on which Bankers Life & Casualty Company relies in making the determination reflected in their Ninth Affirmative Defense that plaintiff's claims are barred by the applicable statute of limitations.

Answer:

Bankers objects to this interrogatory on the ground that it calls for legal conclusions. Bankers further objects to this interrogatory on the grounds that discovery in this action is not yet completed, and that the interrogatory is premature because additional bases for the affirmative defense will likely be confirmed before discovery is closed. Bankers specifically reserves its right to supplement its answer to this interrogatory upon completion of discovery without in any way waiving the above objections.

28. Please state each and every fact upon which Bankers Life & Casualty Company relies when stating, in their Seventh Affirmative Defense, that "the death of Plaintiff's decedent resulted from decedent's driving while intoxicated."

Answer:

Bankers objects to this interrogatory on the grounds that discovery in this action is not yet completed, and that the

13