interrogatory is premature because additional bases for the affirmative defense will likely be confirmed before discovery is closed. Bankers specifically reserves its right to supplement its answer to this interrogatory upon completion of discovery without in any way waiving the above objections. Without waiving the aforesaid objections, and subject to the aforesaid objections, Bankers states that the decedent was involved in an automobile crash wherein he was driving while legally intoxicated at speeds in excess of the posted speed limit, as stated in The Accident Report, issued by the Bristol Police Department and submitted by Plaintiff to Bankers along with his proof of claim, which further states that "As a result, [Peter Glynn] caused his own death."

29. Please list each and every defense upon which Bankers Life & Casualty relies, under Policy SR 84001 and the Johnson & Johnson Employee Benefit Plan, and referred to in the Fifth Affirmative Defense.

Answer:
Bankers objects to this interrogatory on the ground that it calls for legal conclusions. Bankers further objects to this interrogatory on the grounds that discovery in this action is not yet completed, and that the interrogatory is premature because additional bases for the affirmative defense will likely be confirmed before discovery is closed. Bankers specifically reserves its right to supplement its answer to this interrogatory upon completion of discovery without in any way waiving the above objections. Without waiving the aforesaid objections, and subject to the aforesaid objections, Bankers specifically identifies the Definition of "Injury" and the "Accidental Death and Dismemberment Insurance" provisions of the Policy.

30. Please list each and every lawsuit in which Bankers Life & Casualty Company was a party and which alleged a failure to pay a claim, filed between January, 1995 and the present date.

Answer:
Bankers objects to this interrogatory on the grounds that it is overbroad and unduly burdensome; Bankers further objects on the grounds that it is confusing, vague and

14

ambiguous. Bankers further objects to the extent that it may seek the production of documents protected by the attorney-client and/or other privileges. Bankers further objects on the ground that inquiry is limited to the Plan and Policy in issue. Bankers further objects because evidence of out-of-state conduct is irrelevant to this case and this state has no legitimate interest in Bankers' out-of-state conduct. See *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. __, 123 S.Ct. 1513, __ L.Ed.2d __ (2003); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). Bankers further objects on the ground that it may seek the production of confidential information, and it may violate the privacy rights of third parties, constituting information that should only be disclosed subject to a protective order. Bankers further objects on the ground that it is not reasonably calculated to lead to the discovery of evidence admissible on the claims asserted in the Complaint.

      31. For all lawsuits identified in the above Interrogatory, please state the following:

      a. names of all other parties in the suit, as well as their relationship to the suit;
      b. the date that the lawsuit was filed;
      c. the addresses of all named parties to each suit;
      d. a concise statement of the facts for each lawsuit;
      e. the type of policy involved in each suit; and
      f. the disposition of such lawsuit.

Answer:
    See response to Interrogatory No. 30.

      32. Please state whether, in the last ten years, Bankers Life & Casualty Company has ever been investigated, disciplined, reprimanded or warned, in any state, for any of the following:

      a. misrepresentations or false advertising of insurance policies;

15

  b. boycott, coercion, or intimidation;
  c. unfair claim settlement practices;
  d. failure to maintain complaint handling procedures;
  e. refusing to insure, refusing to continue to insure or limiting the amount, extent or kind of coverage available to an individual because of any disability;
  f. failure to pay accident or health claims; and
  g. any other good faith in business violation.

Answer:

  Bankers objects to this interrogatory on the grounds that it is overbroad and unduly burdensome; Bankers further objects on the grounds that it is confusing, vague and ambiguous. Bankers further objects to this interrogatory on the ground that inquiry is limited to the Plan and Policy in issue. Bankers further objects because the field of insurance is regulated by state law, evidence of out-of-state conduct is irrelevant to this case, and this state has no legitimate interest in Bankers' out-of-state conduct. See *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. __, 123 S.Ct. 1513, __ L.Ed.2d __ (2003); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). Bankers further objects to the extent that it may seek the production of documents protected by the attorney-client and/or other privileges. Bankers further objects on the ground that it may seek the production of confidential information, and it may violate the privacy rights of third parties, constituting information that should only be disclosed subject to a protective order. Bankers further objects on the ground that it is not reasonably calculated to lead to the discovery of evidence admissible on the claims asserted in the Complaint.

