# EXHIBIT 2

# RisCassi and Davis, p.c.
## Attorneys at Law

131 OAK STREET
P. O. BOX 261557
HARTFORD, CONNECTICUT 06126-1557

(860) 522-1196

WILLIAM R. DAVIS
JAMES D. BARTOLINI†
ANDREW S. GROHER
MICHAEL C. JAINCHILL†
JOHN J. HOULIHAN, JR.†
DAVID W. COONEY†
EUGENE K. SWAIN*†
KATHRYN A. CALIBEY
DOUGLAS W. HAMMOND
EVERETT H. MADIN, JR.
PAUL M. IANNACCONE

† CERTIFIED CIVIL TRIAL ADVOCATE
  NATIONAL BOARD OF TRIAL ADVOCACY
* ALSO ADMITTED IN RHODE ISLAND

FAX NUMBER
(860) 246-5847

LEON RISCASSI
1933-1986

JOSEPH C. LINNON
1956-1976

May 21, 2003

Andrew Muscato, Esquire                               Via Fax
Skadden, Arps, Slate, Meagher, & Flom, LLP
One Newark Center
Newark, NJ 07102

RE:   Glynn v. Bankers Life

Dear Andrew:

I reviewed your answers to interrogatories and responses to my requests for production and find them to be inadequate. It is my hope that by conferring together in good faith, we can work out your difficulties in responding to my discovery requests. I would like to make suggestions regarding your answers to interrogatories first and then address the production requests second.

You indicate in your response to Interrogatory No. 2, that it is "confusing, vague and ambiguous." The interrogatory simply asks for the specific reasons that Mr. Glynn's claim was denied. This is at the heart of the case and I fail to see in what way it is confusing, vague or ambiguous. I think that you should be able to respond to that interrogatory in full without couching your answer in terms of an objection.

Next, you indicate that Interrogatory Nos. 5, 6 & 7 are also "confusing, vague and ambiguous." I think that the meaning of these interrogatories is relatively straightforward, although the language is a bit cumbersome. The interrogatories are seeking to discovery whether anyone at Bankers Life and Casualty, at any time, believed that the claim should be paid. Please respond to these interrogatories in full in accordance with the clarification I have just set forth.

You also state a number of objections to Interrogatory Nos. 8 and 9 including claiming that they are "confusing, vague and ambiguous." It appears to me that these interrogatories unquestionably seek the discovery of materials and information that is reasonably calculated to

RisCassi and Davis, p.c.

Page 2

lead to the discovery of admissible evidence. In particular, the response to these interrogatories may lead to the discovery of a company procedure or policy that routinely denies such claims. This may very well be admissible evidence, especially in that it seeks policies that were denied for reasons "substantially similar" to this present case. Moreover, these interrogatories are absolutely relevant to the issues raised in the amended complaint regarding violations of CUTPA and CUIPA.

You next indicate that Interrogatory Nos. 10 and 11 are objectionable on a number of bases including the claim that they are "confusing, vague and ambiguous." I think it is relatively obvious that these interrogatories go to the core of one of the issues in this case. As you know, the plaintiff is specifically claiming that there is no express language in the insurance policy excluding situations where alcohol is involved in a death. Bankers Life and Casualty Company surely could have included such language and has included such language in other policies it has written, as have other insurance carriers. If Bankers Life and Casualty intended for there to be an exception for alcohol, it easily could have drafted such an exception. Accordingly, I think that this information could not be any more relevant.

You next object to Interrogatory Nos. 13-29, all of which seek information based upon your numerous affirmative defenses. I cannot agree with your contention that interrogatories seeking the factual and legal bases underlying your affirmative defenses is somehow objectionable. You have chosen to raise multiple affirmative defenses. The plaintiff is entitled to understand the factual and/or legal bases of these affirmative defenses.

Next, you indicate that Interrogatory Nos. 30 and 31 are objectionable for a number of reasons, including your claim that they are "confusing, vague and ambiguous." Again, these interrogatories seek information that is reasonably calculated to lead to the discovery of admissible evidence. I believe that I am absolutely entitled to obtain a listing of lawsuits against Bankers Life and Casualty Company which were brought on the basis that the defendant failed to pay a claim. Moreover, these interrogatories are reasonably limited in terms of time.

Next, Interrogatory Nos. 32 and 33 are likewise appropriate and not objectionable. The plaintiff is entitled to seek information which may reveal a pattern and practice of substantially similar behavior. Included within the requested information are the public filings of complaints brought against Bankers Life and Casualty by state agencies.

Finally, Interrogatory Nos. 35 through 37 simply seek to discovery information in the possession of the defendant regarding the accident itself and the conditions that may have led to the accident. I do not see any way the interrogatories are objectionable. As you know, you are under a continuing duty to supplement your answers. Accordingly, to object on the basis that you presently have no first hand knowledge is not a valid objection.

RisCassi and Davis, p.c.

Page 3

Next, you have objected to each and every request for production and have provided absolutely no documents. It is hard for me to believe that this bevy of objections that you have raised has been done in good faith. As you know, you are under a duty, pursuant to the Federal Rules of Civil Procedure, to adequately respond to discovery requests. I would ask that you revisit your blanket objections to production and provide me with the documents requested.

Please give me a call as soon as you have an opportunity to review this fax so that we can discuss the matter in greater detail. If I do not hear from you, I will assume that we are unable to come to any voluntary resolution and I will file a motion for an order compelling disclosure.

Thank you for your attention to this matter.

Very truly yours,

RisCassi and Davis, P.C.

By _____
Everett H. Madin, Jr.

EHM:kmk
Cc:   John Shaban, Esq.