UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| PHILIP GLYNN, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: |
| | : | 02-CV-1802 (AVC) |
| v. | : | |
| | : | |
| BANKERS LIFE AND CASUALTY COMPANY, | : | |
| | : | |
| Defendant. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | March 31, 2004 |

### JOINT MOTION TO EXTEND DEADLINES *NUNC PRO TUNC* AND FOR A STATUS CONFERENCE

Defendant Bankers Life & Casualty Company ("Bankers"), through undersigned counsel, hereby moves jointly with plaintiff for an order extending the standing Scheduling Order deadlines sixty (60) days *nunc pro tunc*. Counsel for both parties intended to file the within motion on February 9, 2004, and believed that it had been filed. See Declaration of Maciej Piatkowski filed herewith. Counsel apparently miscommunicated regarding who was to file the Joint Motion, but have since been operating on the assumption that it had been filed and would be granted in due course. Indeed, plaintiff has since filed (and thereafter withdrew) a motion to compel, and the parties are still scheduling depositions.

As described in the original unfiled motion (Piatkowski Decl. at Ex A.), the extension of time was necessitated by the timing of the Court's December 9, 2003 decision granting defendant's Motion to Dismiss (which did not get forwarded to the parties until December 19, 2003) and the Court's January 26, 2004 decision denying plaintiff's Motion to Compel. Now that the contours of the case and scope of discovery have been determined, the parties can and

51401                                    1

are proceeding diligently to complete discovery and preparing for trial. The Court previously granted a sixty day extension of the Scheduling Order on July 9, 2003. This is the parties' second request for such an extension.

Thus, should the Court grant the within motion *nunc pro tunc*, the November 17, 2003 Scheduling Order would be amended as follows:

(1) All discovery, including depositions of all witnesses, shall be completed by April 8, 2004;

(2) the parties shall exchange a damage analysis, if necessary, on or before April 8, 2004;

(3) the parties shall designate all trial experts and provide opposing counsel with reports from retained experts on or before March 9, 2004, and depositions of any such experts shall be completed by April 8, 2004;

(4) all motions, except motions in limine incident to a trial, shall be filed on or before May 9, 2004;

(5) the parties shall file a joint trial memorandum in accordance with the pretrial order, which order shall accompany the jury selection calendar, and be sent to the parties on June 9, 2004; and

(6) the case shall be ready for trial by July 9, 2004.

Lastly, the parties request a scheduling and status conference as soon as convenient for the Court.

                DEFENDANT
                BANKERS LIFE AND CASUALTY COMPANY

By: _____
JOHN T. SHABAN
Federal Bar No. ct14075
33 Riverside Avenue
P.O. Box 5116
Westport, Connecticut 06881
Telephone: (203) 222-0885
Facsimile: (203) 226-8025

OF COUNSEL
ANDREW MUSCATO
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Newark Center
Newark, NJ 07102

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing Answer to Complaint was mailed via First Class Mail, postage pre-paid on this the 31st day of March, 2004, to the following counsel of record:

> Everett H. Madin, Jr.
> Riscassi and Davis, P.C.
> 131 Oak Street
> Hartford, CT 06106
>
> Counsel for Plaintiff Philip Glynn

                                                        _____
                                                        John T. Shaban