02cv1802plfmtndetsuf.pdf

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

PHILIP GLYNN,                           :
Plaintiff,                              :
                                        :
                                        :
v.                                      :          Civil No. 3:02CV1802 (AVC)
                                        :
                                        :
BANKERS LIFE AND CASUALTY               :
COMPANY,                                :
Defendant                              :          OCTOBER 21, 2003


## MOTION TO DETERMINE SUFFICIENCY OF
## RESPONSES TO REQUESTS FOR ADMISSIONS

3:02CV1802(AVC). April 8, 2004. This is an action for damages
brought pursuant to the Employment Retirement Security Act of 1974
("ERISA"), which arises out of the defendant's alleged improper
denial of life insurance benefits. On July 18, 2003, the plaintiff
served a set of requests for admission on the defendant. On
September 18, 2003, the defendant responded, indicating that it
objected to some of the requests on the ground that they sought
admissions irrelevant to the plaintiff's causes of action. On
October 23, 2003, the plaintiff filed the within motion to determine
the sufficiency of the defendant's responses to the plaintiff's
request for admissions (document no. 46) pursuant to Fed. R. Civ. P.
36. Specifically, the plaintiff maintains the defendant's objections
regarding relevance are unfounded. For the reasons that hereinafter
follow, the motion is DENIED without prejudice.

     At the time the plaintiff filed the within motion, the operative
complaint alleged causes of action brought pursuant to the
Connecticut Unfair Insurance Practice Act ("CUIPA"), the Connecticut
Unfair Trade Practice Act ("CUTPA") as well as ERISA. However, after
the plaintiff filed the within motion, this court dismissed the
causes of action brought pursuant to CUIPA and CUTPA. Therefore, at
this time, only the ERISA cause of action is still pending before
this court. Nevertheless, the memorandum of law submitted in support
of the within motion contains no meaningful discussion or citations
to relevant case law, explaining how the requests to admit are
relevant to the plaintiff's ERISA cause of action. Presumably, this
omission is due to the fact that the plaintiff produced the instant
motion and the underlying requests to admit, *before* this court
dismissed the CUTPA and CUIPA causes of action and thus they relate
in large part to the CUTPA and CUIPA causes of action. Therefore,
the plaintiff's motion (document no. 46) is DENIED without prejudice
to its refiling, if necessary, provided the admissions sought are
relevant to the ERISA cause of action.
SO ORDERED.