UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

PHILIP GLYNN                          :
                                      :
       Plaintiff,                     :
                                      :
V.                                    :    CIVIL ACTION NO.:
                                      :    302CV1802 (AVC)
                                      :
BANKERS LIFE AND                      :
CASUALTY COMPANY,                     :
                                      :
       Defendant                      :    August 5, 2004


## LOCAL RULE 56(a)1 STATEMENT

1.     Prior to and on June 8, 2001, Peter J. Glynn was insured pursuant to a group accident policy issued by Bankers Life and Casualty Company and designated as policy SR 84001. *(See* Krol depo, attached to the accompanying Memorandum of Law as Exhibit B., at page 25; Accidental Death Insurance Policy, attached to the accompanying Memorandum of Law as Exhibit A.).

2.     Prior to and on June 8, 2001, the plaintiff, Philip Glynn, father of Peter J. Glynn, was the primary beneficiary of said insurance policy. *(See* Beneficiary Designation form attached as Exhibit A.).

3.     On June 8, 2001, Peter J. Glynn died as a result of injuries sustained in a motor vehicle accident that occurred on Wolcott Street near its intersection with Peck Lane in Bristol, Connecticut. *(See* Death Certificate, attached to the accompanying Memorandum of Law as Exhibit F., at D 069; Police report, attached to the accompanying Memorandum of Law as Exhibit G. at D 058-062, 066).

4.     A certificate of death was issued by the Office of the Chief Medical Examiner on July 10, 2001. *(See* Death Certificate, attached to the accompanying Memorandum of Law as Exhibit F., at D 069).

5. The insurance policy issued by Bankers Life and Casualty Company provided that payments would be made to the primary beneficiary of the policy in the event that the conditions of the policy were met. (*See* Insurance Policy, attached to the accompanying Memorandum of Law as Exhibit A, at D 010).

6. According to a toxicology report issued by the Office of the Chief Medical Examiner on June 22, 2001, ethanol was found in Peter J. Glynn's blood at a concentration level of 0.17%. (*See* Medical Examiner's Toxicology Report, attached to the accompanying Memorandum of Law as Exhibit F., at D 077).

7. Bankers Life and Casualty Company has refused to pay the benefits of said policy to the primary beneficiary. (*See* Denial Letter dated March 4, 2002, attached to the accompanying Memorandum of Law as Exhibit K.).

8. Robert Krol was designated the Corporate Designee of the defendant, Bankers Life and Casualty Company. (*See* Re-Notice of Deposition dated May 11, 2004, attached to the accompanying Memorandum of Law as Exhibit D.).

9. Robert Krol was responsible for making decisions on behalf of the defendant, Banker's Life and Casualty Company, on whether to pay or deny claims made by beneficiaries such as the plaintiff, Philip Glynn. (*See* Krol depo, attached to the accompanying Memorandum of Law as Exhibit B., at 8-9).

10. Peter J. Glynn's death was not intended. (*See,* Krol depo, attached to the accompanying Memorandum of Law as Exhibit B., at 38).

11. "Accident" was not defined in the aforesaid policy. (*See* Krol depo, attached to the accompanying Memorandum of Law as Exhibit B., at 89).

12. The accidental death and dismemberment policy issued by the defendant, Bankers Life and Casualty Company, to the decedent, Peter J. Glynn, did not include an exclusion for death resulting from driving while intoxicated. (*See* Krol depo, attached to the accompanying Memorandum of Law as Exhibit B., at 91).

RISCASSI & DAVIS, P. C.  •  ATTORNEYS-AT-LAW  •  131 OAK STREET  •  P. O. BOX 261557  •  HARTFORD, CT 06126-1557  •  (860) 522-1196

13. At the time that the defendant denied the plaintiff's claim, Robert Krol defined "accident" as something "unforeseen" and "unexpected." (*See* Krol depo, attached to the accompanying Memorandum of Law as Exhibit B., at 93).

14. Peter J. Glynn's death was unforeseen. (*See* Krol depo, attached to the accompanying Memorandum of Law as Exhibit B., at 103).

15. Peter J. Glynn's death was unexpected. (*See* Krol depo, attached to the accompanying Memorandum of Law as Exhibit B., at 103-04).

