UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------x
:
PHILIP GLYNN,                              :   CIVIL NO. 3-02CV1802 (AVC)
:
    Plaintiff,                         :
:
v.                                         :
:
BANKERS LIFE AND CASUALTY CO.,             :
:
    Defendant.                         :   AUGUST 9, 2004
---------------------------------------------------x

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. Rule Civ. Pro. 56, defendant Bankers Life and Casualty Company ("Bankers") hereby moves for summary judgment dismissing Plaintiff's January 14, 2004 complaint (the "Complaint").[1]

As described in the accompanying memorandum of law,[2] the material facts in this case are undisputed. Plaintiff's decedent, Peter Glynn (the "Decedent"), died on June 8, 2001 in an automobile accident occasioned by Decedent losing control of his small convertible while driving intoxicated and at almost twice the posted speed limit. Plaintiff's ERISA claim seeks to recover benefits under Group Accident Policy No. SR84,0001 (the "Policy") issued by Bankers to Johnson & Johnson ("J&J"), the

---

[1] On December 12, 2003, this Court dismissed Plaintiff's pendent state claims because those claims were pre-empted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. Plaintiff's Amended Complaint consists of one count alleging an ERISA claim in the form established on January 14, 2004 when Plaintiff amended his Complaint to reword ¶ 7 of the First Count. Issue was joined on or about February 4, 2004 when Bankers served and filed its Answer.

[2] Bankers also submits herewith the Affidavit of Robert Kroll and Declaration of Andrew Muscato, Esq. in support of this motion.

1

employer of Plaintiff's Decedent. The Policy was part of J&J's employee welfare plan subject to ERISA (the "Plan").

The Plan named Bankers as administrator, and gave Bankers discretion to deny coverage. As described in the accompanying memorandum of law, this discretion entitles Bankers' coverage decisions to an arbitrary and capricious standard of review. Bankers exercised its discretion to deny Plaintiff's the claim because, under ERISA case law, the Decedent's death was not accidental because it resulted from driving while intoxicated.

Thus, with the material facts not at issue, all that remains is an issue of law regarding whether Bankers acted arbitrarily an capriciously in denying Plaintiff's claim. For the reasons set forth in Bankers' memorandum of law and the supporting affidavits, Bankers acted properly and Plaintiff has no legal claim to accidental death benefits under the Policy. Accordingly, Plaintiff's claim must be summarily dismissed.

THE DEFENDANT
BANKERS LIFE AND CASUALTY
COMPANY

BY _____
John T. Shaban, ct14075
Whitman Breed Abbott & Morgan LLC
100 Field Point Rd.
Greenwich, CT 06830
203-869-3800 (telephone)
203-869-1951 (facsimile)
jshaban@wbamct.com
   and
Andrew Muscato ct15073
Skadden, Arps, Slate, Meagher &
Flom LLP
Four Times Square
New York, New York 10036
212-735-3000 (telephone)
212-735-2000 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Defendant's Motion for Summary Judgment, along with Defendant's Memorandum of Law in Support of Defendant's Motion for Summary Judgment, the Affidavit of Robert Kroll with accompanying exhibits, the Declaration of Andrew Muscato, Esq. with accompanying exhibits, and Defendants' Local Rule 56(a)(1) Statement was sent by first class mail, postage prepaid, on August 9, 2004 to the following:

> Everett H. Madin, Jr., Esq.
> Riscassi and Davis, P.C.
> 131 Oak Street
> Hartford, CT 06106

                                                                                           _____
                                                                                           John T. Shaban