UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------- x
PHILIP GLYNN,                   :
                                :
            Plaintiff,          :   CIVIL ACTION NO.:
                                :   02-CV-1802 (AVC)
       v.                       :
                                :
BANKERS LIFE AND CASUALTY       :
COMPANY,                        :   AUGUST 9, 2004
                                :
            Defendant.          :
------------------------------- x

## DEFENDANT'S LOCAL RULE 56(a)(1) STATEMENT

In accordance with Local Rule 56(a)(1), Defendant Bankers Life and Casualty Company ("Bankers") hereby submits the following statement of material facts as to which Bankers contends there are no genuine issues to be tried.

### J&J's ERISA Plan

1. Bankers issued Group Accident Policy No. SR84,001B (the "Policy") to Johnson & Johnson ("J&J") as the "Policyholder," effective January 1, 1999. Krol Aff., Exhibit A, Policy at D004.

2. The Policy was issued as part of J&J's employee welfare benefit plan (the "Plan"), governed by the Employee Retirement Income Security Act ("ERISA"). Muscato Aff., Exhibit E, Plan at 205.

3. J&J provided to its full-time employees the opportunity to participate in a 24-Hour Accident Insurance Plan. The 24-Hour Accident Insurance Plan was insured by the Policy and administered by Bankers. Muscato Aff., Exhibit E, Plan at 203.

4. The Plan identified Bankers as the administrator of the 24-Hour Accident Plan:

| Plan Name | Plan Number | Insured By | Administered By |
|---|---|---|---|
| Accident Insurance | 503 | Bankers Life and Casualty Company | Bankers Life and Casualty Co. 666 Old Country Road Suite 300 Garden City, NY 11530 |

Muscato Aff., Exhibit E, Plan at 203.

5. Plaintiff's decedent Peter Glynn (the "Decedent") was employed by J&J as a "tech leader." Krol Aff., Exhibit B, Notice of Claim, D081.

### The Decedent's Death While Driving Intoxicated

6. The Decedent owned a 1955 Mazda Miata convertible automobile. Krol Aff., Exhibit B, Connecticut Uniform Police Accident Report (D058).

7. The Decedent's father, Plantiff, stated that the Decedent had only six months of experience driving the sporty Mazda Miata. Krol Aff., Exhibit B, at D022.

8. The Decedent weighed 334 lbs. and was 5 ft. 9 in. tall. Krol Aff., Exhibit B, Postmortem Report (D070).

9. The Decedent died at approximately 7:45 pm on June 8, 2001, behind the wheel of his convertible, in a single automobile collision. Krol Aff., Exhibit B, Connecticut Uniform Police Accident Report (D059).

10. The Police reported that the fatal collision occurred while the Decedent was driving on:

>a downhill grade through a series of sharp curves. The operator
>lost control of the vehicle while negotiating the curve, slid
>sideways, and struck the curb on the opposite side of the road. The
>vehicle then overturned and came to rest upside down.

Krol Aff., Exhibit B, Bristol Police Fatal Accident Report at 5 (D062).

11. The Police determined that the Decedent "was traveling at a high rate of speed negotiating a right hand curve in the road" when he lost control of the vehicle, and "rolled over once and landed upside down." Krol Aff., Exhibit E, Connecticut Uniform Police Accident Report at 2 (D059), *id.* at 9 (D066).

12. The Police reported that "the top was down" and the Decedent "was trapped underneath his car which was flipped over." Krol Aff., Exhibit B, Connecticut Uniform Police Accident Report at 2 (D059).

13. The Police reported that the Decedent "was traveling too fast [in violation of] 14-21A and made a restricted turn in violation of 14-242." Krol Aff., Exhibit B, Connecticut Uniform Police Accident Report at 2 (D059).

14. The officer of the Chief Medical Examiner conducted a post-mortem examination (Krol Aff., Exhibit B, D068 to D076) and toxicology tests (*id.*, D077).

15. The Toxicology Report issued by the Chief Medical Examiner reported that the Decedent's blood alcohol content was 0.17%. Krol Aff., Exhibit B, D077.

16. The Certificate of Death identified "Ethanol intoxication" as a "significant ... condition[] contributing to death." Krol Aff., Exhibit B, Certificate of death, D067.

17. The Police calculated that the Decedent's automobile was "traveling a minimum speed of 42.34 miles per hour" (D066) in an area with a posted 25 MPH speed limit (D063). Krol Aff., Exhibit B, Bristol Police Department Fatal Accident Report at 9, 6 (D066; D063).

