UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

PHILIP GLYNN              :
                          :
     Plaintiff,           :
                          :
V.                        :      CIVIL ACTION NO.:
                          :      302CV1802 (AVC)
                          :
BANKERS LIFE AND          :
CASUALTY COMPANY,         :
                          :
     Defendant            :      SEPTEMBER 1, 2004

## PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT

1.   Admitted.

2.   Admitted.

3.   Admitted.

4.   Admitted.

5.   Admitted.

6.   Admitted.

7.   Admitted.

8.   Admitted. Although the plaintiff does not admit that evidence of the decedent's height and weight are in any way relevant to the proceeding.

9.   Admitted.

10.  Denied. The plaintiff admits that the police report contained such language; however, the plaintiff disputes the conclusions stated therein.

11. Denied. The plaintiff admits that the police report contained such language; however, the plaintiff disputes the conclusions stated therein.

12. Denied. The plaintiff admits that the police report contained such language; however, the plaintiff disputes the conclusions stated therein.

13. Denied. The plaintiff admits that the police report contained such language; however, the plaintiff disputes the conclusions stated therein.

14. Admitted.

15. Admitted.

16. Denied. The plaintiff admits that the medical examiner's report contains such language; however, the medical examiner also noted the decedent was killed in an "Accident," and the "immediate cause" of death was "Head injuries." (*See* Death Certificate attached as Exhibit A).

17. Denied. The plaintiff admits that the police report contained such language; however, the plaintiff disputes the conclusions stated therein.

18. Denied. The plaintiff admits that the police report contained such language; however, the plaintiff disputes the conclusions stated therein.

19. Admitted.

20. Denied. The plaintiff admits that Mr. Krol testified to such; however, the defendant was not granted such discretion. (*See* Plaintiff's Motion for Summary Judgment; *see also* Plaintiff's Memo in Opposition to Defendant's Motion for Summary Judgment part IV).

21. Denied. The plaintiff admits that such language is contained in the Summary Plan Description; however, the plaintiff disputes that

2

such language grants the defendant the discretion it alleges. (*See* Plaintiff's Motion for Summary Judgment; *see also* Plaintiff's Memo in Opposition to Defendant's Motion for Summary Judgment part IV).

22. Admitted.

23. Denied. The plaintiff admits that the defendant claims that it denied his claim for the reason stated; however, the decedent was killed in an accident under federal common law under ERISA. (*See* Plaintiff's Memo in Opposition to Defendant's Motion for Summary Judgment part V).

24. Denied. The plaintiff admits that the defendant's denial letter contained such language; however, at the time of such denial, federal law under ERISA was not uniform. (*See* Plaintiff's Motion for Summary Judgment p 33 and note 15).

25. Admitted.

26. Denied. The plaintiff also sought the legal basis for the defendant's decision to deny his benefits. (*See* Letter attached as Exhibit B).

27. Admitted.

28. Denied. The plaintiff does not have the ability to know what the defendant reviewed prior to denying the plaintiff's claim. In fact, the defendant's corporate designee states that other than the fact that the decedent had an elevated blood alcohol content at the time of his accident, no other facts were considered in denying the plaintiff's claim. (*See* Affidavit of Robert Krol, attached to the accompanying Memorandum of Law as Exhibit H at 32).

RISCASSI & DAVIS, P.C.  •  ATTORNEYS-AT-LAW  •  131 OAK STREET  •  P.O. BOX 261557  •  HARTFORD, CT 06126-1557  •  (860) 522-1196

PLAINTIFF,

By_____
      Everett H. Madin, Jr.
      Federal Bar No.: CT 12297
      RISCASSI & DAVIS, P.C.
      131 Oak Street
      Hartford, CT 06106
      Ph: 860-522-1196
      Fax: 860-246-5847

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed via First Class Mail, postage pre-paid, on this 1st day of September, 2004 to the following counsel of record:

John Shaban, Esq.
Whitman, Breed, Abbott & Morgan
100 Field Point Road
P O Box 2250
Greenwich, CT 06830

Andrew Muscato, Esquire
Skadden, Arps, Slate, Meagher, & Flom, LLP
Four Times Square
New York, NY 10036-6522

_____
Everett H. Madin, Jr.

4

Exhibit A

(3) AMENDED LINE 30 PER CHIEF MEDICAL EXAMINER 7/10/2001

**STATE OF CONNECTICUT — DEPT. OF HEALTH SERVICES — OFFICE OF THE CHIEF MEDICAL EXAMINER — CERTIFICATE OF DEATH**

$4 ME REV. 1/90 — with black ink.

