**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| PHILIP GLYNN,<br>Plaintiff,<br>v.<br>BANKERS LIFE AND CASUALTY CO.,<br>Defendant. | CIVIL NO. 3-02CV1802 (AVC)<br><br><br><br>AUGUST 30, 2004 |

**DEFENDANT'S LOCAL RULE 56(a)2 STATEMENT**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied. See Transcript of Robert Krol deposition dated May 18, 2004, T43-12 to 14 ("It's not my decision to deny these things. It's just that I have the initial opinion.").

10. Denied. The citation cannot be considered as evidence because the deposition question was speculative and because there was no foundation laid during the deposition that Robert Krol had ever spoken with the Decedent or had any no first-hand knowledge as to whether the Decedent intended his death. The Decedent was a loner. See Affidavit of Krol in support of Bankers' motion for summary judgment, Exhibit B, at D0222 ("[the decedent] did not have a girlfriend or regular circle of friends." The Decedent lived with his father, but his father has yet to be deposed in this matter because he suffered a stroke. See Opposing Declaration of Muscato, ¶2 and Exhibit 1.

11. Admitted.

12. Admitted.

13. Denied. See Plaintiff's Exhibit B, Krol Transcript, at T93 for Krol's exact testimony.

14. Denied. The citation cannot be considered as evidence because the deposition question was speculative and there was no foundation laid during the deposition that Robert Krol had ever spoken with the Decedent or had any no first-hand knowledge as to whether the Decedent foresaw his death. The Decedent was a loner. See Affidavit of Krol, Exhibit B, at D0222 ("[the decedent] did not have a girlfriend or regular circle of friends." The Decedent lived with his father, but his father has yet to be deposed in this matter because he suffered a stroke. See Opposing Declaration of Muscato, ¶ 2 and Exhibit 1.

15. Denied. The citation cannot be considered in evidence because the deposition question was speculative and there was no foundation laid during the deposition

that Robert Krol had ever spoken with the Decedent or had any no first-hand knowledge as to whether the Decedent expected his death. The Decedent was a loner. See Affidavit of Krol, Exhibit B, at D0222 ("[the decedent] did not have a girlfriend or regular circle of friends." The Decedent lived with his father, but his father has yet to be deposed in this matter because he suffered a stroke. See Opposing Declaration of Muscato, ¶ 2 and Exhibit 1.

16. Denied. See Affidavit of Krol, Exhibit C, Bankers' March 4, 2002 letter denying Plaintiff's claim.

17. Admitted.

18. Denied. The citation cannot be considered in evidence because the deposition question was speculative and not supported by the facts of this case because there is no evidence that the Decedent ever purchased a non-ERISA policy from Bankers. See, generally, Plaintiff's motion record.

**Disputed Issues of Material Fact.**

1. The Decedent's state of mind on the day and night he died is in dispute, i.e. whether he was depressed, despondent, or in a state of mind that would have resulted in his death so that it was not unintended, not unforeseen or not unexpected. The Decedent was a loner, without a girlfriend or regular circle of friends. See Affidavit of Krol, Exhibit B, at D0222. At age 39, he had lived with his father for eight years. Id. at D067, D0222. At only 5 ft. 9 in. in height, Plaintiff was obese at 334 pounds. Id. at D070. Despite numerous attempts made during the pendency of this action to depose Plaintiff, he did not produce himself for questioning under oath. Bankers learned that Plaintiff suffered a stroke in

May and has notified Bankers that he may be available in October 2004 for his deposition. See Opposing Declaration of Muscato, ¶ 2 and the letters collected as Exhibit 1.

2. Whether the Decedent's death was not unintended, not unforeseen or not unexpected is disputed because, after investigating the Decedent's death, the Bristol Police concluded that "he subsequently caused his own death." Affidavit of Krol, Exhibit B, at D066.

3. Whether Plaintiff exhausted his administrative remedies is disputed. If, as Plaintiff claims, Bankers did not have the discretion to deny Plaintiff's benefits, then some other entity had to have the decision-making authority. The Plan Summary Description ("SPD") names "The Pension Committee of Johnson & Johnson as the Plan Administrator." See SPD at 200, attached as Exhibit E to the Declaration of Andrew Muscato, Esq. in support of Bankers' motion for summary judgment (The SPD appears in the form as attached as Exhibit 2 to the Declaration of John T. Shaban, Esq., filed with the Court on June 20, 2003 as part of a Bankers' motion to dismiss the complaint.) Yet, Plaintiff did not appeal to the denial of benefits to the Pension Committee of Johnson & Johnson. And, although Plaintiff was invited to "[i]nclude any documentation that you feel supports the claim," Affidavit of Krol, Exhibit C, D087, on April 30, 2002, Plaintiff corresponded with Bankers without providing further documentation. Affidavit of Krol, Exhibit D, April 30, 2002 letter from Plaintiff's counsel to Bankers, D090. After an exchange of correspondence between Plaintiff's counsel and Bankers, Bankers continued to deny the claim. Affidavit of Krol, Exhibit D,

May 9, 2002 letter from Bankers to Plaintiff's counsel (D091); May 15, 2002 letter from Plaintiff's counsel to Bankers (D092); May 22, 2002 letter from Bankers to Plaintiff's counsel (D093), but Plaintiff never submitted any further documentation as part of any appeal.

