UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------ x
PHILIP GLYNN,                  :
                               :
            Plaintiff,         :
                               :
    v.                         :   CIVIL ACTION NO.:
                               :   02-CV-1802 (AVC)
BANKERS LIFE AND CASUALTY      :
COMPANY,                       :
                               :
            Defendant.         :   SEPTEMBER 14, 2004
                               :
------------------------------ x

**REPLY DECLARATION OF ANDREW MUSCATO, ESQ. IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I, Andrew Muscato, Esq., declare under penalty of perjury that the following is true and correct:

1.  I am counsel to Skadden, Arps, Slate, Meagher & Flom, LLP with offices at Four Times Square, New York, New York. I am an attorney of the States of New Jersey and New York, admitted pro hac vice for the defendant Bankers Life and Casualty Company ("Bankers").

2.  Attached hereto as Exhibit G is a true copy of Plaintiff's Responses to Bankers' Interrogatories that Plaintiff served in this matter.

3.  Plaintiff never supplemented his answers to interrogatories.

Executed on September 14, 2004

_____
Andrew Muscato, Esq.

Case 3:02-cv-01802-AVC   Document 101-2   Filed 09/15/2004   Page 2 of 9

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PHILIP GLYNN, :
:
    Plaintiff, : CIVIL ACTION NO.:
: 302CV1802 (AVC)
v. :
:
BANKERS LIFE AND :
CASUALTY COMPANY : MARCH 27, 2003

**PLAINTIFF'S RESPONSES
TO INTERROGATORIES DATED APRIL 17, 2003**

    The plaintiff hereby responds to the defendant's interrogatories and requests for production dated April 17, 2003:

    1.    Identify each person having knowledge of any facts relating to this case and, for each person, set forth his or her area of knowledge and identify any attach any and all related documents.

**ANSWER:**

    The identity of each person having knowledge of the facts is presently not known in this case. Nevertheless, the plaintiff has knowledge of facts regarding the decedent and the decedent's whereabouts on the day of the accident. In addition, the plaintiff believes that neighbors saw the decedent leave his home the evening of the accident around 6:00 p.m. At this point, the plaintiff is aware that either Mickey Paradis and/or Jeff Paradis of 14 Putnam Street in Bristol, Connecticut may have seen the decedent leave his home. As more witnesses become identified, this interrogatory will be supplemented in accordance with the F.R.C.P. 26..


In addition, the plaintiff hereby identifies any and all witnesses listed in the police accident report.

2.   State whether any statements or admissions were made by any party to this action.

**ANSWER:**

The plaintiff provided a statement (attached) to a representative of the defendant on November 9, 2001. The plaintiff presently does not know of any other statements or admissions.

3.   If the response to the preceding interrogatory is affirmative, state in full what was said, the time when and the place where such statements or admissions were made, the names and addresses of all persons present when such statements or admissions were made, and whether such statements or admissions were oral or written. If written, identify and attach a copy. If oral, set forth a written summary.

**ANSWER:**

Please see attached copy of interview.

4.   State whether there were any statements concerning the subject matter of this lawsuit made by any non-party to this action.

**ANSWER:**

The plaintiff does not know of any at the present time.

5.   If the responses to the preceding interrogatory is affirmative, state in full what was said, the time when and the place where such statements were made, the names and addresses of all persons present when such statements were made, and whether such statements were oral or written. If written, identify and attach a copy. If oral, set forth a written summary.

**ANSWER:**

Not applicable.

6. Identify every oral communication between Plaintiff and Bankers concerning the Policy and the matters and events alleged in the complaint, and state the date of the communication, the parties involved in the communication, the substance of the communication and identify and attach any documents reflecting this communication.

**ANSWER:**

The plaintiff believes that he spoke to Robert Krol on one or two occasions. The plaintiff inquired of Mr. Krol about the disposition of the insurance claim. Mr. Krol said that he had to speak to lawyers before he could make a determination.

7. Identify every written communication between Plaintiff and Bakers concerning the Policy and the matters and events alleged in the complaint, and state the date of the communication, the parties involved in the communication, the substance of the communication, and attach a copy of the communication.

**ANSWER:**

The plaintiff does not believe that he ever sent any letters to the defendant concerning the policy. The defendant, however, did send letters to the plaintiff (please see the attached letters for the substance of the communication)

8. Identify every oral communication, other than privileged communications, concerning Plaintiff's claim to recover accidental death benefits allegedly due under the Policy alleged in the complaint including without limitation the date of the communication, the parties involved in the communication, the substance of the communication, and identify and attach any documents concerning this communication.

