UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILIP GLYNN | : |
| Plaintiff, | : |
| V. | : CIVIL ACTION NO.: 302CV1802 (AVC) |
| BANKERS LIFE AND CASUALTY COMPANY, | : |
| Defendant | : September 21, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE PART II OF DEFENDANT'S REPLY MEMORANDUM OF LAW DATED SEPTEMBER 15, 2004 AND A PORTION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

For the reasons that the defendant offers incompetent and inadmissible evidence in support of its assertions and conclusions, the plaintiff moves to strike part II of the Defendant's Reply Memorandum of Law dated September 15, 2004 (hereinafter Defendant's Reply) and the section of the Defendant's Motion for Summary Judgment from the last sentence on page 11 to the second paragraph of page 12, including footnotes 3 and 4.

**I.      STANDARD FOR THIS MOTION TO STRIKE**

"The principles governing admissibility of evidence do not change on a motion for summary judgment." *Raskin v. Wyatt* Co., 125 F.3d 55, 66 (2d Cir. 1997); *see also* F.R.C.P. 56(e). "Accordingly, a motion to strike is appropriate if

documents submitted in support of a motion for summary judgment contain inadmissible hearsay or conclusory statements, are incomplete, or have not been properly authenticated. *Spector v. Experian Information Services, Inc.*, No. 3: 01-CV-1955 (D.Conn. 2004) (Burns, S.D.J.) (citing *Hollander v. American Cyanamid Co.*, 999 F.Supp. 252, 255-56 (D.Conn. 1998). "Therefore, only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." *Raskin*, 125 F.3d at 66.

II.     **ARGUMENT**

    A.     **PART II OF THE DEFENDANT'S REPLY SHOULD BE STRICKEN**

Part II of the defendant's Reply Memorandum, dated September 15, 2004, should be stricken, as defendant's counsel relies on irrelevant, incompetent and inadmissible evidence. It is worth noting, once again, that at no time in this proceeding has the defendant disclosed any expert to provide testimony related to any issue in this matter.[1] Despite that fact, the defendant's counsel now makes an effort to quantify the amount of alcohol that Peter Glynn consumed on the night of his accident utilizing a formula it now proposes, without any foundation to establish its source as admissible evidence. (*See* Defendant's Reply Memorandum

---

[1] The hypothetical calculations of the amount of alcohol consumed by the decedent on the night of his accident, based on the defendant's use of a formula, obtained from a source without any foundation for its admission as evidence, is improper. Also, if such calculations were possible, which the plaintiff does not

at 3-6). Further, counsel even posits what type of liquor the decedent drank on the night of his accidental death. (*See id* at 5; note 2).[2] In fact, the defendant now simply makes up facts, without any competent evidentiary support. Neither the defendant, nor defendant's counsel, has the status of an expert[3] to make such hypothetical conclusions.

Moreover, the amount and type of alcohol that the decedent consumed on the night of his accident is irrelevant to this proceeding. The fact that the decedent had a reportedly elevated blood alcohol content at the time of his accident is not in dispute. (*See* Plaintiff's Local Rule 56(a)(1) Statement at Paragraph 6). Therefore, information related to the amount and type of liquor he may have consumed prior to his accident is of no consequence to the determination of this matter,[4] and should be stricken as irrelevant.[5] Further, there are no facts to support the statements that the defendant now offers.

The defendant has not offered any admissible evidence to establish facts in support of the conclusions offered by the defendant or the defendant's counsel.

---

admit, such calculations would require expert testimony prior to be admitting into evidence. *See* F.R.E. 701; F.R.E. 702.

[2] Neither the defendant nor the defendant's counsel has any personal knowledge with regard to what type of alcohol, nor the quantity, if any, the decedent drank on the night of his accident, therefore, such an assertion is inadmissible. *See* F.R.E. 602.

[3] *See* F.R.E. 701.

[4] *See* F.R.E. 401 ("Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evicence.")

3

Moreover, without an expert to testify to such bold assertions by the defendant, its argument is without proper evidentiary support, and is mere conjecture. Therefore, part II of the Defendant's Reply should be stricken, in its entirety.

### B. A PORTION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD BE STRICKEN[6]

The Defendant's Motion for Summary Judgement dated August 9, 2004, offers conclusory statements regarding the effects of alcohol on a drinker, who is at or over a certain blood alcohol level, citing to online sources. (*See* Defendant's Motion for Summary Judgment at 11-12; note 3). Also, again citing to online websites, without any supporting affidavit or other means of making such evidence competent, the defendant offers the idea that a driver with an elevated blood alcohol level is more likely to be killed in an alcohol related crash than a non-drinker. (*Id* at 12; note 4). This statement is inadmissible, as such evidence lacks any foundation for its admission, and cannot be considered by the court. For the foregoing reasons, the portion of the Defendant's Motion for Summary Judgment from the last sentence on page 11 to the second paragraph on page 12, including footnotes 3 and 4, should be stricken.

### III.   CONCLUSION

---

[5] *See* F.R.E. 402 ("Evidence which is not relevant is not admissible.").
[6] Please note that the substance of this argument is also contained in the Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgement at pages 6 through 9.

RISCASSI & DAVIS, P. C.   •   ATTORNEYS-AT-LAW   •   131 OAK STREET   •   P. O. BOX 261557   •   HARTFORD, CT 06126-1557   •   (860) 522-1196

For the foregoing reasons, part II of the Defendant's Reply and the section of the Defendant's Motion for Summary Judgment from the last sentence on page 11 to the second paragraph of page 12, including footnotes 3 and 4 should be stricken.

PLAINTIFF,

By_____
Everett H. Madin, Jr.
Federal Bar No.: CT 12297
RISCASSI & DAVIS, P.C.
131 Oak Street
Hartford, CT 06106
Ph: 860-522-1196
Fax: 860-246-5847

## CERTIFICATION

      This is to certify that a copy of the foregoing Memorandum of Law has been mailed, first-class postage prepaid, to counsel of record this 21st day of September, 2004, more specifically, to the following:

Andrew Muscato, Esq.
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036-6522

*For the Defendant, Bankers Life and Casualty Company*

John T. Shaban, Esq.
Maciej A. Piatkowski, Esq.
Whitman Breed Abbott & Morgan LLC
100 Field Point Rd.
Greenwich, CT 06830
*For the Defendant, Bankers Life and Casualty Company*

                                          Everett H. Madin, Jr.