UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILIP GLYNN | : |
| | : |
| Plaintiff, | : |
| | : |
| V. | : CIVIL ACTION NO.: |
| | : 302CV1802 (AVC) |
| | : |
| BANKERS LIFE AND | : |
| CASUALTY COMPANY, | : |
| | : |
| Defendant | : September 21, 2004 |

**PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The plaintiff submits this Sur-Reply in opposition to the Defendant's Reply Memorandum of Law dated September 15, 2004 (hereinafter Defendant's Reply).

I.  **ARGUMENT**

   A.  **PART II OF DEFENDANT'S REPLY SHOULD BE STRICKEN AS SUCH RELIES ON INADMISSIBLE EVIDENCE AND CONJECTURE**

Part II of the Defendant's Reply should be stricken, as defendant's counsel, again,[1] relies on incompetent and inadmissible evidence. It is worth noting, once

---

[1] The plaintiff also believes that the court should strike the portion of the Defendant's Motion for Summary Judgment from the last sentence on page 11 to the second paragraph of page 12, including footnotes 3 and 4. *See also* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment at 6; Plaintiff's Motion to Strike dated September 21, 2004.

again, that at no time in this proceeding has the defendant disclosed any expert to provide testimony related to any issue in this matter.[2] Despite that fact, the defendant's counsel now makes an effort to quantify the amount of alcohol that Peter Glynn consumed on the night of his accident utilizing a formula it now proposes, without any foundation to establish its source as admissible evidence. (*See* Defendant's Reply at 3-6). Further, counsel even posits what type of liquor the decedent drank on the night of his accidental death. (*See id* at 5; note 2).[3] In fact, the defendant now simply makes up facts, without any competent evidentiary support. Neither the defendant, nor defendant's counsel, has the status of an expert[4] to make such conclusions.

Moreover, the amount and type of alcohol that the decedent consumed on the night of his accident is irrelevant to this proceeding. The fact that the decedent had a reportedly elevated blood alcohol content at the time of his accident is not in dispute. (*See* Plaintiff's Local Rule 56(a)(1) Statement at Paragraph 6). Therefore, information related to the amount and type of liquor he may have consumed prior

---

[2] The hypothetical calculations of the amount of alcohol consumed by the decedent on the night of his accident, based on the defendant's use of a formula, obtained from a source without any foundation for its admission as evidence, is improper. Also, if such calculations were possible, which the plaintiff does not admit, such calculations would require expert testimony prior to be admitting into evidence. See F.R.E. 701; F.R.E. 702.
[3] Neither the defendant nor the defendant's counsel has any personal knowledge with regard to what type of alcohol the decedent drank on the night of his accident, therefore, such an assertion is inadmissible. See F.R.E. 602.
[4] *See* F.R.E. 701.

RISCASSI & DAVIS, P.C.  •  ATTORNEYS-AT-LAW  •  131 OAK STREET  •  P.O. BOX 261557  •  HARTFORD, CT 06126-1557  •  (860) 522-1196

to his accident is of no consequence to the determination of this matter,[5] and should be stricken as irrelevant.[6] Further, there are no facts to support the statements that the defendant now offers.

The defendant has not offered any admissible evidence to establish facts in support of the conclusions offered by the defendant or the defendant's counsel. Moreover, without an expert to testify to such bold assertions by the defendant, its argument is without proper evidentiary support, and is mere conjecture. Therefore, part II of the Defendant's Reply should be stricken, in its entirety.

> **B. THE DEFENDANT FAILS TO CITE TO BINDING AUTHORITY REGARDING THE DETERMINATION OF WHAT IS AN ACCIDENT PURSUANT TO FEDERAL COMMON LAW UNDER ERISA**

The defendant still has yet to discuss, cite or even mention the existence of *Critchlow v. First UNUM Life Ins. Co.*, 02-7585 (2d Cir. 2004).[7] The Second Circuit Court of Appeals, in deciding *Critchlow*, analyzes the decedent's conduct according to the federal common law under ERISA. *See* Exhibit A. *Critchlow* supports the plaintiff's argument that the decedent, who subjectively did not intend to die the night of his death, was reasonable in expecting to survive,

---

[5] *See* F.R.E. 401 ("Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evicence.")
[6] *See* F.R.E. 402 ("Evidence which is not relevant is not admissible.").
[7] For the court's convenience, the plaintiff attaches *Critchlow* as Exhibit A.

3

RISCASSI & DAVIS, P. C.  •  ATTORNEYS-AT-LAW  •  131 OAK STREET  •  P. O. BOX 261557  •  HARTFORD, CT 06126-1557  •  (860) 522-1196

because his death was not "likely"[8] or "substantially certain to result"[9] from his driving with a reportedly elevated blood alcohol content the night he was killed; therefore, his death was accidental. The plaintiff's expert, Dr. Mehdi Mustoghimi concludes that "the probability of an alcohol related fatal accident for an alcohol impaired driver and non-driver per 20 vehicle miles traveled is about one in a million for both the United States and Connecticut." *See* Affidavit of Mehdi Mostaghimi, attached as Exhibit B at 2.[10] The defendant has not offered any admissible evidence with regard to the probability of the decedent, or more generally a driver with an elevated blood alcohol level, being killed in an alcohol related crash. Nor did the defendant's corporate designee have any statistics, with regard to such information in his possession at the time he denied the plaintiff's claim. (*See* Deposition of Robert Krol attached as Exhibit C at 104). Therefore, Peter Glynn's expectation of surviving his trip home on the night of his death was objectively reasonable, and accidental.

