UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------x
: 
PHILIP GLYNN, : CIVIL NO. 3-02CV1802 (AVC)
:
    Plaintiff, :
:
v. :
:
BANKERS LIFE AND CASUALTY CO., :
:
    Defendant. : October 8, 2004
-----------------------------------------------------------x

**DEFENDANT'S MOTION TO REOPEN DISCOVERY**

    Defendant Bankers Life & Casualty Company ("Bankers"), through undersigned counsel, hereby moves to reopen discovery to allow for: (1) the deposition of two people identified for the first time in Plaintiff's Opposition to Bankers' Motion for Summary Judgment, as well any other persons with knowledge identified by Plaintiff[1] and/or these heretofore undisclosed witnesses; (2) Bankers to produce, and Plaintiff to examine, an expert witness regarding the cause and effect of the alcohol contained in Plaintiff's Decedent's blood at the time of his death, and (3) Bankers to depose Plaintiff's alcohol expert.

    As described in the accompanying memorandum of law, Plaintiff disclosed the identity of two persons with alleged knowledge in his September 1, 2004 opposition to

---

[1] As described herein, the parties have been forced to postpone Plaintiff's deposition until the end of October due to Plaintiff's poor health.

ORAL ARGUMENT REQUESTED    1

Bankers' Motion for Summary Judgment – i.e. two months after the close of discovery. Plaintiff's tardy disclosure came in the guise of two affidavits from Decedent's sisters (the "Glynn Sisters"), who now profess to have knowledge regarding Decedent's alleged actions in the hours before his death. These persons were never identified by Plaintiff in his interrogatory responses or in any supplemental response.

Significantly, Bankers' instant request to reopen discovery to depose the Glynn Sisters will neither prejudice Plaintiff nor slow this action because the parties have already been forced to postpone Plaintiff's deposition until the end of October due to Plaintiff's poor health. Thus, Bankers needs to depose the Glynn Sisters, as well any other persons with knowledge identified by Plaintiff and/or the Glynn Sisters.

Next, Plaintiff argues in its opposition to Bankers' Motion for Summary Judgment (and his motion to strike portions of same) that Bankers needs an expert to (a) offer evidence regarding the cause and effect of the high levels of alcohol in Decedent's bloodstream, and (b) opine that drinking excessive amounts of alcohol, and thereafter operating a motor vehicle at a great rate of speed, robs one of a reasonable expectation of survival. While Bankers disagrees that expert testimony is needed on these axioms, Bankers is willing to produce an expert to opine on these topics. Judicial economy dictates that Bankers be allowed to designate an expert as Plaintiff insists, and thereafter give Plaintiff the opportunity to depose said expert (should Plaintiff so desire), rather than litigating the admissibility of this evidence and/or Bankers' need to use an expert from now through trial. Reciprocally, Bankers requests the opportunity to depose Plaintiff's experts on the same topics.

For the foregoing reasons, Bankers respectfully requests the Court to reopen discovery to allow (1) the deposition of the Glynn Sisters, as well any other persons with knowledge identified by Plaintiff and/or the Glynn Sisters; (2) Bankers to produce, and Plaintiff to examine, an expert witness regarding the cause and effect of the alcohol contained in Decedent's blood at the time of his death; and (3) Bankers to depose Plaintiff's alcohol expert.

BANKERS LIFE AND CASUALTY COMPANY

By: _____
JOHN T. SHABAN
Federal Bar No. ct14075
Whitman Breed Abbott & Morgan LLC
100 Field Point Road
Greenwich CT 06830
(203) 869-3800
(203) 869-1951

OF COUNSEL
ANDREW MUSCATO
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Newark Center
Newark, NJ 07102

## CERTIFICATION

This is to certify that a true and correct copy of the was mailed via First Class Mail, postage pre-paid on this the 5th day of October, 2004, to the following counsel of record:

    Everett H. Madin, Jr.
    Riscassi and Davis, P.C.
    131 Oak Street
    Hartford, CT 06106

    Counsel for Plaintiff Philip Glynn

                                                    John T. Shaban