UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------x
:
PHILIP GLYNN,                          :    CIVIL NO. 3-02CV1802 (AVC)
                                       :
    Plaintiff,                        :
                                       :
v.                                     :
                                       :
BANKERS LIFE AND CASUALTY CO.,         :
                                       :
    Defendant.                        :    October 8, 2004
---------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO REOPEN DISCOVERY**

    Defendant Bankers Life & Casualty Company ("Bankers"), through undersigned counsel, hereby moves to reopen discovery to allow for: (1) the deposition of two people identified for the first time in Plaintiff's Opposition to Bankers' Motion for Summary Judgment, as well any other persons with knowledge identified by Plaintiff[1] and/or these heretofore undisclosed witnesses; (2) Bankers to produce, and Plaintiff to examine, an expert witness regarding the cause and effect of the alcohol contained in Plaintiff's decedent's blood at the time of his death, and (3) Bankers to depose Plaintiff's alcohol expert.

---

[1] As described herein, the parties have been forced to postpone Plaintiff's deposition until the end of October due to Plaintiff's poor health.

1

## FACTS

This ERISA action seeks to recover benefits under an insurance policy issued by Bankers to Johnson & Johnson ("J&J"), the employer of Plaintiff's decedent. Plaintiff's decedent, Peter Glynn (the "Decedent"), died on June 8, 2001 in a single car collision. With a blood alcohol content of 0.17%, he was driving while intoxicated. Peter Glynn, who weighed 334 lbs., was driving in his Mazda Miata convertible automobile with the top down. He was traveling well in excess of the posted speed limit of 25 m.p.h. He lost control of the vehicle while approaching a curve, causing the vehicle to slide sideways until it struck the curb and overturned, trapping Glynn in the wreckage.

Plaintiff seeks to recover benefits under Group Accident Policy No. SR84,0001 (the "Policy") issued by Bankers to J&J. Complaint, First Count, ¶¶ 2, 3. The Policy was part of J&J's employee welfare plan subject to ERISA (the "Plan"). Id. As administrator of the Plan, Bankers had the discretion to deny the claim. Id., ¶¶ 4, 7. Bankers denied the claim because, under ERISA case law, the Decedent's death is not accidental because it resulted from driving while intoxicated.

Plaintiff filed his initial Complaint in Connecticut Superior Court in September 2002. Bankers removed the matter to this Court in October 2002 because Plaintiff's core claim is governed by ERISA. Plaintiff has amended his complaint multiple times, and following the grant of Bankers' October 2003 motion to dismiss the preempted state claims, Plaintiff's claim is now based solely on ERISA.

As part of this action, the Scheduling Order has been amended several times to allow for the aforementioned motion practice and discovery. Pursuant to the Scheduling

2

Order, the parties cross moved for summary judgment on or before August 9, 2004 (referred to hereinafter as "Plaintiff's MSJ" and "Bankers' MSJ").

### *Plaintiff's Undisclosed Witnesses*

Two months after the close of discovery, Plaintiff sprung a trap in his September 1, 2004 opposition to Bankers' MSJ by attaching affidavits from Decedent's two sisters (the "Glynn Sisters") professing knowledge regarding facts relevant to this case – i.e. Decedent's alleged actions in the hours before his death. See Plaintiff's Opposition to Bankers' MSJ at Ex. D (Affidavit of Theresa M. Jones), and Ex. G (Affidavit of Mary Glynn). Significantly, Plaintiff failed to disclose the identity of the Glynn Sisters in his responses to Bankers' April 17, 2003 interrogatories, which specifically asked for the identity of a persons with knowledge regarding this case.[2] Plaintiff has likewise failed to supplement his answers in any way.

### *Plaintiff's Deposition*

Notably, after avoiding his deposition for months, Plaintiff suffered a stroke which resulted the parties having to agree to depose Plaintiff on October 27, 2004 – i.e. well after the close of discovery. See Declaration of Muscato in Opposition to Plaintiff's Motion for Summary Judgment, ¶ 2 and Exhibit 1. Thus, Bankers' instant request to reopen discovery to depose the Glynn Sisters could not possibly prejudice Plaintiff or slow this action because discovery is, in fact, still not completed.[3]

---

[2] "Identify each person having any knowledge of any facts relating to this case, and, for each person, set forth his or her area of knowledge and identify [and] attach any and all related documents." A true copy of Plaintiff's Answers to Bankers' Interrogatories is attached as Ex. G to the Reply Certification of Andrew Muscato filed in support of Banker's MSJ.

[3] Bankers has served a Notice of Deposition of the Glynn Sisters for October 26, 2004.

