UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILIP GLYNN, <br> Plaintiff, | : <br> : <br> : |
| v. | :     Civil No. 3:02CV1802 (AVC) |
| | : |
| BANKERS LIFE AND CASUALTY <br> COMPANY, <br> Defendant | : <br> : <br> :     OCTOBER 18, 2004 |

**PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM
OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE**

The defendant's opposition to plaintiff's Motion to Strike asks this Court to take judicial notice of unsupported facts and scientific formulas that in no way constitute admissible evidence in a motion for summary judgment. Indeed, the defendant's reply brief to which the plaintiff's Motion to Strike is directed, is simply a compendium of fabricated facts, simulated science and extrajudicial expert opinion.

This case has been pending before this Court since it was removed on October 10, 2002, approximately two (2) years ago. Since then, there have been numerous extensions of time for scheduling orders and other motions. At no time, however, has the defendant sought to take any deposition other than the deposition of the decedent's father, Philip Glynn. The defendant has never sought to take any depositions of the plaintiff's experts or other witnesses

to this matter. In addition, at no time during the pendancy of this matter, has the defendant sough to disclose any experts of its own on *any* issue. Now, however, the defendant seeks to dump inadmissible material, including expert opinions, fabricated facts and other extraneous material before the Court through the vehicle of judicial notice. This completely turns the notion of a motion for summary judgment on its head and cannot be permitted.

    Rule 201 of the Federal Rules of Evidence states that a Court may take judicial notice of certain *facts* where the fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Here, not only is the defendant asking the court to take judicial notice of facts and inferences that are unsupported by affidavits, but also questionable scientific research and conclusions based on interpretations and opinions gleaned, in part, from the internet. These facts and conclusions do not consist of federal regulations or other judicial or governmental sources that cannot be questioned. *See, e.g., Kaggen v. I.R.S.*, 71 F.3d 1018, 1023 n. 2 (2d Cir. 1995) (citing *Texas & Pac. Ry. Co. v. Pottorff*, 291 U.S. 245, 254 n.4 (1933)). Consequently, neither the "facts" suggested by the defendant nor its scientific conclusions satisfy the Rule 201.

    It is obvious that if the defendant felt that the information it has offered in its reply brief and its memorandum in opposition to the plaintiff's motion to strike the reply brief, was

RISCASSI & DAVIS, P. C.  •  ATTORNEYS-AT-LAW  •  131 OAK STREET  •  P. O. BOX 261557  •  HARTFORD, CT 06126-1557  •  (860) 522-1196

somehow necessary to a determination of the case, the defendant should have disclosed experts and taken depositions in accordance with the scheduling order.

It is also noteworthy that the defendant does not suggest that the motion for summary judgments cannot be decided because of outstanding factual issues. Indeed, its own corporate designee, Robert Krol, states that there are no factual issues relevant other than the blood alcohol content of the decedent. Now, in its memorandum of law in opposition to the plaintiff's motion to strike, the defendant, yet again, seeks to insert more unfounded, untested and undisclosed opinions, materials and facts to the Court. Not only is this attempt of the defendant improper under the Rules of Civil Procedure, but it is also an improper attempt to prejudice this Court in deciding the cross motions for summary judgment.

Accordingly, for all the above reasons, the plaintiff respectfully requests that the Court grant its motion to strike the defendant's reply brief.

                PLAINTIFF,

                By_____
                    Everett H. Madin, Jr.
                    Federal Bar No.: CT 12297
                    RISCASSI & DAVIS, P.C.
                    131 Oak Street
                    Hartford, CT 06106
                    Ph: 860-522-1196
                    Fax: 860-246-5847

## **CERTIFICATION**

      This is to certify that a copy of the foregoing Memorandum of Law has been mailed, first-class postage prepaid, to counsel of record this **th day of September, 2004, more specifically, to the following:

Andrew Muscato, Esq.
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036-6522

John T. Shaban, Esq.
Maciej A. Piatkowski, Esq.
Whitman Breed Abbott & Morgan LLC
100 Field Point Rd.
Greenwich, CT 06830

                                                                Everett H. Madin, Jr.