UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILIP GLYNN : | |
| : | |
| Plaintiff, : | |
| : | |
| V. : | CIVIL ACTION NO.: |
| : | 302CV1802 (AVC) |
| : | |
| BANKERS LIFE AND : | |
| CASUALTY COMPANY, : | |
| : | |
| Defendant : | October 18, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO REOPEN DISCOVERY**

The plaintiff hereby objects to the defendant's Motion to Reopen Discovery dated October 8, 2004. The defendant made a decision to proceed without the assistance of expert testimony in this matter. Neither the plaintiff, nor this Court, should allow the defendant to, in non-compliance to the operative scheduling order, change its strategy, having now determined for itself that an expert may be advantageous to its case. The deadline for discovery, and the disclosure of experts, has passed, and, further, this case is scheduled for trial on December 8, 2004 with the trial memorandum due on November 8, 2004. Contrary to the defendant's assertions, the plaintiff has never demanded, or insisted, that the defendant, Bankers Life and Casualty Company, provide an expert in this case. A decision to reopen discovery, especially

1

for the purposes advanced by the defendant, would prejudice the plaintiff's case and likely delay the trial date. Therefore, the plaintiff's objection to the defendant's Motion to Reopen Discovery should be SUSTAINED.

I.   **STANDARD FOR THIS MOTION**

Federal Rule of Civil Procedure 16(b) states that "[a] scheduling order shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." *See also* Connecticut District Court Local Rule 16(b)(4). "A finding of good cause depends on the diligence of the moving party." *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000); *Grochowski v. Phoenix Constuction*, 318 F.3d 80, 86 (2d Cir. 2003); *Callahan v. Unisource Worldwide, Inc.*, No. 3:01 CV 1205 (February 24, 2004, Droney, Christopher, D.J.).

II.   **ARGUMENT**

The defendant has not provided any evidence of good cause, because they have not been diligent in complying with, and moving to extend, the deadlines of the established scheduling order as it applies to expert testimony. In fact, on March 31, 2004, by way of a Joint Motion to Extend Deadlines *Nunc Pro Tunc* and For a Status Conference, the parties moved, and were granted, the extension of the deadline to designate all trial experts and provide opposing counsel with reports from retained experts to May 8, 2004. Further, the depositions of such experts were to be completed by July 8, 2004. Indeed, the defendant never

2

disclosed any expert witnesses to testify as to any issue in this proceeding before the expiration of the time period in the scheduling order.

Further, on June 15, 2004, the defendant withdrew its Joint Motion to Extend Deadlines, dated June 10, 2004, because the plaintiff agreed to allow the defendant to take the deposition of the plaintiff, Philip Glynn at a time when his health status made his deposition appropriate. The defendant's withdrawn motion did not mention, or give any indication of an intention to designate or disclose an expert, at that time already being over a month after the deadline for designation of such experts had expired. The plaintiff, Philip Glynn will be deposed on October 26, 2004, in compliance with the operative scheduling order.

The defendant's argument that discovery must be reopened because the plaintiff has demanded and/or insisted that it provide an expert lacks any basis. In fact, the point that the defendant has never disclosed any expert witness to testify to any issue in this matter is stressed by the plaintiff in moving to strike the inadmissible evidence that the defendant has repeatedly attempted to offer to the Court. Also, the plaintiff had directed the Court's attention to that fact to establish that the defendant does not have any expert testimony to support its denial of the plaintiff's claim. In fact, the defendant's corporate designee, Robert Krol, stated that the denial of the plaintiff's claim, on behalf of the defendant, was based on the decedent's reportedly

3

elevated blood alcohol content, and that no further facts would have changed his decision to deny. *See* Deposition of Robert Krol at 31-32.

The defendant's second-guessing of its previously employed trial strategy of not disclosing any expert witness to establish, or support, any arguments it may have had in denying the plaintiff's claim, despite ample opportunity to do so, should not be remedied by this court, at this stage in the litigation by allowing discovery to be reopened. The plaintiff would be greatly prejudiced by the reopening of discovery, as the trial ready date has been assigned for December 8, 2004. The court should not prejudice the plaintiff due to the lack of diligence of the defendant.

## III. CONCLUSION

For the foregoing reasons, the Plaintiff's Objection to Defendant's Motion to Reopen Discovery should be SUSTAINED.

PLAINTIFF,

By_____
Everett H. Madin, Jr.
Federal Bar No.: CT 12297
RISCASSI & DAVIS, P.C.
131 Oak Street
Hartford, CT 06106
Ph: 860-522-1196
Fax: 860-246-5847

## **CERTIFICATION**

This is to certify that a copy of the foregoing Memorandum of Law has been mailed, first-class postage prepaid, to counsel of record this 18th day of October, 2004, more specifically, to the following:

Andrew Muscato, Esq.
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036-6522

John T. Shaban, Esq.
Maciej A. Piatkowski, Esq.
Whitman Breed Abbott & Morgan LLC
100 Field Point Rd.
Greenwich, CT 06830

                                           Everett H. Madin, Jr.