# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
----------------------------------------------------x
                                            :
PHILIP GLYNN,                               :        CIVIL NO. 3-02CV1802 (AVC)
                                            :
        Plaintiff,                          :
                                            :
v.                                          :
                                            :
BANKERS LIFE AND CASUALTY CO.,              :
                                            :
        Defendant.                          :        October 29, 2004
----------------------------------------------------x
```

## REPLY MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION TO REOPEN DISCOVERY

Defendant, Bankers Life & Casualty Company ("Bankers"), offers the within reply memorandum in support of its October 8, 2004 Motion to Reopen Discovery ("Bankers' Motion").

## ARGUMENT

Plaintiff's objection to Bankers' Motion asks this Court to adopt a host of double standards, and to ignore an efficient and common sense approach to readying this matter for trial.

First, while Plaintiff complains that Bankers' Motion derives from Banker's "inability to meet the scheduling order" deadlines, Plaintiff brazenly ignores the fact that it was Plaintiff who identified witnesses for the first time in his opposition to Bankers' MSJ, <u>months</u> after the close of discovery. On this basis alone, discovery must be reopened to allow Bankers the opportunity to depose these heretofore undisclosed witnesses, and to prevent Plaintiff from reaping a benefit from avoiding his discovery obligations.

1

Next, Plaintiff now denies ever arguing that Bankers needs an expert to offer evidence regarding the cause and effect of the high levels of alcohol in Decedent's bloodstream. Plaintiff's Opposition to Bankers' Motion for Summary Judgment (Docket No. 93, pgs. 6-9), Plaintiff's Sur-Reply (Docket No. 104) and Plaintiff's Motion to Strike (Docket Nos. 102, 103) demonstrate otherwise. Again, Bankers believes that expert testimony is not needed to offer axiomatic evidence (as attached to Bankers' MSJ) regarding the amount of alcohol necessarily ingested by Decedent to reach his undisputed blood alcohol level at the time of his death, and to demonstrate that driving recklessly while drunk negates any reasonable expectation of survival. Rather than litigate this issue, however, Bankers is willing produce an expert on this front, and believes that reciprocal depositions on these topics will spare the Court from unnecessary evidentiary motions and possible appeals.[1]

Finally, Plaintiff's prejudice argument is rendered moot by the parties' October 27, 2004 Joint Motion to Extend Deadlines asking the Court to extend the trial memorandum and readiness dates 60 days to allow for a decision on, among other things, the parties' cross motions for summary judgment. The remaining discovery can be completed easily within the additional time requested by both parties.

## CONCLUSION

For the reasons set forth in Bankers' Motion, and the foregoing reasons, Bankers respectfully requests the Court to reopen discovery to allow (1) the deposition of the Glynn Sisters, as well any other persons with knowledge identified by Plaintiff and/or the Glynn Sisters; (2) Bankers to produce, and Plaintiff to examine, an expert witness

---

[1]  Likewise, granting Bankers' Motion would essentially moot Plaintiff's Motion to Strike.

regarding the cause and effect of the alcohol contained in Decedent's blood at the time of

his death; and (3) Bankers to depose Plaintiff's alcohol expert, Mehdi Mostaghimi PhD.


BANKERS LIFE AND CASUALTY
COMPANY

By: _____
JOHN T. SHABAN
Federal Bar No. ct14075
Whitman Breed Abbott & Morgan
100 Field Point Road
Greenwich, CT 06830
(203) 869-3800
(203) 869-1951

OF COUNSEL
ANDREW MUSCATO
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Newark Center
Newark, NJ 07102

CERTIFICATION

This is to certify that a true and correct copy of the foregoing was mailed via First

Class Mail, postage pre-paid on this the ___ day of October, 2004, to the following

counsel of record:

      Everett H. Madin, Jr.
      Riscassi and Davis, P.C.
      131 Oak Street
      Hartford, CT 06106

      Counsel for Plaintiff Philip Glynn

                             John T. Shaban