UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 NOV -9 P 3: 22
US DISTRICT COURT
HARTFORD, CT.

PHILIP GLYNN
   Plaintiff,

v.

BANKERS LIFE AND
CASUALTY COMPANY
   Defendant.

Civil No. 3:02cv1802(AVC)

**ORDER ON MOTION TO REOPEN DISCOVERY (doc. no.106),
CROSS MOTIONS FOR SUMMARY JUDGMENT (doc. nos. 85 and 88), AND
MOTION TO STRIKE (doc. no.102).**

    This is an action for damages brought pursuant to the Employment Retirement Security Act of 1974 ("ERISA"), which arises out of the defendant's alleged improper denial of life insurance benefits. On June 8, 2001, Peter Glynn (the decedent) died in a single car crash. Peter Glynn's sole beneficiary, his father Philip Glynn, attempted to recover benefits under a Bankers Life insurance policy issued to the decedent's employer, Johnson & Johnson. Bankers Life denied the claim, reasoning that the decedent's death was not accidental because his blood alcohol level was above the legal limit at the time of his death. Glynn argues that the decedent's death was accidental and that therefore the denial of benefits was improper.

    On July 8, 2004, discovery closed. Both Glynn and Bankers Life subsequently filed motions for summary judgment. On August 5, 2004, Glynn filed a motion for summary judgment (doc. no.88). On August 9, 2004, Bankers Life filed a motion for summary judgment (doc. no.88).

1

On September 1, 2004, Glynn filed a memorandum in opposition (doc. no.93) to Bankers Life's motion for summary judgment. Glynn attached affidavits from the decedent's sisters, Theresa Jones and Mary Glynn.[1] Theresa Jones's affidavit describes a visit with the decedent approximately three hours before his death. Mary Glynn's affidavit describes a conversation with a police officer who allegedly investigated the site of the crash.

On October 12, 2004, Bankers Life filed the within motion (doc. no.106) requesting that the court "reopen discovery." Bankers Life argues that additional discovery is necessary:

> to allow (1) for the deposition of the Glynn Sisters, as well [as] any other persons with knowledge identified by Plaintiff and/or the Glynn Sisters; (2) Bankers to produce, and Plaintiff to examine, an expert witness regarding the cause and effect of the alcohol contained in Decedent's blood at the time of his death; and (3) Bankers to depose Plaintiff's alcohol expert, Mehdi Mostaghimi PhD.

Specifically as to the first request, Bankers Life argues that Glynn "failed to disclose the identity of the Glynn Sisters in his responses to Bankers' April 17, 2003 interrogatories . . ." As to the second and third requests, Bankers Life argues that Glynn "has taken the position that Bankers needs an expert to offer evidence" regarding the effect of alcohol on drivers. Bankers argues that "[j]udicial economy dictates that Bankers be allowed to designate an expert as Plaintiff insists."

---

[1] The parties have also filed various subsequent memorandums regarding the motions for summary judgment that the court need not recite for the purposes of this order.

2

Glynn responds that the court should not reopen discovery. Specifically, "to reopen discovery at this time, due to the second-guessing of [the defendant's] strategy of not providing expert testimony to support its case would be inappropriate." Glynn does not respond to Bankers Life's argument that Glynn failed previously to disclose Mary Glynn and Theresa Jones.

## DISCUSSION

Federal Rule of Civil Procedure 16(b) states, in part: "A schedule shall not be modified except upon a showing of good cause and by leave of the district court . . ." Fed. R. Civ. P. 16(b). "A finding of good cause depends on the diligence of the moving party." Grochowski v. Pheonix Construction, 318 F.3d 80, 86 (2d Cir. 2003)(citation omitted). The Second Circuit reviews "a scheduling order ruling" under an "abuse of discretion" standard. Grochowski v. Pheonix Construction, 318 F.3d 80, 86 (2d Cir. 2003)(citing Parker v. Columbia Pictures Inc., 204 F.3d 326, 339 (2d Cir. 2000)).

The court concludes that good cause exists to reopen discovery for the following limited purposes: 1) Bankers Life's deposition of Mary Glynn and Theresa Jones; 2) Bankers Life's production of an expert "regarding the cause and effect of the alcohol contained in Decedent's blood at the time of his death" and Glynn's deposition of such expert; 3) Bankers Life's deposition of Glynn's alcohol expert, Mehdi Mostaghimi, Ph.D. The parties shall have until December 31, 2004 to complete this limited discovery.

3

Both Glynn's motion for summary judgment (doc. no.85) and Bankers Life's motion for summary judgment (doc. no.88) address the issue of "the cause and effect of the alcohol contained in Decedent's blood at the time of his death." The additional discovery will bare on this issue. Accordingly, both motions for summary judgment (doc. no.88 and doc. no.85) are denied without prejudice to their refiling after the completion of discovery. In light of the denial without prejudice of Bankers Life's motion for summary judgment, Glynn's motion (doc. no.102) to strike part of Bankers Life's motion for summary judgment is denied as moot.

## CONCLUSION

Bankers Life's motion to reopen discovery (doc. no.106) is GRANTED for the limited purposes set forth above. Discovery shall be completed by December 31, 2004. Both Glynn's motion for summary judgment (doc. no.85) and Bankers Life's motion for summary judgment (doc. no.88) are DENIED without prejudice to their refiling after the close of discovery. Glynn's motion to strike (doc. no.102) is DENIED as moot. The amended deadlines for this case are set forth in the fourth amended scheduling order issued this day.

It is so ordered this 9TH day of November, 2004 at Hartford, CT.

Alfred V. Covello, U.S.D.J.