UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILIP GLYNN | : |
| Plaintiff, | : |
| V. | : CIVIL ACTION NO.: |
| | : 302CV1802 (AVC) |
| BANKERS LIFE AND | : |
| CASUALTY COMPANY, | : |
| Defendant | : December 17, 2004 |

**PLAINTIFF'S MOTION FOR PERMISSION TO DISCLOSE REBUTTAL EXPERT WITNESS**

The plaintiff hereby moves for permission to disclose an expert for the purpose of rebutting a narrow portion of the testimony of Robert J. Pandina, Ph.D., the expert witness for the defendant, Bankers Life and Casualty Company, who the plaintiff deposed on December 9, 2004. A memorandum of law accompanies this motion.

The disclosure and depositions of expert witnesses was to be completed by July 8, 2004, according to the operative scheduling order. However, on November 9, 2004, at the request of the defendant and despite the plaintiffs' objection, the Court granted the defendant's Motion to Reopen Discovery. Discovery was reopened through December 31, 2004 to allow the defendant to disclose an expert and take two depositions.

On December 9, 2004, in conformance with the Court's order, the plaintiff deposed Robert J. Pandina, Ph.D., the defendant's expert in New Jersey. Dr. Pandina's testimony basically touched on three areas. First, he testified regarding the origin and meaning of Mr. Glynn's blood alcohol level. Second, he testified about the statistical level of risk associated in general with drinking and driving. Third, he testified concerning the effect of alcohol on a typical automobile operator. The plaintiff will adopt Dr. Pandini's deposition testimony regarding the second and third topics and, in fact, will cross-disclose Dr. Pandini as an expert on those topics in accordance with his deposition testimony. On the first issue, however, Dr. Pandini's analysis is not based upon sound scientific and medical principles.

Accordingly, the plaintiff seeks permission from this Court to disclose an expert to rebut the scientific validity of the opinion of Robert J. Pandina, Ph.D., regarding the origin and meaning of the blood alcohol level of Peter Glynn. In particular, the plaintiff seeks to disclose John W. Soper, Ph.D., a Scientific Director at the Federal Aviation Administration, as an expert for the limited purpose of testifying, contrary to Dr. Pandini, that a postmortem blood alcohol level from a single specimen, by itself, does not establish the blood alcohol level of that individual prior to death. Dr. Soper's testimony will be based upon the scientific and medical principles that control the postmortem production of

2

ethanol levels as well as other factors that contribute to a falsely high ethanol level in a cadaver.

The plaintiff does not intend to rebut portions of Mr. Pandina's deposition testimony regarding the relative risk or effects of alcohol on an automobile operator.

PLAINTIFF,

By_____
Everett H. Madin, Jr.
Federal Bar No.: CT 12297
RISCASSI & DAVIS, P.C.
131 Oak Street
Hartford, CT 06106
Ph: 860-522-1196
Fax: 860-246-5847

## **CERTIFICATION**

This is to certify that a copy of the foregoing Memorandum of Law has been mailed, first-class postage prepaid, to counsel of record this 17th day of December, 2004, more specifically, to the following:

Andrew Muscato, Esq.
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036-6522

John T. Shaban, Esq.
Maciej A. Piatkowski, Esq.
Whitman Breed Abbott & Morgan LLC
100 Field Point Rd.
Greenwich, CT 06830

                                              Everett H. Madin, Jr.

RISCASSI & DAVIS, P.C. • ATTORNEYS-AT-LAW • 131 OAK STREET • P. O. BOX 261557 • HARTFORD, CT 06126-1557 • (860) 522-1196