FILED

2005 JAN 12 A 11: 13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHILIP GLYNN | : | |
| Plaintiff, | : | |
| V. | : | CIVIL ACTION NO.: |
| | : | 302CV1802 (AVC) |
| BANKERS LIFE AND | : | |
| CASUALTY COMPANY, | : | |
| Defendant | : | January 11, 2005 |

**PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR PERMISSION TO FILE
MEMORANDUM IN EXCESS OF FORTY (40) PAGES**

The plaintiff requests that permission be given to file a memorandum of law in excess of forty (40) pages of print. On November 9, 2004, this Court granted the defendant's Motion to Reopen Discovery for purposes including allowing the defendant, Bankers Life & Casualty Company, to disclose an expert to testify "regarding the cause and effect of the alcohol contained in Decedent's blood at the time of his death," and allow the plaintiff to depose this witness by December 31, 2004.[1] In so doing, this Court denied the parties' cross motions for

---

[1] The defendant has subsequently disclosed an expert witness, and the plaintiff deposed such witness on December 9, 2004. Furthermore, the plaintiff's Motion for Permission to Disclose Expert Witness, dated December 17, 2004, is pending at this time.

1

summary judgment, without prejudice, which were pending at that time. The plaintiff now seeks permission, in advance of filing anything with the Court, to file his Motion for Summary Judgment in this matter in excess of the forty (40) page limit expressed in Local Rule of Civil Procedure 7(a)(2).

## I.     Standard

A district court has the discretion to adopt local rules that are necessary to carry out the conduct of its business. *Frazier v. Heebe*, 482 U.S. 641, 645 (1987). "Pursuant to 28 U.S.C. § 2071(a) and Rule 83 of the Federal Rules of Civil Procedure, district courts have the power to enact Local Rules governing their practice, procedure and conduct of business. *Somlyo v. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1046 (2d. Cir. 1991). "Local rules have the force of law to the extent that they do not conflict with rules prescribed by the Supreme Court, Acts of Congress, or the Constitution. (citations omitted) *Id.*

## II.    Argument

The plaintiff should be allowed to file a Motion for Summary Judgment in excess of the forty-page limitation provided in this Court's local rule. The plaintiff, on August 5, 2004, filed its original Motion for Summary Judgment. Subsequently, in response to the defendant's Motion for Summary Judgment, the plaintiff filed his Memorandum of Law in Opposition, on

September 1, 2004. As stated, this Court dismissed these cross motions for summary judgment, without prejudice, on November 9, 2004. This matter has a trial ready date of March 28, 2005.

This Court's November 9, 2004 order also granted the defendant's Motion to Reopen Discovery. As a consequence, the defendant was given permission to disclose an expert witness, which was disclosed and recently deposed by the plaintiff.[2] The plaintiff, Philip Glynn, was deposed on October 26, 2004. Furthermore, depositions of the plaintiff's expert witness, Mehdi Mostaghimi, and the decedent's sisters, Mary Glynn and Theresa Jones, are scheduled for January 17, 2005. The plaintiff seeks permission to file his Motion for Summary Judgment, likely in excess of forty pages, in order to include the arguments included in its initial Motion for Summary Judgment and Memorandum in Opposition to the defendant's Motion for Summary Judgment, along with any arguments which have, or may be, discovered in the aforementioned depositions in his Motion for Summary Judgment.

### III.  Conclusion

For the foregoing reasons, the plaintiff's Motion for Permission to File a Memorandum in Excess of Forty (40) Pages should be GRANTED.

---

[2] Note that the plaintiff's Motion to Disclose Expert Witness is still pending with this Court.

RISCASSI & DAVIS, P. C.  •  ATTORNEYS-AT-LAW  •  131 OAK STREET  •  P. O. BOX 261557  •  HARTFORD, CT 06126-1557  •  (860) 522-1196

PLAINTIFF,

By_____
Everett H. Madin, Jr.
Federal Bar No.: CT 12297
RISCASSI & DAVIS, P.C.
131 Oak Street
Hartford, CT 06106
Ph: 860-522-1196
Fax: 860-246-5847

## CERTIFICATION

This is to certify that a copy of the foregoing Memorandum of Law has been mailed, first-class postage prepaid, to counsel of record this 11th day of January, 2005, more specifically, to the following:

Andrew Muscato, Esq.
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036-6522

John T. Shaban, Esq.
Whitman Breed Abbott & Morgan LLC
100 Field Point Rd.
Greenwich, CT 06830

_____
Everett H. Madin, Jr.

4