**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

FILED

PHILIP GLYNN                              :
  Plaintiff,                              :                      2005 JAN 21  P 3: 46

v.                                        : Civil No.  3:02CV1802 (AVC)
                                           :                      DISTRICT COURT
                                              HARTFORD, CT.
BANKERS LIFE AND                          :
CASUALTY COMPANY                          :
  Defendant.                             :

**ORDER ON MOTION TO DISCLOSE
REBUTTAL EXPERT WITNESS  (doc no. 118)**

This is an action for damages brought pursuant to the

Employment Retirement Security Act of 1974 ("ERISA"), which arises

out of the defendant's allegedly improper denial of life insurance

benefits.  On June 8, 2001, Peter Glynn ("decedent") died in a

single car crash.  The decedent's sole beneficiary, his father

Philip Glynn, attempted to recover benefits under a Bankers Life

insurance policy.  Bankers Life denied the claim, reasoning that

the decedent's death was not accidental because his blood alcohol

level was above the legal limit at the time of his death.  Glynn

argues that the decedent's death was accidental and that therefore

the denial of benefits was improper.

On July 8, 2004, discovery closed.  Four months later, on

November 9, 2004, the court reopened discovery for three purposes.

The court's order stated that one of the purposes was to allow

Bankers Life to disclose a witness who would testify as to the

"cause and effect of the alcohol" in the decedent's blood.  The

court relied on Bankers Life's representations that this witness

would only testify regarding: 1) "the amount of alcohol necessarily

ingested by Decedent to reach his undisputed blood alcohol level at

the time of his death," and 2) the proposition     "that driving recklessly while drunk negates any reasonable expectation of survival."  On December 9, 2004, the parties took the deposition of Bankers Life's expert witness, one Robert J. Pandini, Ph.D.

On December 28, 2004, Glynn filed the within motion "for permission to disclose [a] rebuttal expert witness," one John W. Soper, Ph.D. (document no. 118).  Bankers Life responds that Glynn's proposed expert is "not a rebuttal expert" and that "it would be prejudicial" to Bankers Life for the court to allow Glynn to disclose Dr. Soper.

The court concludes that it is appropriate to allow Glynn to disclose an expert to rebut the portions of Dr. Pandini's testimony that relate to the limited purposes for which the court reopened discovery.  Namely, Glynn may disclose an expert to rebut Dr. Pandini's testimony regarding: 1) the amount of alcohol that the decedent ingested to reach his postmortem blood alcohol level, and 2) Bankers Life's proposition that "driving recklessly while drunk negates any reasonable expectation of survival."

The parties shall have until February 25, 2005 to complete this limited discovery.  The amended deadlines for this case are set forth in the fifth amended scheduling order issued this day.

It is so ordered this 21st day of January, 2005 at Hartford, Connecticut.

_____
Alfred V. Covello, U.S.D.J.