# EXHIBIT Q

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

A DELAWARE LIMITED LIABILITY PARTNERSHIP

ONE NEWARK CENTER
NEWARK, NEW JERSEY 07102-5297

TEL: (973) 639-6800
FAX: (973) 639-6858
www.skadden.com

ROBERT J. DEL TUFO
RESIDENT PARTNER

DIRECT DIAL
973-639-6817
DIRECT FAX
973-848-0878
EMAIL ADDRESS
AMUSCATO@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
RESTON
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

November 11, 2003

<u>Via Federal Express</u>

Everett H. Madin, Jr., Esq.
Riscassi and Davis, P.C.
131 Oak Street
P.O. Box 261557
Hartford, CT 06126-1557

Re: <u>Glynn v. Bankers Life & Casualty Company</u>

Dear Mr. Madin:

   We hereby serve you with Defendant's Amended Response to Plaintiff's Request for Admissions in the above matter.

   As local counsel John Shaban explained to you, Defendant has amended its responses to Requests for Admission Nos. 4 and 5 to admit the requests. As a result, Plaintiff's motion to determine the sufficiency of Defendants' responses to requests for admissions is addressed to Defendant's responses to Requests Nos. 1, 2 and 11.

Very truly yours,

*Katherine Creenan*
Katherine Creenan

Enclosure
cc: John Shaban, Esq. (w/enc.)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------X
PHILIP GLYNN,                                   :     CIVIL NO. 3-02CV1802 (AVC)
                                                :
         Plaintiff,                             :
                                                :
v.                                              :
                                                :
BANKERS LIFE AND CASUALTY CO.,                  :
                                                :
         Defendant.                             :     NOVEMBER 11, 2003
---------------------------------------------------X

### DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

Pursuant to Fed. R. Civ. Pro. 36, defendant Bankers Life and Casualty Company ("Bankers") hereby provides the following amended responses to Plaintiff's Requests for Admissions:

Request for Admissions No. 1:
Between January 1, 2000 and July 1, 2003, Bankers Life & Casualty Company has paid death benefits to beneficiaries of persons killed while operating a motor vehicle legally intoxicated pursuant to accident policies which are payable by reason of the accidental death of an employee.

Response: Bankers objects to Request for Admissions No. 1 to the extent that it seeks information that is irrelevant to and/or outside the scope of claims raised in the context of an ERISA-governed plan. Bankers also objects to Request for Admissions No. 1 because it seeks information that is irrelevant to and/or outside the scope of coverage provided by the Johnson & Johnson employee benefit plan.

Request for Admissions No. 2:
Between January 1, 2000 and July 1, 2003, Bankers Life & Casualty Company has paid death benefits to beneficiaries of persons killed while operating a motor vehicle while legally intoxicated pursuant to accident policies which are payable by reason of the accidental death of an employee in claims not governed by ERISA law.

Response: Bankers objects to Request for Admissions No. 2 to the extent that it seeks information that is irrelevant to and/or outside the scope of claims raised in the contest of an ERISA-governed plan. Bankers also objects to Request for Admission No. 2 because it seeks information that is irrelevant to and/or outside the scope of coverage provided by the Johnson & Johnson employee benefit plan.

Request for Admissions No. 3:
The Johnson & Johnson Choices Benefit Plan in the present case does not contain any language vesting Bankers Life & Casualty Company with discretion to determine eligibility for benefits or to construe the terms of the plan.

Response: Denied.

If you deny Request for Admission number 3, please set forth the specific language in the plan which provides said discretion.

The Plan identified Bankers as its administrator:

| Plan Name | Plan Number | Insured By | Administered By |
|---|---|---|---|
| Accident Insurance | 503 | Bankers Life and Casualty Company | Bankers Life and Casualty Co. 666 Old Country Road Suite 300 Garden City, NY 11530 |

The Plan granted Bankers discretion to deny Plaintiffs' claim for benefits.

The Plan reads:

> If you disagree with a claim decision or want to provide additional information to Bankers Life & Casualty, you can apply for a claim review. You request a review of the claim by Bankers Life & Casualty within 60 days after you receive the claim denial notice. You must state the reason you believe the claim was improperly denied, and submit any data, questions or comments you feel are appropriate on your behalf. **Bankers Life & Casualty will evaluate your claim** within 30 business days of the receipt of the request and send a decision to you in writing.
>
> . . . .

2

> If your claim for a benefit is denied in whole or in part, you (or your beneficiary) will be notified in writing **by the Administrator** for that benefit Plan.
>
> . . . .
>
> . . . . If you disagree with the denial, you have 60 days from the receipt of the original denial to request a review. **This request would be in writing and sent to the Administrator** for that benefit Plan.
>
> The **reviewer** will issue a decision within 60 days.

Request for Admissions No. 4:
　　Bankers Life & Casualty Company had done no research into the statistical likelihood of legally intoxicated drivers dying in a motor vehicle accident prior to deciding to deny the claim filed by Philip Glynn.

Response: Admitted.

Request for Admissions No. 5:
　　Bankers Life & Casualty Company did not base its decision to deny the claim filed by Philip Glynn on any research it had done with regard to intoxicated drivers.

Response: Admitted.

Request for Admissions No. 6:
　　Bankers Life & Casualty Company did not accurately set forth the state of the law to Philip Glynn in its letter dated March 4, 2002 (attached as exhibit 1) which stated: "Federal courts, in applying federal common law to claims for accidental death under ERISA plans, have uniformly held that death resulting from driving while intoxicated is not accidental."

Response: Denied. Bankers further observes that Exhibit 1 was not attached to Plaintiff's Request for Admissions.

Request for Admissions No. 7:
　　Robert Krol was asked by Philip Glynn to provide a complete copy of the plan and policy on March 14, 2001.

