UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILIP GLYNN | : |
|     Plaintiff, | : |
| V. | :    CIVIL ACTION NO.: |
| |    302CV1802 (AVC) |
| BANKERS LIFE AND | : |
| CASUALTY COMPANY, | : |
|     Defendant | :    April 7, 2005 |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

For the reasons that the defendant offers as evidence in support of the assumptions which have been repeatedly made by its counsel, its expert, and/or Bankers Life itself, the plaintiff moves to strike all those references in the defendant's Motion for Summary Judgment dated March 24, 2005, and documents accompanying such motion or filed with this Court to supplement that motion, including the last sentence of page 13 of its Memorandum of Law, and footnote 3 on page 14, which express opinions and/or statements based on information obtained from websites. These statements are hearsay, and, further, these websites were not relied on by the defendant's expert in formulating his opinions. Therefore, there is no adequate foundation for the admission of these statements.

I.  **STANDARD FOR THIS MOTION TO STRIKE**

"The principles governing admissibility of evidence do not change on a motion for summary judgment." *Raskin v. Wyatt* Co., 125 F.3d 55, 66 (2d Cir. 1997); *see also* F.R.C.P. 56(e). "Accordingly, a motion to strike is appropriate if documents submitted in support of a motion for summary judgment contain inadmissible hearsay or conclusory statements, are incomplete, or have not been properly authenticated. *Spector v. Experian Information Services, Inc.*, No. 3: 01-CV-1955 (D.Conn. 2004) (Burns, S.D.J.) (citing *Hollander v. American Cyanamid Co.*, 999 F.Supp. 252, 255-56 (D.Conn. 1998). "Therefore, only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." *Raskin*, 125 F.3d at 66.

II. **ARGUMENT**

The information obtained from the websites that are contained or referenced from page 13 to 14 of the defendant's Memorandum of Law filed on or about March 24, 2005, are inadmissible and should be stricken by this Court. These statements are hearsay under FRE 801. The defendant's sole expert in this matter, Robert J. Pandina, did not base his opinion, or in any way adopt the same. *See* Declaration of Robert J. Pandina, dated March 17, 2005, at Paragraph 3; defendant's Exhibit B to such Declaration. Furthermore, the defendant has failed

2