UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHILIP GLYNN | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| V. | : | CIVIL ACTION NO.: |
| | : | 302CV1802 (AVC) |
| | : | |
| BANKERS LIFE AND | : | |
| CASUALTY COMPANY, | : | |
| | : | |
| Defendant | : | April 15, 2005 |

## PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT

1. Admitted.

2. Admitted.

3. Admitted.

4. The plaintiff admits that the defendant was the administrator; however, denies that the defendant had the discretionary authority to interpret terms included in the accidental insurance policies, including that issued to the decedent. *See* plaintiff's accompanying Memorandum of Law at part II(e).

5. Admitted.

6. Admitted.

7. The plaintiff admits that Philip Glynn stated the Mazda was owned for six months prior to the accident; however, denies that this, in any way, establishes that Peter Glynn was an inexperienced driver. *See* plaintiff's accompanying Memorandum of Law at part II(G).

8. Admitted. Although the plaintiff does not admit that the decedent's height and weight are in any way relevant to this proceeding.

9. Admitted. Although the plaintiff does not admit that the type of vehicle that the decedent was operating at the time of his accident is in any way relevant to this proceeding.

10. Denied. The plaintiff admits that the police report contained such language; however, the plaintiff disputes the conclusions stated therein.

11. Denied. The plaintiff admits that the police report contained such language; however, the plaintiff disputes the conclusions stated therein.

12. Denied. The plaintiff admits that the police report contained such language; however, the plaintiff disputes the conclusions stated therein.

13. Denied. The plaintiff admits that the police report contained such language; however, the plaintiff disputes the conclusions stated therein.

14. The plaintiff admits that an autopsy was conducted on the decedent, and that only a single blood sample was analyzed for the presence of alcohol. *See* Declaration of John W. Soper attached to the accompanying Memorandum of Law as Exhibit F at Paragraphs 12 through 16.

15. Denied. The plaintiff admits that the Medical Examiner's report contained such a finding based on the single blood sample that was analyzed for the presence of alcohol; however, this finding is not indicative of Peter Glynn's level of impairment, if any at all, at the time of his accident. *Id* at Paragraphs 12, 14, 20, 28, 29, 42 through 45.

16. Denied. The plaintiff admits that the Medical Examiner's report contains such language; however, the Medical Examiner's report also noted the decedent was killed in an "Accident," and the "immediate cause" of death was "Head injuries." *See* Death Certificate of Peter Glynn attached as Exhibit A.

17. Denied. The plaintiff admits that the police report contained such language; however, the plaintiff disputes the conclusions stated therein.

18. Denied. The plaintiff admits that the police report contained such language; however, the plaintiff disputes the conclusions stated therein.

19. Admitted. Furthermore, Robert Krol was the corporate designee of the defendant, Bankers Life and Casualty Company. *See* Re-Notice of Depo. attached as Exhibit B.

20. Denied. The plaintiff admits that Robert Krol testified to such; however, the defendant was not granted such discretion to interpret the terms of the accidental death policy it issued to Peter Glynn. *See* plaintiff's Memorandum of Law dated March 17, 2005; *see also* plaintiff's accompanying Memorandum of Law.

21. Denied. The plaintiff admits that such language is contained in the Summary Plan Description; however, the plaintiff disputes that such language grants the defendant the discretion to interpret the plans of the accidental death policy it issued to Peter Glynn. *Id*.

22. Admitted.

23. Denied. The plaintiff admits that the defendant claims that it denied his claim for the reason stated; however, the decedent was killed in an accident under the terms of the accidental death policy issued to him by the defendant and/or under federal common law under ERISA. *See* plaintiff's Memorandum of Law dated March 17, 2005; *see also* plaintiff's accompanying Memorandum of Law at part II(B).

24. Denied. The plaintiff admits that the defendant's denial letter stated such; however, at the time of that letter, federal law was not uniform. *See Metropolitan Life Ins. v. Potter*, 992 F.Supp. 717 (D. N.J. 1998); *West v. Aetna Life Ins. Co.*, 171 F.Supp2d 856 (N.D. Iowa 2001).

25. Admitted.

26. Denied. The plaintiff also sought the legal basis for the defendant's decision to deny benefits. *See* Letter attached as Exhibit C.

27. Admitted.

28. Denied. The plaintiff does not have the ability to know what the defendant reviewed prior to denying the plaintiff's claim. In fact, the defendant's corporate designee states that other than the fact that the decedent was reported to have an elevated blood alcohol level at the time of his accident, no other facts were material to this claim. *See* depo of

      Robert Krol attached to the accompanying Memorandum of Law as Exhibit B at 32.

29. Denied. The plaintiff has previously moved to strike the Declaration of Robert Pandina for reasons including that his affidavit is not stated with any degree of medical or scientific certainty, which is required for the admission of such as expert testimony. Furthermore, even the defendant's expert acknowledges that it is impossible to determine in this case how much alcohol Peter may have consumed, if any at all, prior to his accident. *See* depo of Robert Pandina attached to the accompanying Memorandum of Law as Exhibit C at 121. Moreover, Dr. Pandina stated that Peter Glynn's death was an "accident." *See* Declaration of Robert Pandina attached to the accompanying Memorandum of Law as Exhibit A at Paragraph 7.

30. Denied. The defendant cannot prove that the reported blood alcohol content is indicative of the actual level of impairment, if any, of Peter Glynn at the time of his accident. *See* depo of Robert Pandina attached to the accompanying Memorandum of Law as Exhibit C at 121; Declaration of John W. Soper attached to the accompanying Memorandum of Law as Exhibit F at Paragraph 45. Moreover, Dr. Pandina stated that Peter Glynn's death was an "accident." *See* Declaration of Robert Pandina attached to the accompanying Memorandum of Law as Exhibit A at Paragraph 7.

31. Denied. The defendant cannot prove with any degree of medical or scientific certainty that Peter Glynn was impaired by alcohol at the time of his accident. *See* Declaration of John W. Soper attached to the accompanying Memorandum of Law as Exhibit F at Paragraph 45. Furthermore, the defendant's expert testified that those driving while impaired by alcohol, first and foremost, suffer an impairment of judgment, contributing to their belief that, whether driving on familiar or unfamiliar roads, they will safely reach their destination. *See* depo of Robert Pandina attached to the accompanying Memorandum of Law as Exhibit C at 137-42. Moreover, Dr. Pandina stated that Peter Glynn's death was an "accident." *See* Declaration of Robert Pandina attached to the accompanying Memorandum of Law as Exhibit A at Paragraph 7.

PLAINTIFF,
PHILIP GLYNN


By_____
Everett H. Madin, Jr.
Federal Bar No.: CT 12297
RISCASSI & DAVIS, P.C.
131 Oak Street
Hartford, CT 06106
Ph: 860-522-1196
Fax: 860-246-5847

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed via First Class Mail, postage pre-paid, on this 15th day of April, 2005 to the following counsel of record:

John Shaban, Esq.
Whitman, Breed, Abbott & Morgan
100 Field Point Road
Greenwich, CT 06830

Andrew Muscato, Esquire
Skadden, Arps, Slate, Meagher, & Flom, LLP
Four Times Square
New York, NY 10036-6522

_____
Everett H. Madin, Jr.