UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PHILIP GLYNN,                           :    CIVIL NO. 3-02CV1802 (AVC)
                                        :
    Plaintiff,                          :
                                        :
v.                                      :
                                        :
BANKERS LIFE AND CASUALTY CO.           :
                                        :
    Defendant.                          :    APRIL 29, 2005
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Bankers Life and Casualty Company ("Bankers") respectfully submits the within memorandum of law in opposition to Plaintiff's motion to strike portions of Bankers' memorandum of law in support is its motion for summary judgment.

Plaintiff's decedent, Peter Glynn (the "Decedent") died on June 8, 2001 while driving with a blood alcohol content of 0.17%, well in excess of the posted speed limit of 25 m.p.h.

# ARGUMENT

I. **BANKERS' MEMORANDUM OF LAW IS PROPER AND PLAINTIFF'S MOTION TO STRIKE IT SHOULD BE DENIED.**

Plaintiff vaguely objects to portions of Bankers' memorandum of law in support of its motion for summary judgment without identifying those specific portions to which he objects. Accordingly, Plaintiff's motion does not meet the standard of this District's Civil Local Rule 7, that states:

> Nothing in this Rule shall require the Judge ruling on the motion to review portions of the record in response to a motion, where the moving papers do not make specific reference to such portions of the record.

D. Conn. L. Civ. R. 7(a)1.

Plaintiff does object to a specific, single sentence of Bankers' moving memorandum of law, together with its related footnote 3, set forth below in italics, because of references to information on websites:

> *Indeed, other experts agree that, with a 0.17 BAC, the Decedent would have had difficulty walking and standing, his judgment and perception would have been severely impaired and he could expect to experience a blackout. Blood Alcohol Level and You:Behavior by Numbers, http://www.factsontap.org/yourbody/ BALandU.htm.3*
>
> *3. Many colleges and universities use the same information, advising students that at a blood alcohol level of .14% to .17%, "You could have difficulty talking, walking, or even standing. Your judgment and perception are severely impaired. You may become more aggressive, and there is an increased risk of accidentally injuring yourself or others. This is the point when you may experience a blackout." See, e.g., Blood Alcohol Level: Let's put it all out on the table, http://www.csub.edu/UnivServices/CounselBAL2.htm; What Your BAC Means, http://www.nd.edu/~ucc/yourbac.html; Blood Alcohol Content Calculator-The Police Notebook, http://www.ou.edu/oupd/bac.htm.*

The above portions of the brief are not evidence but argument. *See Hogan v. New York Times Company*, 211 F.Supp. 99, 118 (D. Conn. 1962), aff'd 313 F.2d 354 (2d Cir.

2

62227

1963) (evidence consists of testimony of witnesses, exhibits received and marked in evidence, admissions, and stipulations between counsel); *Syringe Development Partners v. New Medical Technology*, No. IP98-1726-C-M/S, 2001 WL 403232, at *40-41 n.10 (S.D. Ind. (2001) (in denying a motion to strike portions of a parties' brief, the court stated, "the Court can determine from the briefs, the statements of fact and the responses thereto, what is truly a factual dispute and what is argument").

Furthermore, the fact that the above resources are produced online do not bar judicial notice of the information. *See, e.g., Gordon v. Lewiston Hosp.*, 272 F.Supp.2d 393, 429 n.34 (M.D. Pa. 2003) (judicial notice taken of facts provided by the mapquest.com website); *Denius v. Dunlap*, 350 F.3d 919, 926 (7th Cir. 2003) (the lower court erred in *withdrawing* its judicial notice of items appearing on a website); *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 258 F.3d 600, 607 (7th Cir. 2002) (judicial notice taken of information from the official website of the FDIC).

This Court may take judicial notice of the fact that elevated BACs impair coordination and judgment because our society's laws outlawing driving while intoxicated are premised upon this fact. *See* Connecticut Selected Jury Instructions Criminal, §.23 Driving While Intoxicated § 14-227a(a)("Such person's physical or mental capabilities must have been impaired to such a degree that the person no longer has the ability to drive a vehicle with the caution characteristic of a sober person of ordinary prudence, under the same or similar circumstances."). There can be no doubt that alcohol consumption impairs coordination and increases the risk of accident, and resources that so state are accurate and inherently reliable. Judicial notice is appropriate under F.R.E. 201.

62227

## CONCLUSION

For the foregoing reasons, Bankers respectfully requests that this Court deny Plaintiff's motion to strike in its entirety.

        THE DEFENDANT
        BANKERS LIFE AND CASUALTY
        COMPANY

        BY _____
        John T. Shaban ct14075
        Whitman Breed Abbott & Morgan LLC
        100 Field Point Rd.
        Greenwich, CT 06830
        203-869-3800 (telephone)
        203-869-1951 (facsimile)
        jshaban@wbamct.com
          and
        Andrew Muscato ct15073
        Skadden, Arps, Slate, Meagher &
        Flom LLP
        Four Times Square
        New York, New York 10036
        212-735-3000 (telephone)
        212-735-2000 (facsimile)

62227

CERTIFICATION OF SERVICE

This is to certify that a true and correct copy of the Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Strike Defendant's Memorandum of Law in Support of its Motion for Summary Judgment was mailed via First Class Mail, postage pre-paid on this the 29 day of April 2005, to the following counsel of record:

Everett H. Madin, Jr.
Riscassi and Davis, P.C.
131 Oak Street
Hartford, CT 06106

Counsel for Plaintiff Philip Glynn

John T. Shaban

62227