UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILIP GLYNN | : |
| Plaintiff, | : |
| V. | : CIVIL ACTION NO.: |
| | 302CV1802 (AVC) |
| BANKERS LIFE AND | : |
| CASUALTY COMPANY, | : |
| Defendant | : May 4, 2005 |

**PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF HIS MOTION TO STRIKE DECLARATION OF ROBERT J. PANDINA**

The defendant <u>admitted</u> that the opinions of its sole expert, Dr. Pandina, were not stated to <u>any</u> degree of medical certainty. This is exactly the reason that the plaintiff appropriately moved to strike Dr. Pandina's Declaration.

Evidence submitted in support of a motion for summary judgment (or in opposition thereto) must be accompanied by competent, admissible evidence. *See e.g.* FRCP 56(e*); Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d. Cir. 2004). If such evidence is inadmissible, this evidence is properly attacked by a motion to strike. *See e.g. Raskin v. Wyatt* Co., 125 F.3d 55, 66 (2d Cir. 1997). "Therefore, only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." *Id* at 66.

Furthermore, as expressed in the plaintiff's Motion to Strike, the district court, prior to admitting expert testimony, "must determine whether the proffered

testimony has a <u>sufficiently reliable foundation</u> to permit it to be considered," and utilize Federal Rule of Evidence 702 in doing so. (internal quotations omitted) *Id* (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993)). The court must determine whether the expert's testimony "both rests on a <u>reliable foundation</u> and is relevant to the task at hand." *U.S. v. Cruz*, 363 F.3d 187, 192 (2d. Cir. 2004) (citing *Daubert*, 509 U.S. at 597)

> Federal Rule of Evidence 702 states:
>
> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

"Thus, when an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, Daubert and Rule 702 mandate the exclusion of that unreliable opinion testimony." *Amorgianos*, 303 F.3d at 266. <u>Expert testimony which is "speculative or conjectural" should be excluded</u>. *See e.g. Air Disaster at Lockerbie Scotland*, 37 F.3d 804, 824 (2d Cir. 1994), *cert. denied*, 115 S. Ct. 934 (1995). "Expert testimony should be excluded if the witness is not actually applying expert methodology." *Dukagjini*, 326 F.3d at 54. "The flexible inquiry gives the district court the discretion needed to ensure that the courtroom door remains closed to junk science . . . ." *Amorgianos*, 303 F.3d at 267.

2

Dr. Pandina's declaration should be stricken because his opinions lack <u>any</u> level of certainty. In fact, Dr. Pandina demonstrates that his "opinions" are mere guesswork, beginning by describing his statements as inferences based on his assumptions. *See* Declaration of Robert J. Pandina at Paragraph 7 ("Assuming").

Indeed, the defendant, through its counsel, admits that Dr. Pandina did not state his alleged expert opinions with <u>any</u> degree of medical certainty. *See* Defendant's Local Rule 56(a)2 Statement dated April 14, 2005 at Paragraph 25. The defendant stated: "Bankers' expert, Robert Pandina, Ph.D., is not a medical doctor, <u>nor did he state any conclusion to a medical certainty</u>." *Id*. The defendant cannot now rely on Dr. Pandina's opinions, after previously acknowledging the inadequacies of those opinions. Therefore, since Dr. Pandina's declaration lacked sufficient certainty for its admission as expert testimony, it should be excluded as inadmissible hearsay.

Additionally, Dr. Pandina's declaration is based on the reported blood alcohol of Peter Glynn. This blood alcohol level, consisting of the analysis of a single blood extraction from Peter' heart hours after his death, is, by itself, scientifically unreliable, and not necessarily indicative of the actual level of impairment, if any, of the decedent at the time of his accident. Dr. Pandina acknowledges that it was impossible for him to determine Peter's actual level of impairment at the time of his accident, due to various factors.

3

In fact, the plaintiff's expert in the field of toxicology provides evidence, which is unopposed by any admissible evidence in this case, that states that "[t]he concentration of ethanol in postmortem blood, in the absence of additional information, cannot be used <u>with any degree of certainty to verify the ingestion of ethanol</u>." *See* Declaration of John W. Soper at Paragraph 28 (quoting "Postmortem Alcohol Production in Fatal Aircraft Accidents" Canfield, D.V., Kupiec, T., and Huffne, E.; *Journal of Forensic Sciences* Vol. 38, (1993), pp. 914-17). The fact is that the lone fact that Dr. Pandina relies on, the reported blood alcohol level obtained from a single blood sample, is insufficient to provide a determination of Peter's impairment at the time of his accident, if any, with <u>any</u> degree of medical or scientific certainty. Therefore, Dr. Pandina's "opinions" are mere speculation, assumption, and guesswork, which should not be admitted as expert testimony. *See* FRE 702; FRE 703.

For the foregoing reasons, the plaintiff respectfully requests that his Motion to Strike the Declaration of Dr. Pandina be GRANTED.

PLAINTIFF,

By _____
Everett H. Madin, Jr.
Federal Bar No.: CT 12297
RISCASSI & DAVIS, P.C.
131 Oak Street
Hartford, CT 06106
Ph: 860-522-1196
Fax: 860-246-5847

4

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, first-class postage prepaid, to all counsel of record on the above date:

Andrew Muscato, Esq.
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036-6522

John T. Shaban, Esq.
Whitman Breed Abbott & Morgan LLC
100 Field Point Rd.
Greenwich, CT 06830

_____
Everett H. Madin, Jr.

5