UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

PHILIP GLYNN                              :
                                          :
         Plaintiff,                       :
                                          :
V.                                        :         CIVIL ACTION NO.:
                                          :         302CV1802 (AVC)
                                          :
BANKERS LIFE AND                          :
CASUALTY COMPANY,                         :
                                          :
         Defendant                        :         May 4, 2005

## PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF HIS MOTION TO STRIKE PORTIONS OF DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

The plaintiff agrees with the defendant; the cited portions of the defendant's Memorandum of Law contain "not evidence but argument." *See* Def.'s Memo of Law dated April 29, 2005 at 2. However, what the defendant fails to realize is that the Federal Rules of Civil Procedure mandate a party to submit admissible, competent evidence in support of its motion or opposition. *See* FRCP 56(e). The defendant should not be allowed to indiscriminately pluck information from the internet to support its arguments in this case. The statements cited from the websites are inadmissible hearsay and should be excluded.

Furthermore, these statements are not proper for admission under judicial notice. Federal Rule of Evidence 201(b) states:

> A judicially noticed fact must be one not subject to reasonable dispute that is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

"Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under 201(b)." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d. Cir. 1998) (citing FRE 201(b) advisory committee notes; *cf. Brown v. Piper*, 91 U.S. 37, 43 (1875)).

Given that the defendant has failed to provide this Court with evidence that demonstrates <u>with any degree of medical or scientific certainty</u> that the blood alcohol level on which it relies to establish Peter Glynn's impairment at the time of his death and to exclude his accidental death benefits, it would be improper to allow judicial notice of the effects of that uncertain blood alcohol content. The defendant now asks this Court to take judicial notice of information, which lacks any foundation for admission in this case, <u>before</u> establishing that the alleged blood alcohol of Peter Glynn actually represents his level of impairment at the time of his accident. This is likely due to the fact that it is impossible to establish with any level of certainty, Peter's level of impairment at the time of his accident, if any at all. *See* Pl.'s Exhibit F at 121; Pl.'s Exhibit I at 10, Paragraph 45.

2

Therefore, the facts contained on these websites are inappropriate for admission through judicial notice.

Despite the contentions of the defendant, this case is simply an attempt by a corporate insurance company to create a secret exclusion to coverage, allowing the defendant to deny properly payable accidental death benefits under circumstances known to be accidental only under ERISA plans. The defendant believes that Peter Glynn died in an accident, whether or not alcohol may have been involved or not. In fact, the defendant pays claims involving the same factual circumstances as alleged to involve Peter Glynn, so long as the decedent was not "protected" by ERISA. *See* Def.'s 56(a)(2) Statement at Paragraph 18; Pl.'s Exhibit K at 24-25.

Moreover, a reasonable person believes that even deaths resulting from driving while intoxicated are accidental. Proof of this may be established through citation to the defendant's briefs in this case. *See* Def.'s Memo of Law dated March 24, 2005 at 12; Def.'s Memo of Law dated April 29, 2005 at 3. The defendant recently stated: "There can be no doubt that alcohol consumption impairs coordination and **increases the risk of accident** . . . ." Def.'s Memo of Law dated April 29, 2005 at 3. However, despite the defendant itself realizing that Peter was killed accidentally, and referring to Peter's death as an accident, it continues to argue that ERISA somehow excludes coverage.

3

The defendant continues to argue that, despite its own belief that Peter was killed in an accident, that under ERISA, driving while impaired is not accidental because the decedent would know that his death is "highly likely" to occur. What the defendant has continuously failed to do, however, is offer <u>any evidence,</u> statistical or otherwise, that demonstrates that Peter's death was indeed "highly likely." Conversely, the plaintiff has offered expert, statistical proof that demonstrates that the chance of Peter's death was not "highly likely," and was actually "statistically rare." *See* Pl.'s Exhibit O at 33, 40-41; Pl.'s Exhibit P at Table 2. The plaintiff's evidence with regard to the likelihood of Peter's death, even assuming that he was impaired, is unopposed, and demonstrates that Peter's death <u>was not highly likely</u>. Therefore, Peter Glynn died in an accident under the terms of his accidental death insurance policy provided by the defendant and federal common law under ERISA.

For the foregoing reasons, all references to websites, including those in the last sentence on page 13 of the defendant's Memorandum of Law dated March 24, 2005, and footnote 3 on page 14 of such document should be stricken.

PLAINTIFF,

By_____
          Everett H. Madin, Jr.
          Federal Bar No.:  CT 12297
          RISCASSI & DAVIS, P.C.
          131 Oak Street
          Hartford, CT 06106
          Ph:  860-522-1196

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, first-class postage prepaid, to all counsel of record on the above date:

Andrew Muscato, Esq.
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036-6522

John T. Shaban, Esq.
Whitman Breed Abbott & Morgan LLC
100 Field Point Rd.
Greenwich, CT 06830

_____
Everett H. Madin, Jr.

5