UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

2005 MAY 18  P 3: 35

PHILIP GLYNN                         :

     Plaintiff,                      :

                           :

V.                                   :     CIVIL ACTION NO.:
                           :     302CV1802 (AVC)
                           :

BANKERS LIFE AND                     :
CASUALTY COMPANY,                    :

     Defendant                       :     May 6, 2005

### PLAINTIFF'S SUR-REPLY BRIEF IN FURTHER OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I.     THE DEFENDANT'S CLAIM OF SPOLIATION IS WITHOUT MERIT[1]

The defendant's argument regarding spoliation of tissue samples obtained and possessed by the State of Connecticut Medical Examiner is spurious for the following three reasons. First, pursuant to the terms of the contract, the plaintiff provided an authorization to the defendant within two months of Peter's death. *See* Pl.'s Exhibit A, previously attached to Pl.'s Reply Brief dated April 25, 2005. The authorization, drafted by the defendant, permits the defendant the unfettered opportunity to obtain any medical information it desired. Consequently, the defendant could have accessed and tested the samples held by the medical examiner as easily or perhaps more easily than the grieving plaintiff. Second, the

3

RISCASSI & DAVIS, P.C.  •  *ATTORNEYS-AT-LAW*  •  131 OAK STREET  •  P.O. BOX 261557  •  HARTFORD, CT 06126-1557  •  (860) 522-1196

medical examiner had disposed of the samples on or about June 22, 2002, <u>several months</u> before there was a lawsuit filed.  The plaintiff's action was commenced on September 10, 2002.  Further, the samples were never within the possession of the plaintiff but were always within the possession and control of the State of Connecticut.

II.    THE ONLY ADMISSIBLE EXPERT TESTIMONY DEMONSTRATES THAT PETER GLYNN'S REPORTED BLOOD ALCOHOL CONTENT LACKS ANY SCIENTIFIC OR MEDICAL CERTAINTY

The defendant admits that the testimony of its only proposed expert in this case, Robert Pandina, is not stated with any degree of medical or scientific certainty and, therefore, is not admissible as expert testimony.  *See* Def.'s 56(a)(2) Statement Paragraph 25 ("Robert Pandina, Ph.D., is not a medical doctor, <u>nor did he state any conclusion to a medical certainty</u>.").  Therefore, the testimony of the plaintiff's expert with regard to the lack of scientific reliability of the blood alcohol value obtained by the Medical Examiner is unopposed.  Dr. Soper stated: ""[t]he concentration of ethanol in postmortem blood, in the absence of additional information, cannot be used <u>with any degree of certainty</u> to verify the ingestion of ethanol."  Pl.'s Exhibit I at 7, Paragraph 28.  Dr. Soper's expert testimony was not limited to simply deaths from airplane accidents.  The blood alcohol content

---

[1] The plaintiff's argument is primarily reproduced as contained in his Reply Brief dated April 25, 2005.

4

reported by the Medical Examiner is totally insufficient, on its own, to demonstrate Peter's impairment, if any at all, at the time of his accident.

III.    THE PLAINTIFF EXHAUSTED HIS REMEDIES[2]

The plaintiff exhausted all administrative remedies as set forth by the defendant.   Moreover, the defendant must be found to have waived any right it may have had to even raise this issue.  After the plaintiff initially filed his claim, he requested a copy of the entire plan.  In contravention of ERISA law, the defendant refused, and only sent selected pages.  *See* Pl.'s Exhibit Q at #7 and 8, p. 3-4; Pl.'s Exhibit B attached to Pl.'s Reply Brief dated April 25, 2005 at 56-58; Pl.'s Exhibit C attached to Pl.'s Reply Brief dated April 25, 2005.  The provided pages did not contain sufficient information regarding the full steps required. Nevertheless, the plaintiff requested, by letter and telephone, that he be told how to perfect his appeal.  The information was provided by the defendant and then followed completely by the plaintiff.  *See* Pl.'s Exhibit Q at #9 and 10, p. 4. Consequently, if there is some defect in the plaintiff's exhaustion of remedies, it is entirely the fault of the defendant.

