UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

PHILIP GLYNN                          :
                                      :
    Plaintiff,                        :
                                      :
V.                                    :    CIVIL ACTION NO.:
                                      :    302CV1802 (AVC)
                                      :
BANKERS LIFE AND                      :
CASUALTY COMPANY,                     :
                                      :
    Defendant                         :    June 24, 2005

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AMENDED INITIAL DISCLOSURES**

The defendant's amended initial disclosures, filed on June 16, 2005, were not made within an "appropriate interval" as required by the Federal Rules of Civil Procedure; therefore the disclosures should be stricken.

**I.    PROCEDURAL HISTORY**

Pursuant to Court order, discovery in the above-captioned matter closed on July 8, 2004. (Second Am. Scheduling Order, 9/8/04, Covello, J.) The Court reopened discovery on November 9, 2004, allowing for limited discovery until December 31, 2004, to allow Banker's Life and Casualty Company ("Banker's Life") to depose two witnesses, produce an expert regarding the cause and effect of alcohol contained in plaintiff's decedent's blood at the time of his death, and to depose plaintiff's alcohol expert. (Order on Mot. to Reopen Disc. at 3, Covello, J.) On December 28, 2004, the plaintiff, Philip Glynn ("Glynn") filed a motion for

permission to disclose a rebuttal expert witness. This Court granted Glynn's motion and allowed the parties until February 25, 2005 to complete that *limited* discovery. (Fifth Am. Scheduling Order, 1/21/05, Covello, J.)

The Court's Fifth Amended Scheduling Order stated that the case would be ready for trial by May 27, 2005. Trial was delayed due to plaintiff's motion for summary judgment and subsequent filings related thereto. On June 16, 2005, the defendant filed its amended initial disclosures that are the subject of this Motion. In these disclsoures the defendant is disclosing six additional witnesses, one document and four compilations of documents, and a group accident insurance policy which may be entered in the action or used to indemnify or reimburse for payments made to satisfy the judgment. Because these disclosures are untimely under the Federal Rules of Civil Procedure, they should be stricken.

## II. **STANDARD**

The amended initial disclosures at issue in this case are governed by Federal Rules of Civil Procedure §§ 26(a)(1), 26(e), and 37(c). Initial disclosures are required pursuant to Federal Rule 26(a)(1):

> *Initial Disclosures.* Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:
> (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for

2

RISCASSI & DAVIS, P. C.  •  ATTORNEYS-AT-LAW  •  131 OAK STREET  •  P. O. BOX 261557  •  HARTFORD, CT 06126-1557  •  (860) 522-1196

> impeachment, identifying the subjects of the information;
> (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;
> (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and
> (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.
>
> ….

Fed. R. Civ. P. 26(a)(1). These disclosures are to be amended or supplemented pursuant to Federal Rule 26(e), which states that:

> A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered to by the court or in the following circumstances: (1) a party is under a duty to supplement at *appropriate intervals* its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

RISCASSI & DAVIS, P. C.  •  ATTORNEYS-AT-LAW  •  131 OAK STREET  •  P. O. BOX 261557  •  HARTFORD, CT 06126-1557  •  (860) 522-1196

Fed. R. Civ. P. 26(e)(1) (emphasis added). In the event that a party fails to disclose information under the above-quoted rules, Federal Rule of Civil Procedure 37(c)(1) governs. It states that, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1)…is not, unless such failure is *harmless*, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 26(c)(1) (emphasis added).

The determination to impose sanctions for abuse of discovery under Federal Rule 37 is within the discretion of the trial court. *See e.g Hein v. Cuprum*, No. 02-7241, 2002 U.S. App. LEXIS 24676, at *6 (2nd Cir. Dec. 6, 2002).

### III. ARGUMENT

#### A. Defendant's Amended Initial Disclosures Were Not Filed Within An Appropriate Interval as Required by Federal Rule 26(e)(1)

Defendant's amended disclosures, which were filed on June 16, 2005, were not made within an appropriate interval pursuant to Federal Rule of Civil Procedure 26(e). This Court has previously stated that the purpose of Rule 26(a), which requires initial disclosures, is to "prevent an ambush, resulting in surprise or prejudice, of undisclosed or late disclosed evidence." *Equant Integration Svcs. V. United Rentals*, 217 F.R.D. 113, at *117 (D. Conn. 2003) (quoting *Thibeault v. Square D Co.*, 960 F.2d 239, 246 (1st Cir. 1992)). With trial imminent and defendant now making numerous additional disclosures, this is the exact ambush

4

tactic resulting in surprise and prejudice to the plaintiff that the Rules seek to prevent.

