# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------- x
PHILIP GLYNN,                      :
                                   :
            Plaintiff,             :
                                   :
      v.                           :   CIVIL ACTION NO.:
                                   :   02-CV-1802 (AVC)
BANKERS LIFE AND CASUALTY          :
COMPANY,                           :
                                   :
            Defendant.             :   JUNE 16, 2005
                                   :
---------------------------------- x

### DEFENDANT'S AMENDED INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant Bankers Life & Casualty Company ("Bankers") hereby provides the following amended initial disclosures.

A.  **The Name And, If Known, The Address and Telephone Number of Each Individual Likely To Have Discoverable Information Relevant To Disputed Facts Alleged With Particularity In The Pleadings, Identifying Subjects Of The Information**

Based upon the information currently available, the following individuals may have discoverable information relevant to disputed facts arguably alleged with particularity in the pleadings in this litigation (addresses are provided, and the subjects of the information they are likely to have are included parenthetically):

1.  Robert Krol, Bankers Life & Casualty Co., 222 Merchandise Mart Plaza, Chicago, IL 60654 (he is likely to have information regarding Banker's denial of benefits under the policy in issue).

2. Director of Toxicology Sherwood C. Lewis, Ph.D., Office of the Chief Medical Examiner, 11 Shuttle Road, Farmington, CT 06032 (he is likely to have information regarding the practices and procedures of the Office of the Chief Medical Examiner, the application of those practices and procedures to the analysis of the blood sample from decedent Peter Glynn, the preservation of the blood sample for analysis, the reasons why he analyzed only the blood sample, the destruction of the other tissue samples from decedent Peter Glynn, and the statements contained in Lewis' Toxicology Report).

3. Associate Medical Examiner Malka B. Shaw, M.D., Office of the Chief Medical Examiner, 11 Shuttle Road, Farmington, CT 06032 (she is likely to have information regarding the practices and procedures of the Office of the Chief Medical Examiner, the application of those practices and procedures to the autopsy of decedent Peter Glynn, the condition in which the Office maintained Peter Glynn's body from receipt thereof to the release of the body for burial, her performance of the autopsy upon the body of Peter Glynn, the tissue specimens she took for toxicological analysis, the method she used to preserve those specimens, her postmortem findings, her certification of the death of Peter Glynn, and the statements contained in her Postmortem Report and Certificate of Death).

4. Assistant Medical Examiner Vittorio Mirabelli, M.D., Office of the Chief Medical Examiner, 11 Shuttle Road, Farmington, CT 06032 (Dr. Mirabelli is likely to have information regarding the scene of decedent

2

Peter Glynn's motor vehicle roll-over, her response to the scene, the condition of Peter Glynn's body upon her arrival, the practices and procedures of the Office of the Chief Medical Examiner, the application of those practices and procedures to her pronouncement of the death of Peter Glynn, her examination of Peter Glynn's body, the condition of Peter Glynn's body when taken by the O'Brien Funeral Home for transport to the Office of the Chief Medical Examiner, and the statements contained in her Report of Investigations).

5. O'Brien Funeral Home, 24 Lincoln Avenue, Bristol, CT 06010 (is likely to have information regarding its practices and procedures in transporting bodies to the Office of the Chief Medical Examiner, application of those practices and procedures to its transportation of Peter Glynn's body to the Office of the Chief Medical Examiner, the conditions under which Peter Glynn's body was transported to the Office of the Chief Medical Examiner, and the conditions under which Peter Glynn's body was left with the Office of the Chief Medical Examiner).

6. Officer William Kenney, Bristol Police Department, 131 N. Main Street, Bristol, CT 06010 (he is likely to have information regarding the practices and procedures of the Bristol Police Department, the application of those practices and procedures to the motor vehicle roll-over in which Peter Glynn died, Kenny's investigation of the motor vehicle roll-over, the involvement of the O'Brien Funeral Home, the response of the Bristol Fire Department, the results of the post-mortem report and toxicology test

3

performed by Peter Glynn by the Office of the Chief Medical Examiner, the level of Peter Glynn's intoxication, Kenney's conclusion that Peter Glynn was driving while intoxicated, and the statements contained in his Traffic Accident Investigation Report).

**B.    A Copy Of, Or A Description By Category And Location Of, All Documents, Data Compilations, And Tangible Things In The Possession, Custody, Or Control Of The Party That Are Relevant To Disputed Facts Alleged With Particularity In The Pleadings**

The following is a description by category and location of all currently known documents that Bankers believes are relevant to disputed facts alleged with particularity in the pleadings:

1. Documents related to the Plaintiff's claim, including police, autopsy and toxicology reports;

2. Documents between Bankers and Peter Glynn's employer regarding Peter Glynn;

3. Copy of Master Policy SR 84,001B;

4. Documents relied upon by Bankers in denying Plaintiffs' claim; and

5. Documents related to Bankers' denial of Plaintiff's claim.

The above documents are located in the offices of Bankers' counsel, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, and has been produced during discovery.

**C.    A Computation Of Any Category Of Damages Claimed By The Disclosing Party, Making Available For Inspection And Copying As Under Rule 34 The Documents Or Other Evidential Material, Not Privileged Or Protected From Disclosure, On Which Such Computation Is Based, Including Materials Bearing On The Nature And Extent Of Injuries Suffered**

Bankers is not asserting a claim for damages.

4

D.    **For Inspection And Copying As Under Rule 34 Any Insurance Agreement Under Which Any Person Carrying On An Insurance Business May Be Liable To Satisfy Part Or All Of A Judgment Which May Be Entered In The Action Or To Indemnify Or Reimburse For Payments Made To Satisfy The Judgment**

Group Accident Policy SR 84,001B.

These Amended Initial Disclosures are based upon the information currently available to Bankers. Bankers reserves the right under Fed.R.Civ.P. 26(e) to supplement, amend, or otherwise modify these Amended Initial Disclosures as additional information is discovered.

                              THE DEFENDANT
                              BANKERS LIFE AND CASUALTY COMPANY

                              BY _____
                              John T. Shaban, ct14075
                              Whitman Breed Abbott & Morgan LLC
                              100 Field Point Rd.
                              Greenwich, CT 06830
                              203-869-3800 (telephone)
                              203-869-1951 (facsimile)
                              jshaban@wbamct.com
                                   and
                              Andrew Muscato ct15073
                              Skadden, Arps, Slate, Meagher &
                               Flom LLP
                              Four Times Square
                              New York, New York 10036
                              212-735-3000 (telephone)
                              212-735-2000 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Defendant's Amended Initial Disclosures Pursuant to Rule 26(a)(1) was sent via first class mail, postage prepaid, this 16th day of June, 2005 to:

Everett H. Madin, Jr.
Riscassi and Davis, P.C.
131 Oak Street
Hartford, CT 06106

Counsel for Plaintiff Philip Glynn

John T. Shaban