## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

PHILIP GLYNN                        :
  Plaintiff,                        :
                                    :
v.                                  : Civil No. 3:02CV1802 (AVC)
                                    :
BANKERS LIFE AND                    :
CASUALTY COMPANY                    :
   Defendant.                      :

### ORDER ON THE PLAINTIFF'S MOTIONS TO STRIKE

This is an action for damages brought pursuant to the Employment Retirement Security Act of 1974 ("ERISA"), which arises out of the defendant's, Bankers Life, alleged improper denial of life insurance benefits.  In an order issued this day, the court granted the plaintiff's, Philip Glynn, motion for summary judgment and denied Bankers Life's motion for summary judgment.

Glynn has filed the within motions to strike (document nos. 138, 136) portions of the documents that Bankers Life submitted in support of its motion for summary judgment.  Specifically, Glynn argues that the court should strike: (1) the declaration of psychologist Robert J. Pandina, and (2) references to websites in Bankers Life's memorandum in support of their motion for summary judgment.

Glynn argues that Pandina's declaration and the website references are inadmissible at trial and therefore cannot be "considered by the trial court in ruling on a motion for summary

judgment."  Bankers Life responds that Pandina's declaration and the website references are properly before the court.

For the reasons set forth below, the motion (document no.138) to strike Pandina's testimony is DENIED as moot.  The motion (document no.136) to strike the website references is GRANTED.

## STANDARD

The Second Circuit has held that "only admissible evidence need by considered by the trial court in ruling on a motion for summary judgment." Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997).[1]  At the summary judgment stage, a party may test the admissibility of documents that the opposing party has filed in support of a motion for summary judgment by filing a motion to strike. See e.g., Spector v. Experian Info. Servs. Inc., et al., 321 F. Supp. 2d 348, 352 (D. Conn. 2004)(concluding "a motion to strike is appropriate if documents submitted in support of a motion for summary judgment contain inadmissible hearsay or conclusory statements, are incomplete, or have not been properly authenticated"); Newport Elec., Inc. v. Newport Corp., 157 F. Supp. 2d 202, 208 (D. Conn. 2001)(noting "[a] motion to strike is

---

[1] Federal Rule of Civil Procedure 56(a) provides that a party may file a motion for summary judgment "with or without supporting affidavits . . ." Fed. R. Civ. P. 56(a).  If a party chooses to submit affidavits in support of its motion for summary judgment, Fed. R. Civ. P. 56(e) provides that such "[s]upporting . . . affidavits shall be made on personal knowledge, shall set forth such facts as *would be admissible in evidence*, and shall show affirmatively that the affiant is competent to testify to the maters stated therein." Fed. R. Civ. P. 56(e)(emphasis added).

the correct vehicle to challenge materials submitted in connection with a summary judgment motion").

In ruling on a motion to strike, the court applies the Federal Rules of Evidence to determine whether evidence would be admissible at trial and thus whether the court can consider them in ruling on a motion for summary judgment. See Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997)(stating "[t]he principles governing admissibility of evidence do not change on a motion for summary judgment"); Spector v. Experian Info. Servs. Inc., et al., 321 F. Supp. 2d 348, 353 (D. Conn. 2004)(same).

## DISCUSSION

## I.   Motion to Strike Pandina Declaration

Glynn first argues that the court should strike the declaration of psychologist Robert J. Pandina because it does not satisfy the requirements of expert testimony pursuant to Fed. R. Evid. 702.  Specifically, Glynn argues, (1) Pandina's declaration is inadmissible as a whole because it "does not state the opinions of such expert with the required level of medical or scientific certainty," and (2) paragraphs 7 through 9 of Pandina's declaration "contain nothing but guesswork, speculation, and conjecture, and are not based on the use of any scientific calculation or methodology."

Bankers Life responds that Pandina's declaration is "properly before the Court" at the summary judgment stage because "Rule 56(e) permits supporting affidavits 'made in personal

knowledge . . . set[ting] forth such facts as would be admissible in evidence.'"

In his declaration, Pandina summarizes his conclusions as follows:

> [I]t is my opinion that the subject, Peter Glynn was acutely intoxicated at the time of the accident and that his state of intoxication resulted in substantial impairments in his ability to operate a motor vehicle. Moreover, he would have been aware that he was intoxicated.

The court concludes that the issue of whether Pandina's testimony would be admissible at trial as expert testimony is an issue that would necessitate a hearing in accordance with <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579(1993).

The court, however, concludes that such a hearing is not necessary.  As set forth in the court's ruling on the cross-motions for summary judgment, the court has concluded that it is necessary to review the denial of benefits <u>de novo</u>.[2]  Even were the court to credit Dr. Pandina's conclusion that the decedent was "acutely intoxicated at the time of the accident and that [the decedent's] state of intoxication resulted in substantial impairments in his ability to operate a motor vehicle", Dr. Pandina's conclusion would not effect the court's conclusion that the decedent's death was an accident as a matter of law.

As set forth more fully in the summary judgment ruling, the court concluded "that the decedent's subjective expectation was

---

[2] The court incorporates its ruling on the parties' cross-motions for summary judgment by reference.

to return home safely and that the expectation was reasonable under the circumstances."  In concluding that the decedent's expectation of survival was objectively reasonable under the circumstances, the court relied, in part, on the undisputed statistical evidence "that a male driver, 35 years or older, driving with a blood alcohol level of above 15%, and traveling a distance of 20 miles, has a 772 in 10 million chance of being involved in a fatal car accident."  Dr. Pandina's testimony that the decedent was "acutely intoxicated at the time of the accident" and that the decedent's "state of intoxication resulted in substantial impairments in his ability to operate a motor vehicle" does not undermine the statistical evidence supporting the court's conclusion that it was objectively reasonable for the decedent to believe that he would survive driving a car while intoxicated.

Because the court would have granted summary judgment to the plaintiff even in light of Dr. Pandina's testimony, the court concludes that there is no reason to hold a <u>Daubert</u> hearing on Dr. Pandina's testimony.  Accordingly, the motion to strike Dr. Pandina's testimony (document no.138) is DENIED as moot.

## II.  Motion to Strike References to Websites

Glynn next argues that the court should strike all references in the defendant's summary judgment memorandum "which express opinions and/or statements based on information obtained

from websites."[3]  Specifically, Glynn argues that (1) the website references contain hearsay and (2) the websites "were not relied on by the defendant's expert [Pandina] in formulating his opinions."  Bankers Life responds that references in its memorandum to the websites "are not evidence but argument."

The court concludes that in as much as Bankers Life includes the website references for the truth of the matter asserted therein, such website references constitute inadmissible hearsay and are stricken from the memorandum.  The motion (document no.136) to strike the website references is GRANTED in this respect.

### CONCLUSION

For the reasons set forth above, the motion (document no.138) to strike Dr. Pandina's testimony is DENIED.  The motion (document no.136) to strike the website references is GRANTED to the extent that Bankers Life offers them for the truth of the matter asserted therein.

It is so ordered this 19th  day of August, 2005 at Hartford, Connecticut.

```
_____/s/_____
Alfred V. Covello
United States District Judge
```

_____

[3] Specifically, Glynn requests that the court strike "all those references in the defendant's Motion for Summary Judgment dated March 24, 2005, and documents accompanying such motion or filed with this Court to supplement that motion, including the last sentence of page 13 of its Memorandum of Law, and footnote 3 on page 14, which express opinions and/or statements based on information obtained from websites."