UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILIP GLYNN,<br>Plaintiff, | :<br>:<br>: |
| v. | :     Civil No. 3:02CV1802 (AVC) |
| | : |
| BANKERS LIFE AND CASUALTY<br>COMPANY,<br>Defendant | :<br>:<br>:     SEPTEMBER 6, 2005 |

### PETITION FOR
### REASONABLE ATTORNEY'S FEES

    This present action was brought pursuant to the Employment Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et. seq., specifically under 29 U.S.C. § 1132(a) (1) (B). The complaint contains a demand for payment of the insurance policy at issue in the amount of $420,000.00 as well as reasonable attorney's fees and costs. A cross-motion for summary judgment was filed by the plaintiff pursuant to Fed. R. Civ. P. 56, which also contained the claim for attorney's fees and costs. Thereafter, on August 23, 2005, the plaintiff's cross-motion for summary judgment was granted by the Court, Covello, J., and the defendant's cross-motion was denied. Accordingly, pursuant to the provisions of the Employment Retirement Security Act of 1974 including 29 U.S.C. §1132 (g) (1), the plaintiff requests an award of a reasonable attorney's fee.

Plaintiff's counsel has undertaken this matter on a contingency fee basis which provides for a sliding fee schedule starting at 20% of the entire amount and concluding at 33 1/3 % of the entire amount if the matter was not settled within 180 days of the contract. Please see fee agreement attached as Exhibit A. More than 180 days have elapsed and the 33 1/3 % provision is presently operative. The fee on this matter, based on the contract, is $140,000.00. In addition, plaintiff's counsel has also maintained a record of hours actually spent in litigation in this matter. The hours do not include telephone conversations, mental processes, conversations with clients, witnesses, expert witnesses, investigatory time, or pre-litigation time. The hours, which total 367.3, represent time spent in depositions or drafting motions and memorandums of law. Of that 367.3 hours, 73.5 hours represent time spent by the undersigned and the balance of 293.8 hours represent time spent by law clerks under the direction of the undersigned. A reasonable attorney's fee is suggested to be $300 per hour. Indeed, this may be even less than a reasonable amount. Please see Affidavit of Attorney Eldergill attached as Exhibit B. It is also suggested that a reasonable fee for the law clerks is $200 per hour. Based upon those figures, the total award of attorney's fee would be $80,810.00. Please see Affidavit and statement of billable hours attached as Exhibit C.

Accordingly, the plaintiff requests that an attorney's fee be awarded that is based upon the contractual agreement between client and counsel. Second, in the alternative, the plaintiff

requests a reasonable attorney's fee be awarded within the Court's discretion based upon the work performed as represented by hours spent on the file. Third, as another alternative, the plaintiff requests that an attorney's fee be awarded that is consistent with the time billed by defense counsel, Skadden, Arps, Slate, Meagher & Flom.

PLAINTIFF,

By *[signature]*
Everett H. Madin, Jr.
Federal Bar No.: CT 12297
RISCASSI & DAVIS, P.C.
131 Oak Street
Hartford, CT 06106
Ph: 860-522-1196

This is to certify that a copy of the foregoing has been mailed to all counsel of record on the above date:

Andrew Muscato, Esquire
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036-6522

John T. Shaban, Esq.
Whitman Breed Abbott & Morgan LLC
100 Field Point Rd.
Greenwich, CT 06830

*[signature]*
Everett H. Madin, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PHILIP GLYNN,                           :
Plaintiff,                              :
                                        :
v.                                      :    Civil No. 3:02CV1802 (AVC)
                                        :
BANKERS LIFE AND CASUALTY               :
COMPANY,                                :
Defendant                               :    SEPTEMBER 6, 2005

## AFFIDAVIT

I, Everett H. Madin, Jr., hereby depose and say that:

1. I am more than eighteen (18) years of age;

2. I believe in the honor and sanctity of the oath;

3. I have been an attorney in the State of Connecticut since 1992.

4. I am the attorney responsible for the above-captioned matter.

5. From 1992 through 1993, I was a law clerk to the Honorable Edward Y. O'Connell in the State of Connecticut Appellate Court.

6. Following my clerkship, I have worked continuously as an attorney at the law firm of RisCassi and Davis, P.C. in Hartford.

7. During my years at RisCassi and Davis, I have handled many complex cases, including serving as co-lead counsel in an MDL case in Little Rock, Arkansas,

      Gordon Stokes, Executor of the Estate of Carolin Stokes vs. British Airways and as lead counsel in a class action filed in Louisiana, Leola Rebentisch v. Amerus Insurance Company

8. The office of the undersigned does not ordinarily bill on an hourly basis, but rather, on a contingency fee basis.

9. In this particular, however, the hours of the attorney and law clerks working for the attorney have been tracked with reasonable accuracy with respect to time spent drafting specific motions and memorandums of law as well as deposition time.

