UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
PHILIP GLYNN,                 :    CIVIL NO. 3-02CV1802 (AVC)
                              :
     Plaintiff,               :
                              :
v.                            :
                              :
BANKERS LIFE AND CASUALTY CO.,:
                              :
     Defendant.               :    SEPTEMBER 15, 2005
------------------------------x

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST
## FOR ATTORNEYS' FEES

Pursuant to Local Civil Rule 11(a) and/or 54(b) of the United States District Court for the District of Connecticut, Defendant Bankers Life and Casualty Company ("Bankers") respectfully submits the within opposition to Plaintiff's request for attorneys' fees. Bankers respectfully requests that this Court deny the requested attorneys fees as not permitted under D. Conn. L. Civ. R. 11(a) and 54 (b) and 28 U.S.C. § 1132(g)(1).[1]

### FACTS AND PROCEDURAL HISTORY

Briefly, this case involves a beneficiary's claim to benefits under a group accidental life policy, issued as part of an employee welfare plan, where the insured Peter Glynn died on June 8, 2001, in a single-vehicle crash while driving intoxicated with a 0.17% blood alcohol concentration. Plaintiff's claim is governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq.

---
[1]   Also submitted herewith is the Declaration of Andrew Muscato, Esq.

By Ruling on Cross Motions for Summary Judgment issued on August 22, 2005 and filed on August 23, 2005, this Court granted Plaintiff's motion for summary judgment and denied Bankers' motion for summary judgment. Plaintiff filed his on September 6, 2005.

## ARGUMENT

**I. PLAINTIFF'S ATTORNEYS' FEES ARE NOT AUTHORIZED BY THE LOCAL RULES OR 28 U.S.C. § 1132(g)(1).**

An award of attorney's fees under Section 1132(g) is discretionary. 29 U.S.C.§ 1132(g)(1). The district court considers the following factors:

1. the offending parties' culpability or bad faith;
2. the offending parties' ability to satisfy an award;
3. the deterrent effect of an award against the offending parties;
4. the benefit conferred on pension plan members as a whole; and
5. the relative merits of the parties' position.

*Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983); see also, *McPherson v. Employees' Pension Plan of American Re-Insurance Co.*, 33 F.3d 253, 254, (3d Cir. 1994). The factors are flexible guidelines – no one factor is determinative and all factors need not be considered. *Trucking Employees of North Jersey Welfare Fund v. Brockway Fast Motor Freight Co.*, 130 F.R.D. 314, 325 (D.N.J. 1989) (citing *Gray v. New England Telephone and Telegraph Co.*, 792 F.2d 251, 257-258 (1st Cir. 1986)(adopting *Ursic*'s five factors).

This Court should not exercise its discretion here. Were Plaintiff to prevail on their motion for summary judgment, the facts fail to justify an award of attorney's fees.

First, Bankers has not exhibited bad faith or culpable conduct in this case. It rejected Plaintiff's claim based on evidence produced both by Plaintiff and by J&J. Bankers's position was consistent throughout and not based upon "malice or a guilty purpose." *McPherson*, 33 F.3d at 257; *see also Maiuro v. Federal Express Corp.*, 843 F. Supp. 935, 944 (D.N.J. 1994).[2] Also, Bankers' conduct was not culpable – its conduct was not "reprehensible or wrong." *Id. McPherson*, 33 F.3d at 257. A party is not culpable merely because it has taken a position that did not prevail in litigation. *Id.*

While the second *Ursic* factor may favor Plaintiff, the remaining *Ursic* factors favor Bankers. Because the outcome of this case would be largely dependent on the language of the Plan and Policy, "there is little reason to believe that an award of attorneys' fees would serve a deterrent effect on other offending parties." *Smith v. Estate of Smith and Dupont Pension and Retirement Plan*, 248 F. Supp. 2d 348, 360 (D.N.J. 2003). Members of a plan do not benefit where the facts of a claim are remarkably unusual. *See Id.* As to the relative merits of the parties' positions in this ERISA dispute, "the arguments raised by counsel were meritorious and their interpretations of [the Plan] were such that reasonable minds could differ." *Trucking Employees*, 130 F.R.D. at 325 (applying the *Ursic* factors in denying attorneys' fees). The mere fact that the Court might not sustain Bankers' position is not enough to favor an award. *McPherson*, 33 F.3d at 258.

---

[2] Chief Judge Gerry declined to award attorneys' fees because the defendant had not acted in bad faith, notwithstanding that the Court's decision benefited pension plan participants. *Maiuro*, 843 F. Supp. at 944.

3

## CONCLUSION

For the foregoing reasons, Bankers respectfully requests that this Court deny Plaintiff's request for attorneys' fees.

THE DEFENDANT
BANKERS LIFE AND CASUALTY
COMPANY

BY _/s/_____
John T. Shaban, ct14075
Whitman Breed Abbott & Morgan LLC
100 Field Point Rd.
Greenwich, CT 06830
203-869-3800 (telephone)
203-869-1951 (facsimile)
jshaban@wbamct.com
   and
Andrew Muscato ct15073
Skadden, Arps, Slate, Meagher &
Flom LLP
Four Times Square
New York, New York 10036
212-735-3000 (telephone)
212-735-2000 (facsimile)

## CERTIFICATION OF SERVICE

This is to certify that a true and correct copy of the foregoing was mailed via First Class Mail, postage pre-paid on this the 15th day of September 2005, to the following counsel of record:

Everett H. Madin, Jr.
Riscassi and Davis, P.C.
131 Oak Street
Hartford, CT 06106
*Counsel for Plaintiff Philip Glynn*

John T. Shaban