  33. For each affirmative answer in the preceding Interrogatory, please state the following:

  a. the state in which the investigation, discipline, reprimand or warning occurred;
  b. the ultimate disposition of such investigation, discipline, warning or reprimand;

16

   c. any policy changes made by Bankers Life & Casualty Company as a result of such investigation, discipline, reprimand or warning; and
   d. the factual circumstances underlying each investigation, discipline, reprimand or warning.

Answer:
  See response to Interrogatory No. 32.


  35. Please describe the specific location of the motor vehicle crash in which Peter Glynn was killed, on or about June 8, 2001.

Answer:
  Bankers objects to this interrogatory on the ground that it has no first-hand knowledge of the motor vehicle crash in issue and is relying upon the factual description of the location of the motor vehicle crash contained in the Accident Report dated June 8, 2001, issued by the Bristol Police Department and submitted by Plaintiff to Bankers along with his proof of claim.


  36. Please describe the condition of the roadway on which Peter Glynn was killed, in the area of the motor vehicle crash, which occurred on June 8, 2001.

Answer:
  Bankers objects to this interrogatory on the ground that it has no first-hand knowledge of the motor vehicle crash in issue and is relying upon the factual description of the roadway contained in the Accident Report dated June 8, 2001, issued by the Bristol Police Department and submitted by Plaintiff to Bankers along with his proof of claim.


  37. Please describe the characteristics of the roadway, in detail, in the area of the motor vehicle crash which killed Peter Glynn.

17

Answer:

Bankers objects to this interrogatory on the ground that it has no first-hand knowledge of the motor vehicle crash in issue and is relying upon the factual description of the roadway contained in the Accident Report dated June 8, 2001, issued by the Bristol Police Department and submitted by Plaintiff to Bankers along with his proof of claim.

### RESPONSE TO REQUEST FOR PRODUCTION

1. Please provide any oral or written non-privileged statements, as defined in Rule 26(b)(3) of the Federal Rules of Civil Procedure, of any party in this lawsuit concerning this action or its subject matter.

Response:

Bankers objects to this request on the grounds that it is vague and ambiguous, and overly broad and unduly burdensome. Bankers further objects to this request to the extent that it may seek the production of documents protected by the attorney-client, work product and/or other privileges. Without waiving the aforesaid objections and subject to the aforesaid objections, Bankers states that non-privileged, responsive documents will be produced.

2. Please provide copies of any oral or written statements made by any party or non-party declarant, including, but not limited to, any witness or family member of any party, regarding the subject matter of this case or concerning the actions of any party or witness therein, other than those statements that were taken by or at the express direction of counsel.

Response:

Bankers objects to this request on the grounds that it is vague and ambiguous, and overly broad and unduly burdensome. Bankers further objects to this request to the extent that it may seek the production of documents protected by the attorney-client, work product and/or other privileges. Without waiving the aforesaid objections and subject to the aforesaid objections, Bankers states that non-privileged, responsive documents will be produced.

18

3. Please provide copies of all written reports of investigations and/or examinations and records of such investigation reports and/or examinations performed regarding the denial in question which do not constitute work product.

Response:
Bankers objects to this request on the grounds that it is confusing, vague and ambiguous, and overly broad and unduly burdensome. Bankers further objects to this request to the extent that it may seek the production of documents protected by the attorney-client and/or other privileges. Without waiving the aforesaid objections and subject to the aforesaid objections, Bankers states that no responsive Bankers' documents exist.

4. Please provide a list of policies, as well as copies of the policies, that have been issued by Bankers Life & Casualty Company from January, 1998 up and until the present date, which were denied for reasons similar to those reasons given in response to these interrogatories for denial of policy SR 84001.

Response:
Bankers objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of evidence admissible in this action. Bankers further objects to this request on the ground that inquiry is limited to the Plan and Policy in issue. Bankers further objects because the field of insurance is regulated by state law, evidence of out-of-state conduct is irrelevant to this case, and this state has no legitimate interest in Bankers' out-of-state conduct. See *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. __, 123 S.Ct. 1513, __ L.Ed.2d __ (2003); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). Bankers further objects to this request on the grounds that it is overbroad and unduly burdensome. Bankers further objects on the grounds that it is confusing, vague and ambiguous. Without waiving the aforesaid objections and subject to the aforesaid objections, Bankers states that no responsive documents exist.