16. The only reason advanced by the defendant for its refusal to pay the plaintiff's claim was the combination of the decedent's accidental death policy being an ERISA plan and the decedent's blood alcohol content at the time of his death. (*See* Krol depo, attached to the accompanying Memorandum of Law as Exhibit B., at 24-25, 31-32).

17. The defendant pays claims for accidental death benefits resulting from a decedent's drunk driving under policies using the same language as the policy provided for the decedent, Peter J. Glynn, that are non-ERISA plans. (*See* Krol depo, attached to the accompanying Memorandum of Law as Exhibit B., at 24-25).

18. The defendant, Bankers Life and Casualty Company, would have paid the benefits to the plaintiff, as the beneficiary of the decedent, Peter J. Glynn, had the accidental death and dismemberment policy not been part of an ERISA plan. (*See* Krol depo, attached to the accompanying Memorandum of Law as Exhibit B., at 24-25).

PLAINTIFF,

By_____
    Everett H. Madin, Jr.
    Federal Bar No.: CT 12297
    RISCASSI & DAVIS, P.C.
    131 Oak Street
    Hartford, CT 06106
    Ph: 860-522-1196
    Fax: 860-246-5847

## **CERTIFICATION**

This is to certify that a copy of the foregoing Motion for Summary Judgment has been mailed, first-class postage prepaid, to counsel of record this 5th day of August, 2004, more specifically, to the following:

Andrew Muscato, Esq.
Skadden Arps Slate Meagher & Flom, LLP
One Newark Center
Newark, NJ 07102-5297
*For the Defendant,*
*Bankers Life and Casualty Company*

John T. Shaban, Esq.
Maciej A. Piatkowski, Esq.
Whitman Breed Abbott & Morgan LLC
100 Field Point Rd.
Greenwich, CT 06830
*For the Defendant,*
*Bankers Life and Casualty Company*

                                                                                          _____
                                                                                          Everett H. Madin, Jr.

Exhibit A

| HRS-INFO | Choices | BENEFICIARY DESIGNATION | FOR BENEFITS DEPARTMENT USE ONLY |
|---|---|---|---|

NAME: Peter Glynn

SITE NAME (Optional):

COMPANY NAME (Optional):

PID/SSN: 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

EFFECTIVE DATE: Mo. 10 Day 24 Yr. 94    SITE CODE: CRT03

USER ID: JWMD 11/30/94

NOTE: TO DELETE A BENEFICIARY ENTER @ IN POSITION 1 OF BENEFICIARY NAME.

RELATIONSHIP CODE EXPLANATION:
S - SPOUSE
P - PARENT
C - CHILD
R - OTHER RELATIVE
X - OTHER

**PRIMARY BENEFICIARY DATA**

| (✓) | BENEFIT | BENEFICIARY | REL CODE |
|---|---|---|---|
|  | (GLEP) EMPLOYEE TERM LIFE |  |  |
|  | (GLSP) SPOUSE LIFE |  |  |
| ✓ | (GAEP) EMPLOYEE ACCIDENT | PHILIP A. GLYNN | P |
|  | (GASP) SPOUSE ACCIDENT |  |  |
|  | (GLCP) CHILD LIFE |  |  |
|  | (GACP) CHILD ACCIDENT |  |  |

**CONTINGENT (SECONDARY) BENEFICIARY DATA (Optional)**

| (✓) | BENEFIT | BENEFICIARY | REL CODE |
|---|---|---|---|
|  | (GLES) EMPLOYEE TERM LIFE |  |  |
|  | (GLSS) SPOUSE LIFE |  |  |
| ✓ | (GAES) EMPLOYEE ACCIDENT | SHIRLEY M. GLYNN | R |
|  | (GASS) SPOUSE ACCIDENT |  |  |
|  | (GLCS) CHILD LIFE |  |  |
|  | (GACS) CHILD ACCIDENT |  |  |

Krol #4
5/18/04

EMPLOYEE SIGNATURE: Peter J. Glynn    DATE: 11-30-94

BENEFITS ADMINISTRATOR SIGNATURE: [signature]    DATE: 11-30-94

FORM 1148-557 NEW 6/90 (Reorder From J&J Central Services)
COPY DISTRIBUTION: WHITE — Benefits File;  CANARY — Employee;  PINK — Payroll
©JOHNSON & JOHNSON 19

D-083