18. The Police concluded that "[t]his accident occurred when Peter J. Glynn lost control of his vehicle due to his intoxication in violation of sec. 14-227a and Unreasonable Speed in violation of sec. 14-218A. As a result, he subsequently caused his own death." Krol Aff., Exhibit B, Bristol Police Department Fatal Accident Report at 9 (D066).

### The Record Before Bankers on its Denial of Benefits

19. Robert Krol was Bankers' special risk manager who handled Plaintiffs' claim. Muscato Aff., Exhibit F, Krol Deposition Transcript, T4-22 to T5-23, T8-23 to T9-15, T9-22 to T10-17.

20. Robert Krol testified that the Plan gave Bankers discretion to grant or deny an application for accident insurance benefits under the Plan. Muscato Aff., Exhibit F, Krol Deposition Transcript, T67-6 to T68-9.

21. The Summary Plan Description ("SPD") reflects Bankers' discretion to deny Plaintiffs' claim for benefits under the 24-Hour Accident Policy. The SPD reads:

> If your claim for a benefit is denied in whole or in part, you (or your beneficiary) will be notified in writing by the Administrator for that benefit Plan.
>
> . . . .
>
> . . . . If you disagree with the denial, you have 60 days from the receipt of the original denial to request a review. This request should be in writing and sent to the Administrator for that benefit Plan.

> The reviewer will issue a decision within 60 days . . . . You will be notified in writing of <u>the final and binding decision on your claim</u>. See "Your Rights Under ERISA" on the next page for information on legal action you can take if you feel your right to a benefit has been improperly denied.

Muscato Aff., Exhibit E, SPD at 204 (emphasis supplied).

22. Bankers denied Plaintiffs' request for benefits under the 24-Hour Accident Policy on March 4, 2002. Krol Aff., ¶¶ 5, 9, and Exhibit C, Bankers' Denial Letter dated March 4, 2002, D087 to D088.

23. Bankers denied Plaintiff's claim because, under ERISA common law, a driver's death while driving intoxicated is not an accidental death. Muscato Aff., Exhibit F, Krol Deposition Transcript, T22-3 to –12.

24. In its denial letter dated March 4, 2002, Bankers notified Plaintiff that "federal courts, in applying federal common law to claims for accidental death under ERISA plans, have uniformly held that death resulting from driving while intoxicated is not accidental." Krol Aff., Exhibit C, D087.

25. Bankers further notified Plaintiff that an appeal could be made within 60 days by writing to Bankers. Plaintiff was invited to "[i]nclude any documentation that you feel supports the claim." Krol Aff., Exhibit C, D087.

26. Plaintiff appealed Bankers' decision on April 30, 2002, without providing further documentation. Krol Aff., Exhibit D, April 30, 2002 letter from Plaintiff's counsel to Bankers, D090.

27. After an exchange of correspondence between Plaintiff's counsel and Bankers, Bankers continued to deny the claim. Krol Aff., Exhibit D, May 9, 2002 letter from Bankers to Plaintiff's counsel (D091); May 15, 2002 letter from Plaintiff's counsel to Bankers (D092); May 22, 2002 letter from Bankers to Plaintiff's counsel (D093).

28. At the time Bankers made its decision, it had reviewed the following administrative record:

> J&J's Notice of Claim (D081)
>
> Employer's Claim Notice (D080)
>
> Peter Glynn's Beneficiary Designation (D083)
>
> Untitled Bankers' document related to the claim (D082)
>
> Certificate of Death (D067)
>
> Chief Medical Examiner's Report (D068 to D076)
>
> Chief Medical Examiner's Toxicology Report (D077)
>
> Bristol Police Traffic Accident Investigation Report (D056 to D066)
>
> Investigative Report of Research Services Bureau, Inc. (D020 to D051).

Krol Aff., ¶ 8, and Exhibit B; Muscato Aff., Exhibit F, Krol Deposition Transcript, T14-5 to – 21, T18-21 to T19-10, T20-5 to –11.

THE DEFENDANT
BANKERS LIFE AND CASUALTY COMPANY

BY _____
John T. Shaban, ct14075
Whitman Breed Abbott & Morgan LLC
100 Field Point Rd.
Greenwich, CT 06830
203-869-3800 (telephone)
203-869-1951 (facsimile)
jshaban@wbamct.com

and

Andrew Muscato ct15073
Skadden, Arps, Slate, Meagher &
Flom LLP
Four Times Square
New York, New York 10036
212-735-3000 (telephone)
212-735-2000 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Defendant's Local Rule 56(a)(1) Statement was sent by first class mail, postage prepaid, on August 9, 2004 to the following:

Everett H. Madin, Jr., Esq.
Riscassi and Davis, P.C.
131 Oak Street
Hartford, CT 06106

John T. Shaban