| Field | Entry |
|---|---|
| 1. DECEASED NAME (First, Middle, Last) | Peter John Glynn |
| 2. SEX | M |
| 3. DATE OF DEATH | 6-8-2001 |
| 4. DATE OF BIRTH | June 22, 1961 |
| 5. AGE — Last Birthday | 39 |
| 6. RACE | White |
| 7. HISPANIC ORIGIN? | No |
| 8. COUNTY OF DEATH | Hartford |
| 9. TOWN OF DEATH | Bristol |
| 10. PLACE OF DEATH | Other — Peck Ln./Wolcott St |
| 12. CITY & STATE OF BIRTH | Hartford, CT |
| 13. CITIZEN OF | USA |
| 14. MARITAL STATUS | Divorced |
| 15. LAST SPOUSE | Denise Dowjat |
| 16. SOCIAL SECURITY NUMBER | 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 |
| 17. USUAL OCCUPATION | Tech Leader |
| 18. KIND OF BUSINESS OR INDUSTRY | Johnson & Johnson Medical |
| 19. RESIDENCE STATE | Connecticut |
| 20. COUNTY | Hartford |
| 21. TOWN | Bristol |
| 22. NUMBER AND STREET | 12 Putnam St. |
| 23. WAS DECEASED A VETERAN | No |
| 24. IF YES, GIVE WAR / BRANCH | ** *** |
| 25. EDUCATION | Primary/Secondary 12, College 3 |
| 26. FATHER — NAME | Philip Glynn |
| 27. MOTHER — NAME | Shirley Beeman |
| 28. INFORMANT — NAME / ADDRESS / RELATIONSHIP | Philip Glynn, 12 Putnam St. Bristol, CT 06010, Father |

**PART I. DEATH WAS CAUSED BY:**
(a) Immediate cause: Head Injuries
(b) [crossed out]
(c) [crossed out]
29. 6-9-01

**PART II. OTHER SIGNIFICANT CONDITIONS:**
30. Ethanol intoxication

31. AUTOPSY: Y
32. INJURY AT WORK: N
33. ACCIDENT, SUICIDE, HOMICIDE OR UNDETERMINED: Accident
34. DATE OF INJURY: 6-8-2001
35. HOUR: PM
36. HOW INJURY OCCURRED: Driver of Motorvehicle struck fixed object
37. PLACE OF INJURY: Street/Roadway
38. LOCATION: Peck Ln., Wolcott St., Bristol, CT

43. CERTIFICATION-MEDICAL EXAMINER: 06 08 01 P
44. DECEDENT PRONOUNCED DEAD: 06 08 2001 8:35 PM
45. M.E. CASE NO.: 01-07155
46. CERTIFIER - NAME: Malka B. Shah, MD
47. SIGNATURE: Malka B. Shah, M.D.
48. TITLE: Associate Medical Examiner
49. MAILING ADDRESS: Office of the Chief Medical Examiner, 11 Shuttle Road, Farmington, CT 06032
50. DATE SIGNED: 6-9-2001
51. BURIAL, CREMATION, REMOVAL: Burial
52. CEMETERY: St. Joseph Cem.
53. LOCATION: Bristol, CT
54. DATE: June 13, 2001
55. FUNERAL HOME: O'Brien Funeral Home, 24 Lincoln Ave, Bristol, CT 06010
57. NAME OF EMBALMER: Kenneth K. Taylor
58. LICENSE NUMBER: 2437

THIS CERTIFICATE RECEIVED FOR RECORD ON: JUN 1 1 2001
REGISTRAR: Maryann E. Spirito, Asst

I CERTIFY THAT THIS IS A TRUE COPY OF THE CERTIFICATE ON RECORD
ATTEST: Patricia De Santo Asst — REGISTRAR
DATE: AUGUST 1, 2001

Kvl #6 5/18/04

D 067

EXHIBIT    B

**RisCassi and Davis, P.C.**
Attorneys at Law

131 OAK STREET
P. O. BOX 261557
HARTFORD, CONNECTICUT 06126-1557

(860) 522-1196

WILLIAM R. DAVIS
JAMES D. BARTOLINI†
ANDREW S. GROHER
MICHAEL C. JAINCHILL†
JOHN J. HOULIHAN, JR.†
DAVID W. COONEY†
EUGENE K. SWAIN*†
KATHRYN A. CALIBEY
DOUGLAS W. HAMMOND
EVERETT H. MADIN, JR.
PAUL M. IANNACCONE

† CERTIFIED CIVIL TRIAL ADVOCATE
  NATIONAL BOARD OF TRIAL ADVOCACY
* ALSO ADMITTED IN RHODE ISLAND

FAX NUMBER
(860) 246-5847

LEON RISCASSI
1933-1986

JOSEPH C. LINNON
1956-1976

April 30, 2002

Mr. Robert Krol
Bankers Life & Casualty Company
222 Merchandise Mart Plaza
Chicago, Ill 60654-2011

RE: Peter Glynn (deceased)
    Johnson and Johnson
    Policy: SR 84001

Dear Mr. Krol:

I represent Mr. Philip Glynn with regard to Peter Glynn's accidental death claim. First, I am requesting an appeal of this decision in accordance with your letter to Mr. Glynn dated March 4, 2002.

Second, please give me a call when you have an opportunity to discuss this matter further. It is Mr. Glynn's position that the policy is fully payable under the facts and circumstances of this case.

I look forward to hearing from you in the near future.

Very truly yours,

RisCassi and Davis, P.C.

By_____
   Everett H. Madin, Jr.

EHM:kmk

D 090