4. What constitutes the administrative record before Bankers is disputed. Plaintiff submitted to this court only pieces of the administrative record (see Plaintiff's Exhibits E, F, G), yet district courts review the entire administrative record before the plan administrator, and that record is attached to the Affidavit of Robert Krol as Exhibit B. The administrative before Bankers consists of J&J's Notice of Claim (D081), Employer's Claim Notice (D080), Peter Glynn's Beneficiary Designation (D083), a Bankers' document related to the claim(D082), the Certificate of Death (D067), Chief Medical Examiner's Report (D068 to D076), the Chief Medical Examiner's Toxicology Report (D077), the Bristol Police Department's Traffic Accident Investigation Report (D056 to D066), and the Investigative Report of Research Services Bureau, Inc. (D020 to D051).

5. Whether the Plan gave Bankers discretion to deny Plaintiff's claim is disputed. Bankers submits, and Plaintiff disagrees, that Bankers discretion arises from the use of the following language:

| Plan Name | Plan Number | Insured By | Administered By |
| --- | --- | --- | --- |
| Accident Insurance | 503 | Bankers Life and Casualty Company | Bankers Life and Casualty Co. 666 Old Country Road Suite 300 Garden City, NY 11530 |



55591

Declaration of Andrew Muscato in support of motion for summary judgment, Exhibit E, relevant portions of the Johnson & Johnson Summary Plan Description ("SPD") at 203.

> . . .
>
> If you disagree with a claim decision or want to provide additional information to Bankers Life & Casualty, you can apply for a claim review. You request a review of the claim by Bankers Life & Casualty within 60 days after you receive the claim denial notice. You must state the reason you believe the claim was improperly denied, and submit any data, questions or comments you feel are appropriate on your behalf. **Bankers Life & Casualty will evaluate your claim** within 30 business days of the receipt of the request and send a decision to you in writing.

SPD at 144 (emphasis supplied).

> If your claim for a benefit is denied in whole or in part, you (or your beneficiary) will be notified in writing **by the Administrator** for that benefit Plan [here, Bankers]. . .
>
> . . . .
>
> . . . . If you disagree with the denial, you have 60 days from the receipt of the original denial to request a review. **This request would be in writing and sent to the Administrator** for that benefit Plan.
>
> The **reviewer** will issue a decision within 60 days.
>
> ... you will be notified in writing of the **final and binding decision** on your claim. (emphasis supplied).

SPD at 204 (emphasis supplied). Furthermore, Bankers in fact exercised that discretion in denying Plaintiff's claim and issued the final and binding decision thereon. Declaration of Andrew Muscato in support of motion for summary judgment, Exhibit F, T67-6 to –18 ("Q. Bankers is the ultimate authority on whether or not the claim is denied? A. Yes.")



55591

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, this the 27 day of August 2003 to:

Everett H. Madin, Jr., Esq.
RisCassi and Davis, P.C.
131 Oak Street
P.O. Box 261557
Hartford, CT 06126-1557

John T. Shaban

6. The Decedent's experience driving his small sport convertible is disputed. According to Plaintiff, the Decedent lacked experience driving the convertible Mazda Miata, having had no more than six months experience driving it. Affidavit of Robert Krol, Exhibit B, at D022.

7. The statistics involving the probability of a driver's death from driving while intoxicated are in dispute are in dispute with Plaintiff's expert stating that the odds are "one in a million" (Plaintiff's Exhibit I at 2) without consideration of the Decedent's blood alcohol level and other experts who state that a driver with a blood alcohol content of .15% (lower than the Decedent's BAC) is 380 times more likely to die in a single vehicle crash than a nondrinker. Zador, P.L., Krawchuk, S.A., & Voas, R.B. (2000), Relative Risk of Fatal Crash Involvement by BAC, Age, and Gender, Report HS-809-050, Washington D.C., U.S. Department of Transportation, National Highway Traffic Safety Administration, statistical chart reprinted at http://www.madd.org/stats/0,1056,4839,00.html and htpp://www.ou.edu/oupd/bac.htm.

THE DEFENDANT
BANKERS LIFE AND CASUALTY
COMPANY

BY______________________

John T. Shaban, ct14075
Whitman Breed Abbott & Morgan LLC
100 Field Point Rd.
Greenwich, CT 06830
203-869-3800 (telephone)
203-869-1951 (facsimile)
jshaban@wbamct.com

and



55591

Andrew Muscato ct15073
Skadden, Arps, Slate, Meagher &
Flom LLP
Four Times Square
New York, New York 10036
212-735-3000 (telephone)
212-735-2000 (facsimile)