**ANSWER:**

The plaintiff does not understand what is being sought by this interrogatory. Any clarification by the defendant would be appreciated. Nevertheless, the plaintiff is unaware of any non-privileged oral communications except as disclosed in response to interrogatory No. 6.

9.   State whether the decedent's driver's license has ever been revoked or suspended. If so, state:

   a.   the date of revocation or suspension;
   b.   the place of revocation or suspension; and
   c.   the reasons for the revocation or suspension.

**ANSWER:**

Plaintiff is not aware that the decedent's driver's license had ever been revoked

10.   Do you contend that the decedent's blood alcohol levels were incorrect as stated in the Toxicology Report issued by the State of Connecticut, Office of the Chief Medical Examiner, M.E. Case No. 1-07155, regarding deceased Peter Glynn, dated June 22, 2001. If so, state the factual basis for your contention. Identify and attach all related documents.

**ANSWER:**

The plaintiff may contend that the blood alcohol levels were incorrect as stated in the toxicology report.

The plaintiff will certainly demonstrate that the blood alcohol content of the decedent does not directly correlate to the blood alcohol content of the decedent prior to his death. This will be the subject of expert opinion which will be disclosed in the appropriate time.

11.  State the decedent's movements and activities during the twelve-hour period before the "motor vehicle accident" alleged in Paragraph 4 of the Complaint. Include each place visited and identify persons seen.

**ANSWER:**

The plaintiff does not know many of the decedent's movements and activities during the 12 hour period before the motor vehicle accident. The plaintiff does know that the decedent went to work that day and worked his normal hours. The decedent also went to the bank, got fuel for his car and ate his evening meal at home. That meal consisted of steak and french fries. It is unknown who had seen the plaintiff at the work place or after except for the neighbors listed in the response to interrogatory # 1. The plaintiff will supplement this response as discovery proceeds.

12.  Set forth every establishment where the decedent consumed alcoholic beverages during the time period set forth in the preceding interrogatory.

**ANSWER:**

The plaintiff does not know of any such establishment as described in this interrogatory.

13.  State whether you, individually or in a representative capacity, have made a claim or have filed a lawsuit against any other person as a result of the "motor vehicle accident" alleged in Paragraph 4 of the complaint, and, if so state the caption of the lawsuit, the docket number, the identity of the court where filed, and the disposition or current status thereof.

**ANSWER:**

No

14.  Set forth your best estimate of the decedent's consumption of alcoholic beverages per week during the twelve-month period prior to the decedent's death and indicate

whether the beverages were consumed at home, or in not consumed at home, where the beverages were consumed.

**ANSWER:**

The plaintiff is unable to respond to this interrogatory as the decedent was seldom seen by the plaintiff with any intoxicating beverages. The plaintiff had seen from time to time an empty vodka bottle in the trash at home. Again, however, the plaintiff cannot state whether the decedent consumed the vodka or, if he did, how frequently he consumed vodka. The plaintiff does not know of any drinking done by the decedent outside of the home. The decedent worked every day and the plaintiff did not see evidence of intoxication nor did he observe any drinking except on rare occasion.

Requests for Production

    1.    Copies of all documents identified in Plaintiff's answers to Bankers' interrogatories.

    See attached documents

    2.    Copies of all documents concerning the "motor vehicle accident" alleged in Paragraph 4 of the Complaint.

    See attached police accident report

    3.    Copies of all documents concerning Plaintiff's claim for accidental death benefits under the Policy.

    All documents are within the possession of the defendant.

    4.    Copies of any other documents that Plaintiff intends to rely upon at trial.

    Will forward

PLAINTIFF,

BY _____
Everett H. Madin, Jr.
Federal Bar No: CT12297
RisCassi and Davis, P.C.
131 Oak Street
Hartford, CT 06106
Ph: 860-522-1196

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was mailed via First Class Mail, postage pre-paid on the above date:

John T. Shaban, Esq.
Whitman, Breed, Abbott & Morgan
100 Field Point Road
Greenwich, CT 06830

Andrew Mascato
Skadden, Arps, Slate, Meager & Flom
One Newark Center
Newark, NY 07102

_____
Everett H. Madin, Jr.