    **C.**   **THE COURT HAS SUBJECT MATTER JURISDICTION AND DEFENDANT'S DECISION TO DENY PLAINTIFF'S BENEFITS SHOULD BE REVIEWED USING THE DE NOVO STANDARD OF REVIEW**

---

[8] *See* Exhibit A at 18.
[9] *See* Exhibit A at 18 (quoting *Bennett v. American International Life Assurance Co. of NY*, 956 F.Supp. 201, 211, citing *Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1456 (5th Cir. 1995) and *Wickman v. Northwestern National Ins. Co.*, 908 F.2d 1077, 1088 (1st Cir. 1990), *cert denied*, 498 U.S. 1013 (1990).
[10] Please note that Dr. Mostaghimi's original affidavit was previously submitted to this court. Therefore, for the court's convenience, the plaintiff attaches a copy of such affidavit.

RISCASSI & DAVIS, P.C. • ATTORNEYS-AT-LAW • 131 OAK STREET • P.O. BOX 261557 • HARTFORD, CT 06126-1557 • (860) 522-1196

The defendant's argument that the plaintiff has did not exhaust his administrative remedies has never been an issue in this case. It should be noted that the defendant, Bankers Life and Casualty Company did not propose such argument in its Motion for Summary Judgment dated August 9, 2004. The fact is that the plaintiff has done everything that the defendant, during its appeal process, required of the plaintiff. The defendant previously stated that the plaintiff's claim for benefits was "finally denied" after an appeal to the defendant, Bankers Life and Casualty Company. (*See* Defendant's Amended Response to Plaintiff's Request for Admissions attached as Exhibit D at 4). The defendant admits that the plaintiff appealed his denied claim to the defendant, and the appeal ultimately resulted in a denial in May, 2002. (*Id.*).[11]

The defendant argues that if Bankers Life and Casualty Company did not have discretionary authority, then the plaintiff failed to exhaust his remedies with some other entity with such discretion. (*See* Defendant's Reply at 2). The defendant, however, has missed the basis for the plaintiff's argument. The plaintiff does not dispute that the defendant, Bankers Life and Casualty Company,

---

[11] Further, Robert Krol, the defendant's corporate designee, stated that there is nothing that the plaintiff could have provided to the defendant to overturn the defendant's decision to deny his claim, since such denial was based solely on the decedent's reportedly elevated blood alcohol level. (*See* Exhibit C at 32) ("Q. Were there any facts at all in the information you received that you determined were relevant to the denial of the claim other than the blood alcohol content? A. No.").

RISCASSI & DAVIS, P. C.   •   ATTORNEYS-AT-LAW   •   131 OAK STREET   •   P. O. BOX 261557   •   HARTFORD, CT 06126-1557   •   (860) 522-1196

was the administrator of the decedent's plan with regard to the accidental death policy at issue. What the plaintiff does dispute, however, is the level of deference that the court should grant to the defendant's decision to deny the plaintiff's claim for benefits due in accordance with the decedent's policy. In this case, since the decedent's plan does not include sufficient language granting discretionary authority to the defendant, Bankers Life and Casualty Company, the court should review the defendant's decision to deny the plaintiff's claim for benefits under a de novo standard of review.

## IV.  CONCLUSION

For the reasons included in Plaintiff's Motion for Summary Judgment, Plaintiff's Memorandum of Law in Opposition to the Defendant's Motion for Summary Judgment, and this Sur-Reply Memorandum, the plaintiff's Motion for Summary Judgment should be granted, and the defendant's Motion for Summary Judgment should be denied.

                PLAINTIFF,

                By_____
                  Everett H. Madin, Jr.
                  Federal Bar No.: CT 12297
                  RISCASSI & DAVIS, P.C.
                  131 Oak Street
                  Hartford, CT 06106
                  Ph: 860-522-1196
                  Fax: 860-246-5847

## CERTIFICATION

This is to certify that a copy of the foregoing Memorandum of Law has been mailed, first-class postage prepaid, to counsel of record this 21st day of September, 2004, more specifically, to the following:

Andrew Muscato, Esq.
Katherine Creenan, Esq.
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036-6522

*For the Defendant,*
*Bankers Life and Casualty Company*

John T. Shaban, Esq.
Maciej A. Piatkowski, Esq.
Whitman Breed Abbott & Morgan LLC
100 Field Point Rd.
Greenwich, CT 06830

*For the Defendant,*
*Bankers Life and Casualty Company*

_____
Everett H. Madin, Jr.

RISCASSI & DAVIS, P.C. • ATTORNEYS-AT-LAW • 131 OAK STREET • P.O. BOX 261557 • HARTFORD, CT 06126-1557 • (860) 522-1196