3

*Plaintiff's Insistence That Bankers Produce an Expert*

Plaintiff argues in its opposition to Bankers' MSJ that Bankers needs an expert to (a) offer evidence regarding the cause and effect of the high levels of alcohol in Decedent's bloodstream, and (b) opine that drinking excessive amounts of alcohol, and thereafter operating a motor vehicle at a great rate of speed, robs one of a reasonable expectation of survival. See Plaintiff's Opposition to Bankers' MSJ at 6-9. Plaintiff has also moved to strike those portions of Bankers' MSJ wherein Bankers offers axiomatic evidence to demonstrate that there are no general issues of material fact that Decedent was drunk, and driving fast in such condition negates any reasonable expectation of survival. See Plaintiff's September 21, 2004 Motion to Strike.[4] Rather than litigate this issue unnecessarily (and as described below), Bankers is willing produce an expert on this front.

## ARGUMENT

This Court has discretion to amend the Scheduling Order to allow for the deposition of the Glynn Sisters, and to accommodate Plaintiff's demand that Bankers produce an expert to opine on the cause and effect of the high alcohol levels in Decedent's blood. See e.g., Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir., 2003)("a scheduling order ruling under Federal Rule of Civil Procedure 16(b) is also reviewed for abuse of discretion"), citing Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir. 2000).

---

[4] Plaintiff also mimicked this argument in an improper "Sur-Reply" to Bankers' MSJ dated September 21, 2004.

4

A.  *Should the Court Allow the Glynn Sisters' Testimony, Bankers Must be Permitted to Depose These Heretofore Undisclosed Persons with Knowledge.*

"Modern instruments of discovery serve a useful purpose . . .[t]hey together with pretrial procedures make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." United States v. Procter & Gamble, 356 U.S. 677, 683 (1958); see also FDIC v. Cherry, Bekaert & Holland, 131 F.R.D. 202, 204 (M.D. Fla. 1990)("The aim of the liberal discovery rule is to make trial 'less a game of blindman's bluff and more a fair contest'")(quoting Rozier v. Ford Motor Company, 573 F.2d 1332, 1346 (5th Cir. 1978). Here, Plaintiff violated both the letter and spirit of the law by concealing the Glynn Sisters' identities until long after discovery was closed. Plaintiff's tactics violate the very purpose of discovery -- "to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." U.S. Ex. Rel. Schwartx v. TRW, Inc., 211 F.R.D. 388 (C.D. Cal. 2002). Plaintiff can not be allowed to benefit from such tactics.

Thus, in the event that this Court denies Bankers' request under Fed. R. Civ. P. 37(c) to preclude testimony from these witnesses on summary judgment and at trial,[5] Bankers requests that discovery be reopened to allow for the deposition of the Glynn Sisters. Likewise, Bankers will need to able to depose any other witnesses with knowledge identified at Plaintiff's and/or the Glynn Sisters' depositions.

---

[5] See Banker's September 15, 2004 reply memorandum of law in further support of its motion for summary judgment.

5

B.   *The Court Should Reopen Discovery to Allow Bankers to Produce an Expert Witness as Plaintiff Insists, and to Depose Plaintiff's Expert on the Same Topics.*

Plaintiff has taken the position that Bankers needs an expert to offer evidence regarding (a) the cause and effect of the high levels of alcohol in Decedent's blood, and (b) the truism that drinking excessive amounts of alcohol while operating a motor vehicle at a great rate of speed robs one of a reasonable expectation of survival. While Bankers disagrees that expert testimony is needed on these fronts -- indeed, the evidence proffered by Bankers is the type of facts that the court can take judicial notice of under F.R.E. 201 -- Bankers is willing to produce an expert to opine on these topics. Judicial economy dictates that Bankers be allowed to designate an expert as Plaintiff insists, and thereafter give Plaintiff the opportunity to depose said expert (should Plaintiff so desire), rather than litigating the admissibility of this evidence, and/or Bankers' need to use an expert, from now through trial. This course of action makes even more sense in light of the need to reopen discovery to depose the Glynn Sisters.

Reciprocally, Bankers request the opportunity to depose Plaintiff's alcohol expert, Mehdi Mostaghimi PhD, since Plaintiff insists that expert testimony is required.

## CONCLUSION

For the foregoing reasons, Bankers respectfully requests the Court to reopen discovery to allow (1) the deposition of the Glynn Sisters, as well any other persons with knowledge identified by Plaintiff and/or the Glynn Sisters; (2) Bankers to produce, and Plaintiff to examine, an expert witness regarding the cause and effect of the alcohol contained in Decedent's blood at the time of his death; and (3) Bankers to depose Plaintiff's alcohol expert, Mehdi Mostaghimi PhD.

BANKERS LIFE AND CASUALTY
COMPANY

By: _____
JOHN T. SHABAN
Federal Bar No. ct14075
Whitman Breed Abbott & Morgan
100 Field Point Road
Greenwich, CT 06830
(203) 869-3800
(203) 869-1951

OF COUNSEL
ANDREW MUSCATO
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Newark Center
Newark, NJ 07102

CERTIFICATION

This is to certify that a true and correct copy of the foregoing was mailed via First Class Mail, postage pre-paid on this the ___ day of October, 2004, to the following counsel of record:

    Everett H. Madin, Jr.
    Riscassi and Davis, P.C.
    131 Oak Street
    Hartford, CT 06106

    Counsel for Plaintiff Philip Glynn

                              John T. Shaban