Response: Bankers admits that Philip Glynn spoke with Robert Krol by telephone on March 14, 2001, that Glynn asked for a copy of the "entire master policy," that Krol and

3

Glynn discussed this request and Glynn agreed to accept the pages applicable to claims. Bankers denies that Glynn requested a copy of the plan.

Request for Admissions No. 8:
At no time prior to the commencement of this lawsuit did Robert Krol or anyone else at Bankers Life & Casualty Company provide a complete copy of either the plan and or the accident policy to Philip Glynn, but rather, provided "appropriate policy pages."

Response: Bankers admits that Glynn modified his request and agreed to accept the pages relevant to his claim after a telephone discussion with Krol.

Request for Admissions No. 9:
Philip Glynn, through his attorney, requested an appeal, as described by Bankers Life & Casualty Company in its letter dated March 4, 2002, on April 30, 2002.

Response: Admitted.

Request for Admissions No. 10:
The appeal, referenced in Request to Admit No. 9, was finally denied in May, 2002.

Response: Admitted.

Request for Admissions No. 11:
Between January 1, 2000 and July 1, 2003, Bankers Life & Casualty Company has issued accident policies that are payable by reason of the accidental death of an employee or insured which contain a specific exclusion for alcohol-related injuries.

Response: Bankers objects to Request for Admissions No. 11 to the extent that it seeks information that is irrelevant to and/or outside the scope of claims raised in the context of an ERISA-governed plan. Bankers further objects to Request for Admissions No. 11 because it seeks information that is irrelevant to and/or outside the scope of coverage provided by the Johnson & Johnson employee benefit plan.

Request for Admissions No. 12:
Prior to May 1, 2002, Bankers Life & Casualty Company had instituted and/or formulated a company policy of not paying death benefits to beneficiaries of persons killed while operating a motor vehicle while legally intoxicated only in claims governed by ERISA law.

4

Response: Bankers admits that it adopted federal common law in ERISA plans that deaths of drivers under the influence of alcohol is not accidental.

Request for Admissions No. 13:
At the time that the policy at issue in this case became effective, Bankers Life & Casualty Company did not intend to exclude claims brought by beneficiaries of persons killed while operating a motor vehicle while legally intoxicated.

Response: Denied.

Request for Admissions No. 14:
Bankers Life & Casualty Company would pay the claim filed by Philip Glynn in full if instructed to by Johnson & Johnson.

Response: Bankers objects to Request for Admissions No. 14 on the ground that it calls for speculation.

Request for Admissions No. 15:
Ninety-two (92) motor vehicle operators with some level of blood alcohol were killed on Connecticut roads in 2001.

Response: After reasonable inquiry, Bankers is not able to admit or deny Request for Admissions No. 15, because it seeks information not within its possession or control and to which it has not yet been given access or discovery. For example, Bankers had inquired into the facts contained in the State of Connecticut 2000 Connecticut Traffic Accident Facts and learned that there were 1,703 alcohol-involved injuries and 128 fatalities on Connecticut roads in 2000. Mothers Against Drunk Driving report that in 2001, there were 161 alcohol related deaths on Connecticut roads (www.madd.org/stats).

Request for Admissions No. 16:
There were 30,844,000,000 miles traveled on Connecticut roads in 2001.

Response: After reasonable inquiry, Bankers is not able to admit or deny Request for Admissions No. 16, because it seeks information not within its possession or control and to which it has not yet been given access or discovery. For example, Bankers had inquired into the facts contained in the State of Connecticut 2000 Connecticut Traffic Accident Facts and learned that vehicles traveled 30,512,000,000 miles on Connecticut roads in 2000.

Request for Admissions No. 17:
In Connecticut in 2001, there were 1.01 fatalities per 100,000,000 miles traveled.

5

Response: After reasonable inquiry, Bankers is not able to admit or deny Request for Admissions No. 17, because it seeks information not within its possession or control and to which it has not yet been given access or discovery. For example, Bankers had inquired into the facts contained in the State of Connecticut 2000 Connecticut Traffic Accident Facts and learned that the fatality rate was 1.12 per 100,000,000 miles traveled on Connecticut roads in 2000.

Request for Admissions No. 18:
   In Connecticut in 2001, the fatality rate in alcohol-related motor vehicle accidents was .51 per 100,000,000 miles traveled.

Response: After reasonable inquiry, Bankers is not able to admit or deny Request for Admissions No. 18, because it seeks information not within its possession or control and to which it has not yet been given access or discovery. For example, Bankers had inquired into the facts contained in the State of Connecticut 2000 Connecticut Traffic Accident Facts and did not locate a fatality rate for alcohol-related motor vehicle accidents per 100,000,000 miles traveled on Connecticut roads in 2000.

THE DEFENDANT
BANKERS LIFE AND CASUALTY
COMPANY

BY /s/ 
Andrew Muscato ct15073
Skadden Arps, Slate, Meager &
Flom LLP
One Newark Center
Newark, New Jersey 07102
973-639-6817 (telephone)
973-848-0878 (facsimile)

and

John T. Shaban, ct14075
Maciej A. Piatkowski, ct21555
Whitman Breed Abbott & Morgan LLC
100 Field Point Rd.
Greenwich, CT 06830
203-869-3800 (telephone)
203-869-1951 (facsimile)
jshaban@wbamct.com
mpiatkowski@wbamct.com

6

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Response to Plaintiff's Request for Admissions was sent via Federal Express this 11th day of November 2003 to:

Everett H. Madin, Jr., Esq.
Riscassi and Davis, P.C.
131 Oak Street
P.O. Box 261557
Hartford, CT 06126-1557

Andrew Muscato