Moreover, any further appeal would have been futile.  As stated by the defendant's designee, the only information that was considered in this claim was the blood alcohol content.  *See* Pl.'s Exhibit K at 32.  Since any attempted further

---

[2] The plaintiff's argument is primarily reproduced as contained in his Reply Brief dated April 25, 2005.

5

administrative proceedings were futile, the plaintiff need not exhaust. *See e.g.*

*Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d. Cir. 1993).

Furthermore, under this plan, the language with regard to the appeals

process was not mandatory; therefore, no exhaustion was even required under this

plan. The following quoted language was found by the Second Circuit to be

"opaque","grossly uninformative", and to inadequately direct the plaintiff with

regard to an ERISA appeals process:

> If you remain dissatisfied and wish to appeal, you should, within 90 days
> of the date the claim was denied . . . write a letter to the plan administrator
> asking for a review.

*Burke v. Kodak Retirement Income Plan*, 336 F.3d 103, 108 (2d. Cir. 2003). The

court found that "should" did not equate with "must"; therefore, since the

administrator had not provided the requisite mandatory direction in the appeals

process, the plaintiff was denied her "full and fair review." *Id* at 109.

Likewise, in the instant case, under Peter Glynn's plan, a complainant is

not unambiguously mandated to seek the appeals process prior to seeking judicial

intervention. The applicable language states "[i]f you disagree with a claim

decision or want to provide additional information to Bankers Life & Casualty,

**you can apply for a claim review**." *See* Pl.'s Exhibit Q #3 at p. 2. "Can" is not

mandatory. In fact, "can" is used interchangeably with "may," more commonly to

denote possibility. *See* Merriam-Webster Online Dictionary, viewed at

http://www.m-w.com. The only statement in this section of the plan using any

6

mandatory language requires that "if" the claimant files an appeal with Bankers Life, which is not mandatory, only then "must [he] state the reason" for seeking an appeal. *See* Pl.'s Exhibit Q at #3 at p. 2. Since the administrative appeals process was not unambiguously required, there is no need for exhaustion.

IV.     THE DEFENDANT FAILED TO MEET ITS BURDEN OF DEMONSTRATING ALCOHOL IMPAIRMENT CAUSED THIS ACCIDENT AND EXCLUDED COVERAGE

<u>Bankers Life has the burden</u> of demonstrating that Peter Glynn's alleged actions exclude coverage under the accidental death insurance policy it issued to the decedent. *See e.g. Critchlow v. First UNUM Life Ins. Co.*, 378 F.3d 246, 256 (2d Cir. 2004). The defendant has never claimed that the decedent's death was not covered by the language of the terms of the applicable policy. In fact, the defendant continues to pay claims for deaths resulting from drunk driving under the same policy language in plans not covered by ERISA. Rather, <u>the defendant now seeks to use ERISA to exclude an otherwise covered event</u>. Therefore, it is the defendant's burden to demonstrate that the decedent was excluded from coverage under the policy, requiring that Bankers Life demonstrate at a minimum that Peter Glynn was intoxicated, and such intoxication caused his accident, and his death. Especially given that the only fact on which the defendant relies, the reported blood alcohol level lacks any scientific certainty with regard to Peter's actual level of impairment at the time of his accident, and the fact there is no

7

evidence otherwise of alcohol ingestion, the defendant has failed to meet its burden.

V.     CONCLUSION

For the foregoing reasons, the plaintiff respectfully requests that the defendant's Motion for Summary Judgment be DENIED.

PLAINTIFF,
PHILIP GLYNN

By_____

Everett H. Madin, Jr.
Federal Bar No.:  CT 12297
RISCASSI & DAVIS, P.C.
131 Oak Street
Hartford, CT 06106
Ph:  860-522-1196
Fax:  860-246-5847

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed via First Class Mail, postage pre-paid, on this 6th day of May, 2005 to the following counsel of record:

John Shaban, Esq.
Whitman, Breed, Abbott & Morgan
100 Field Point Road
Greenwich, CT 06830

Andrew Muscato, Esquire
Skadden, Arps, Slate, Meagher, & Flom, LLP
Four Times Square
New York, NY 10036-6522

_____
Everett H. Madin, Jr.

8