The District Court for the District of Massachusetts has said that under Rule 26(e), which governs supplemental disclosures, "the duty to supplement is a duty to supplement *seasonably*. Counsel may not postpone supplementation indefinitely by delaying the retaining of experts and expect that he will be able to supplement at the last possible moment before trial is to start." *Ferrara v. Balistreri & DeMaio Inc.,* 105 F.R.D. 147, 150 (D. Mass. 1985). This Court also held that disclosing an expert witness approximately one year after the scheduling order mandated information on expert witnesses was "egregious." *Hyun v. South Kent School*, No. 3:95CV2235(AHN), 1997 U.S. Dist. LEXIS 14622 at*7 (D. Conn. Sept. 17, 1997).

In this case, the defendant filed these supplemental disclosures when discovery had been closed for over 11 months. Although the defendant apparently is not disclosing an expert, it is disclosing six additional witnesses, one document and four compilations of documents, and a group accident insurance policy which may be entered in the action or used to indemnify or reimburse for payments made to satisfy the judgment. Under Federal Rule 26(e), Banker's Life had a duty to supplement its disclosures within an appropriate interval. Waiting eleven months until after discovery has closed and with trial about to begin does not qualify as an "appropriate interval" under Federal Rule 26(a)(1).

5

**B.     Defendant Does Not Have a Substantial Justification for its Untimely Amended Initial Disclosures, and Such Untimely Disclosures are Not Harmless**

The defendant does not have a substantial justification for filing amended initial disclosures, as required by Rule 37(c)(1), 11 months after discovery was ordered closed by this Court, and such untimely disclosure is harmful to the plaintiff.

The Court of Appeals for the 2nd Circuit has noted that the automatic sanction for a violation of Rule 26(a) or 26(e)(1) is preclusion of the information brought in the supplemental disclosure. *GSGSB, Inc. v. New York Yankees*, Nos. 95-9272, 96-9202, 1997 U.S. App. LEXIS 17433, at *12-13 (2nd Cir. July 9, 1997). Preclusion is appropriate unless there is substantial justification for the failure and the failure to make disclosure is harmless. *Id.* The defendant has not offered a substantial justification for failing to provide the supplemental disclosures within an appropriate interval, and in fact has offered no justification at all. The defendant had ample time to conduct discovery, which was closed by this Court 11 months ago. The only conclusion that can be drawn is that defendant is attempting to ambush the plaintiff on the eve of trial.

Neither is such failure to disclose within an appropriate interval harmless to the plaintiff. As these disclosures were filed nearly 11 months after discovery was ordered closed by this Court, plaintiff has been deprived of adequate time within which to conduct necessary investigations before trial, including

6

depositions and document review. The amended disclosures include information about individuals who may have discoverable information regarding defendant's denial of benefits under the insurance policy at issue, information on the practices and procedures of the Office of the Chief Medical Examiner and the application of those procedures to plaintiff's decedent, information about the scene of the plaintiff's decedent's motor vehicle accident, information on the transport of the plaintiff's decedent's body to the Office of the Chief Medical Examiner, and information about the police department investigation of the motor vehicle accident resulting in the death of plaintiff's decedent. It would be extremely burdensome on the plaintiff to investigate all of this information on the eve of trial. *Cf. Hyun*, 1997 U.S. Dist. LEXIS 14622 at *6. (holding that it would be extremely burdensome for defendants to obtain rebuttal expert when the plaintiffs disclosed expert witness close to trial).

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Weiss v. Chrysler Motors Corp.*, 515 F.2d 449, 457 (2nd Cir. 1975) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). These amended initial disclosures were not made within an appropriate interval under Rule 26(e), the defendant does not have substantial justification for its untimely filing, and allowing these disclosures will cause harm to the plaintiff. As such, these amended initial disclosures should be stricken.

## IV. CONCLUSION

For the foregoing reasons, the plaintiff's motion to strike should be GRANTED.

PLAINTIFF,

By_____
Everett H. Madin, Jr.
Federal Bar No.: CT 12297
RISCASSI & DAVIS, P.C.
131 Oak Street
Hartford, CT 06106
Ph: 860-522-1196
Fax: 860-246-5847

RISCASSI & DAVIS, P.C.  •  ATTORNEYS-AT-LAW  •  131 OAK STREET  •  P.O. BOX 261557  •  HARTFORD, CT 06126-1557  •  (860) 522-1196

## **CERTIFICATION**

  This is to certify that a copy of the foregoing has been mailed, first-class postage prepaid, to all counsel of record on the above date:

Andrew Muscato, Esq.
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036-6522

John T. Shaban, Esq.
Whitman Breed Abbott & Morgan LLC
100 Field Point Rd.
Greenwich, CT 06830

             _____
             Everett H. Madin, Jr.