10. The billable hours of 367.3 do not include any time spent in conferring with the client or witnesses including expert witnesses, or mental processes, telephone conversations or investigation time. The billable hours are represented to be of reasonable accuracy and represent fewer hours than actually worked on the case.

11. This case had complex legal issues arising from ERISA law and presently consumes three bankers' boxes in my office.

12. The undersigned represents that $300 per hour is a reasonable fee for the undersigned and that $200 per hour is reasonable for a law clerk.

_____
Everett H. Madin, Jr.

STATE OF CONNECTICUT:
                                ss. Hartford, CT
COUNTY OF HARTFORD

Subscribed and sworn to before me on this 6TH day of September, 2005

_____
Notary Public
Commission expires: 10/31/08

# EXHIBIT A

## RETAINER AGREEMENT

The undersigned hereby employ(s) the law firm of RisCassi and Davis, P.C., as attorneys to represent me/us in a claim against <u>Bankers Life & Casualty Company</u> or any other person, firm or corporation found to be liable therefor, resulting from an event which occurred on <u>June 8, 2001</u>

As fees for their services, I/we agree to pay RisCassi and Davis, P.C., a percentage of all awards or settlement amounts recovered through this claim, pursuant to the following schedule:

20% of the entire amount recovered if the matter is settled within ninety (90) days;

25% of the entire amount recovered if the matter is settled within ninety (90) to one hundred eighty (180) days;

33 1/3% of the entire amount recovered if the matter is settled after one hundred eighty (180) days;

It is agreed and understood that this employment is on a contingent fee basis. If no recovery is made, I/we will not be indebted to RisCassi & Davis, P.C., for any sum as attorneys fees.

I/we understand and agree that if my/our case was referred to RisCassi and Davis, P.C. by another attorney or firm, then RisCassi and Davis, P.C., may share a portion of the aforementioned attorneys' fee with the referring attorney or firm. I / we understand that any such sharing of the fee will not increase the total attorneys' fee that I / we owe for the aforementioned personal injury claim, beyond that set forth in this agreement.

It is also agreed and understood that all expenses are separate and apart from legal fees. Such expenses may include, for example, court fees, investigation expenses, expert fees, fees for services of court reporters, and fees charged by health care providers for copies of medical records and reports. In the event that an award is rendered in my/our favor, or a settlement obtained, any expenses advanced on my/our behalf by my / our attorneys will be deducted from the proceeds of the award or settlement after calculation of the contingent fee.

I/we have received a copy of this one-page retainer agreement.

Dated at <u>BRISTOL</u> Connecticut on <u>04-13-02</u>.

_____
Philip A. Glynn

The above employment is accepted upon the terms stated herein.

RISCASSI AND DAVIS, P.C.

BY_____
Everett H. Madin, Jr.

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHILIP GLYNN | : | CIVIL NO.: 3:02CV1802(AVC) |
|    Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| BANKERS LIFE AND CASUALTY | : | |
|    Defendant | : | SEPTEMBER 1, 2005 |

### AFFIDAVIT OF KATHLEEN ELDERGILL

I, Kathleen Eldergill, being duly sworn, do hereby depose and say:

1. I am over the age of eighteen and believe in the obligations of an oath.

2. I am an attorney licensed to practice law in the state of Connecticut.

3. I received my J.D. degree in May 1981 and was admitted to practice before the Bar of the State of Connecticut in November 1981, before the Bar of the United States District Court for the District of Connecticut in December 1981, before the Second Circuit Court of Appeals in May 1983 and before the United States Supreme Court on September 16, 1988.

4. Since September 1981, I have been employed full time at the firm of Beck & Eldergill, P.C. (formerly Beck & Pagano), located in Manchester, Connecticut, first as an associate, then as a partner and later a principal. A significant portion of my time, since I

1

began my employment, has been devoted to litigating civil cases, including employment cases.

5. At present the hourly rate I charge private clients is $325 per hour.

6. I have reviewed the Petition for Attorney's Fees submitted by Attorney Everett H. Madin, Jr. and based on my discussions with him, am familiar with his background, education and experience, as well as the nature of the litigation at issue in this case.

7. I am familiar with the firm of Riscassi & Davis, P.C. and the excellent reputation enjoyed by that firm in the state of Connecticut. I, as well as other members of our firm, have referred clients to Riscassi and Davis over the years when they have contacted us seeking representation in connection with claims of personal injury and medical malpractice.

8. Based on the above, I believe that the hourly rate of $300 requested by Attorney Madin for his services is more than reasonable. In fact, based upon my experience, Attorney Madin would be justified in claiming $325 per hour for the work he has done on this file.