19

5. Please provide copies of any other policies, issued by Bankers Life & Casualty Company, which contain the same exclusions as those in policy SR 84001.

Response:

Bankers objects to this request on the ground that it is not reasonably calculated to lead to the discovery of evidence admissible in this action. Bankers further objects to this request on the ground that inquiry is limited to the Plan and Policy in issue. Bankers further objects because the field of insurance is regulated by state law, evidence of out-of-state conduct is irrelevant to this case, and this state has no legitimate interest in Bankers' out-of-state conduct. See *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. __, 123 S.Ct. 1513, __ L.Ed.2d __ (2003); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). Bankers further objects to this request on the grounds that it is overbroad and unduly burdensome. Bankers further objects on the grounds that it is confusing, vague and ambiguous. Bankers further objects on the ground that it may seek the production of confidential information, and it may violate the privacy rights of third parties, constituting information that should only be disclosed subject to a protective order.

6. Please provide copies of any accident or life insurance policies, issued by Bankers Life & Casualty Company, which contain a specific exclusion, or reference to, situations where alcohol is involved.

Response:

Bankers objects to this request on the ground that it is not reasonably calculated to lead to the discovery of evidence admissible in this action. Bankers further objects to this request on the ground that inquiry is limited to the Plan and Policy in issue. Bankers further objects because the field of insurance is regulated by state law, evidence of out-of-state conduct is irrelevant to this case, and this state has no legitimate interest in Bankers' out-of-state conduct. See *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. __, 123 S.Ct. 1513, __ L.Ed.2d __ (2003); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). Bankers further objects to this request on the grounds that it is overbroad and unduly burdensome. Bankers further objects on

the grounds that it is confusing, vague and ambiguous. Bankers further objects on the ground that it may seek the production of confidential information, and it may violate the privacy rights of third parties, constituting information that should only be disclosed subject to a protective order.

7. Please provide copies of any written policies, practices, memoranda, procedures or any other written documents which detail the process for denying coverage under an accidental death and dismemberment policy.

Response:
Bankers objects to this request on the grounds that it is overly broad and burdensome, and further objects to this request to the extent that it may seek the production of documents protected by the attorney-client, work product and/or other privileges.

8. Please provide the chain of command for denying policy SR 84001, including position titles and employees holding those positions on the date that policy SR 84001 was denied.

Response:
Bankers objects to this request on the grounds that it is confusing, vague and ambiguous. Without waiving the aforesaid objections, and subject to the aforesaid objections, Bankers states that no responsive documents exist.

9. Please provide any internal memoranda, written documents, e-mail correspondence, record(s) of any telephone calls and minutes of any meetings where the decision to deny or pay the claim under policy SR 84001 was mentioned.

Response:
Bankers objects to this request on the ground that it is vague and ambiguous, and overly broad and unduly burdensome. Bankers further objects to this request to the extent that it may seek the production of documents protected by the attorney-client, work product and/or other privileges. Without waiving the aforesaid objections and subject to the aforesaid

21

objections, Bankers states that responsive documents are hereby produced.

10. Please provide any internal memoranda, written documents, e-mail correspondence, record(s) of any telephone calls and minutes of any meetings where the decision to deny or pay the claim under a policy with similar exclusions to policy SR 84001 and for reasons similar to those given in response to these interrogatories for denying policy SR 84001 was mentioned.

Response:
Bankers objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of evidence admissible in this action. Bankers further objects to this request on the ground that inquiry is limited to the Plan and Policy in issue. Bankers further objects because the field of insurance is regulated by state law, evidence of out-of-state conduct is irrelevant to this case, and this state has no legitimate interest in Bankers' out-of-state conduct. See *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. __, 123 S.Ct. 1513, __ L.Ed.2d __ (2003); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). Bankers further objects to this request on the grounds that it is overbroad and unduly burdensome. Bankers further objects on the grounds that it is confusing, vague and ambiguous. Bankers further objects on the ground that it may seek the production of confidential information, and it may violate the privacy rights of third parties, constituting information that should only be disclosed subject to a protective order.

11. Please provide copies of any photos of the location of the motor vehicle crash which occurred on June 8, 2001, in your possession or control.

Response:
Bankers objects to this request on the grounds that it is confusing, vague and ambiguous. Without waiving the aforesaid objection, and subject to the aforesaid objections, Bankers states that no responsive documents exist.