2

9. Based upon my knowledge of rates charged by other law firms in the Hartford area, the rate of $325 per hour accurately reflects a reasonable rate charged throughout the community, considering the skill, education and experience of Attorney Madin.

The foregoing is true and correct and based on my personal knowledge except as otherwise stated herein.

KATHLEEN ELDERGILL      ct00024

Subscribed and sworn to before me this 1st day of September.

Joan M. Johnson
Notary Public
My Commission Expires: 7/31/06

### CERTIFICATION

This is to certify that a copy of the foregoing has been mailed to all counsel of record on this _____ day of September, 2005.

Andrew Muscato, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY   10036-6522

John T. Shaban, Esq.
Whitman, Breed, Abbott & Morgan, LLC
100 Field Point Road
Greenwich, CT   06830

Everett H. Madin, Jr.

KE\misc\attyaffidMadin.pld

3

# EXHIBIT C

BILLABLE HOURS

| | |
|---|---|
| Drafting of original complaint and associated research (9/10/02) | 15 hours |
| Drafting of motion for extension of time within which to File report of parties' planning meeting (11/21/02) | .4 hours |
| Drafting of original and amended 26(f) report (1/17/03) | 10 hours |
| Plaintiff's request for discovery (3/18/03) | 6 hours |
| Research and Drafting of request for leave to file amended complaint and amended complaint (4/10/03) | 3 hours |
| Plaintiff's responses to requests discovery (4/17/03) | 4 hours |
| Drafting of motions for extensions of time to Respond to defendant's motion to dismiss (7/7/03) | 3 hours |
| Motion to compel discovery (7/7/03) | 5 hours |
| Additional research (7/7/03-7/11/03) | 12 hours |
| Research on standard of review (7/3/03 – 7/9/03) | 5 hours |
| Drafting of ERISA count of amended complaint (7/10/03) | .5 hours |
| Drafting of request for leave to amend complaint And amended complaint (7/18/03) | 1 hour |
| Drafting of requests for admissions (7/18/03) | 10 hours |
| Plaintiff's first objection to Motion to Dismiss and Memo of Law | 35 hours |

| | |
|---|---|
| Plaintiff's reply to defendant's opposition to motion<br>    To compel (8/4/03) | 4 hours |
| Plaintiff's reply to defendant's opposition to plaintiff's<br>    Request to amend complaint (8/18/03) | 6 hours |
| Drafting of motion to determine sufficiency of<br>    Responses to requests for admissions (10/21/03) | 6 hours |
| Plaintiff's disclosure of experts (10/24/03) | 6 hours |
| Objection to defendant's motion to dismiss and<br>    Memorandum of law (10/29/03) | 6 hours |
| Plaintiff's sur-reply to defendant's reply memorandum<br>    In support of motion to dismiss (12/5/03) | 5 hours |
| Request for leave to amend complaint<br>    And amended complaint (1/26/04) | 3 hours |
| Plaintiff's motion to compel discovery and memorandum<br>    Of law (2/17/04) | 4 hours |
| Withdrawal of plaintiff's motion to compel discovery (3/16/04)<br>    And related negotiations with defense counsel | .6 hours |
| Deposition of Robert Krol in Chicago and travel (5/18/04) | |
| Plaintiff's motion for summary judgment and<br>    Memorandum of law  (8/5/04) | 30 hours |
| Plaintiff's objection to defendant's motion for<br>    summary judgment and memorandum of law (9/1/04) | 40 hours |
| Proposed joint trial memorandum (9/8/04) | 6 hours |

| | |
|---|---|
| Motion to strike portion of defendant's reply memo and Memorandum of law (9/21/04) | 6 hours |
| Plaintiff's sur-reply memorandum of law in opposition to Defendant's motion for summary judgment (9/21/04) | 6 hours |
| Plaintiff's objection to defendant's motion to reopen Discovery and memorandum of law (10/18/04) | 6 hours |
| Plaintiff's reply to defendant's memorandum of law in opposition To plaintiff's motion to strike (10/18/04) | 6 hours |
| Deposition of Phillip Glynn in Hartford (10/26/04) | 4 hours |
| Deposition of Robert Pandini in New Jersey and travel (12/9/04) | 30 hours |
| Deposition of Mehdi Mostaghimi (1/17/05) | 2.8 hours |
| Depositions of Mary Glynn and Theresa Jones (1/17/05) | .7 hours |
| Motion for permission to file rebuttal expert disclosure | 7 hours |
| Plaintiff's motion for summary judgment and Memorandum of law | 40 hours |
| Plaintiff's objection to defendant's motion for Summary judgment and memorandum of law | 29.8 hours |
| Plaintiff's Motion to Strike (Pandina Testimony) | 2.5 hours |