22

12.  Please provide copies of any memoranda, directives, policies, other written document or e-mail, directing the denial of any policy in which alcohol was involved.

Response:

Bankers objects to this request on the ground that it is not reasonably calculated to lead to the discovery of evidence admissible in this action. Bankers further objects to this request on the ground that inquiry is limited to the Plan and Policy in issue. Bankers further objects because the field of insurance is regulated by state law, evidence of out-of-state conduct is irrelevant to this case, and this state has no legitimate interest in Bankers' out-of-state conduct. See *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. __, 123 S.Ct. 1513, __ L.Ed.2d __ (2003); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). Bankers further objects to this request on the grounds that it is overbroad and unduly burdensome. Bankers further objects on the grounds that it is confusing, vague and ambiguous. Bankers further objects on the ground that it may seek the production of confidential information, and it may violate the privacy rights of third parties, constituting information that should only be disclosed subject to a protective order.

13.  Please provide copies of any memoranda, directives, policies, other written document or e-mail, detailing the handling of a claim where alcohol is or may be a factor.

Response:

Bankers objects to this request on the ground that it is not reasonably calculated to lead to the discovery of evidence admissible in this action. Bankers further objects to this request on the ground that inquiry is limited to the Plan and Policy in issue. Bankers further objects because the field of insurance is regulated by state law, evidence of out-of-state conduct is irrelevant to this case, and this state has no legitimate interest in Bankers' out-of-state conduct. See *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. __, 123 S.Ct. 1513, __ L.Ed.2d __ (2003); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). Bankers further objects to this request on the grounds that it

is overbroad and unduly burdensome. Bankers further objects on the grounds that it is confusing, vague and ambiguous. Bankers further objects on the ground that it may seek the production of confidential information, and it may violate the privacy rights of third parties, constituting information that should only be disclosed subject to a protective order.

14. Please provide any training or seminar materials which cover, in any way, the denial of claims in which alcohol is, or may be, a factor.

Response:
Bankers objects to this request on the grounds that it is confusing, vague and ambiguous. Without waiving the aforesaid objection, and subject to the aforesaid objections, Bankers states that no responsive documents exist.

15. Please provide any training or seminar materials which cover, in any way, the denial of claims in which alcohol is, or may be, a factor.

Response:
Bankers objects to this request on the grounds that it is confusing, vague and ambiguous, and further objects to this request on the ground that it is overly broad and burdensome, and further objects to this request to the extent that it may seek the production of confidential and/or proprietary documents that should be disclosed subject to a protective order. Without waiving the aforesaid objection, and subject to the aforesaid objections, Bankers states that no responsive documents exist.

16. Please provide any internal memoranda, written documents, e-mail correspondence, record(s) of any telephone calls and minutes of any meetings where the decision to deny policy SR 84001 was mentioned, and which are dated or occurred *after* the denial of the policy.

Response:
Bankers objects to this request on the grounds that it is overly broad and burdensome, and further object on the ground

24

that it is vague and ambiguous, and further objects to this request to the extent that it may seek the production of documents protected by the attorney-client, work product and/or other privileges.

17. Please provide any internal memoranda, written documents, e-mail correspondence, record(s) of any telephone calls and minutes of any meetings where anything about the decision to deny policy SR 84001, or the underlying car crash, was mentioned, and which are dated or occurred *after* the denial of the policy.

Response:
Bankers objects to this request on the grounds that it is overly broad and burdensome, and further object on the ground that it is vague and ambiguous, and further objects to this request to the extent that it may seek the production of documents protected by the attorney-client, work product and/or other privileges.

18. Please provide copies of any correspondence, memoranda, e-mail, other written documents, policies or directives discussing changes to policy SR 84001, which are dated or occurred any time after the denial of policy DR 84001.

Response:
Bankers objects to this request on the grounds that it is overly broad and unduly burdensome, and further object on the ground that it is vague and ambiguous, and further objects to this request to the extent that it may seek the production of documents protected by the attorney-client and/or other privileges. Bankers further objects to this request on the ground that it may seek the production of confidential and proprietary information that should only be disclosed subject to a protective order. Bankers further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of evidence admissible on the claims asserted in the Complaint.

19. Please provide copies of any correspondence, memoranda, e-mail, other written documents, policies or

25

directives discussing changes to either future or existing policies similar to SR 84001, which are dated or occurred any time after the denial of policy SR 84001.

Response:
       Bankers objects to this request on the grounds that it is overly broad and unduly burdensome, and further objects to this request on the grounds that it is vague and ambiguous. Bankers further objects to this request to the extent that it may seek the production of documents protected by the attorney-client, work product and/or other privileges. Bankers further objects to this request on the ground that inquiry is limited to the Plan and Policy in issue. Bankers further objects because the field of insurance is regulated by state law, evidence of out-of-state conduct is irrelevant to this case, and this state has no legitimate interest in Bankers' out-of-state conduct. See *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. __, 123 S.Ct. 1513, __ L.Ed.2d __ (2003); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). Bankers further objects to this request on the ground that it may seek the production of confidential and proprietary information that should only be disclosed subject to a protective order. Bankers further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of evidence admissible on the claims asserted in the Complaint.


       20.    Please provide a list of lawsuits, in which Bankers Life & Casualty Company was or is a party, referred to in Interrogatories #30-31.

Response:
       Bankers objects to this request on the grounds that it is overbroad and unduly burdensome. Bankers further objects on the grounds that it is confusing, vague and ambiguous. Bankers further objects to this request on the ground that inquiry is limited to the Plan and Policy in issue. Bankers further objects because the field of insurance is regulated by state law, evidence of out-of-state conduct is irrelevant to this case, and this state has no legitimate interest in Bankers' out-of-state conduct. See *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. __, 123 S.Ct. 1513, __ L.Ed.2d __ (2003); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589,

134 L.Ed.2d 809 (1996). Bankers further objects to the extent that it may seek the production of documents protected by the attorney-client, work product and/or other privileges. Bankers further objects on the ground that it may seek the production of confidential information, and it may violate the privacy rights of third parties, constituting information that should only be disclosed subject to a protective order. Bankers further objects on the ground that it is not reasonably calculated to lead to the discovery of evidence admissible on the claims asserted in the Complaint. See response to Interrogatory Nos. 30 and 31.

21. Please provide any and all documents relating to any investigation, disciplinary action, warning or reprimand referred to in answer to Interrogatories #32-33.

Response:
Bankers objects to this request on the grounds that it is overly broad and unduly burdensome, and further objects to this request on the grounds that it is vague and ambiguous. Bankers further objects to this request to the extent that it may seek the production of documents protected by the attorney-client, work product and/or other privileges. Bankers further objects to this request on the ground that inquiry is limited to the Plan and Policy in issue. Bankers further objects because the field of insurance is regulated by state law, evidence of out-of-state conduct is irrelevant to this case, and this state has no legitimate interest in Bankers' out-of-state conduct. See *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. __, 123 S.Ct. 1513, __ L.Ed.2d __ (2003); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). Bankers further objects on the ground that it may seek the production of confidential information, and it may violate the privacy rights of third parties, constituting information that should only be disclosed subject to a protective order. Bankers further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of evidence admissible on the claims asserted in the Complaint. See response to Interrogatory Nos. 32 and 33.

22. Please provide any and all documents relating to the revocation and reinstatement of authority to conduct

27

business in any state, referred to in answer to Interrogatory #34.

Response:

Bankers objects to this request on the grounds that it is overly broad and unduly burdensome. Bankers further objects to this request to the extent that it may seek the production of documents protected by the attorney-client, work product and/or other privileges. Bankers further objects to this request on the ground that inquiry is limited to the Plan and Policy in issue. Bankers further objects because the field of insurance is regulated by state law, evidence of out-of-state conduct is irrelevant to this case, and this state has no legitimate interest in Bankers' out-of-state conduct. See *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. __, 123 S.Ct. 1513, __ L.Ed.2d __ (2003); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). Bankers further objects on the ground that it may seek the production of confidential information, and it may violate the privacy rights of third parties, constituting information that should only be disclosed subject to a protective order. Bankers further objects to this request on the ground that it is not reasonably calculated to lead to the discovery of evidence admissible on the claims asserted in the Complaint. See response to Interrogatory No. 34.

Dated:   May 16, 2003

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Attorneys for Defendant
Bankers Life & Casualty
Company

By: _____
     Andrew Muscato

28