UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PHILIP GLYNN,                          :    CIVIL NO. 3-02CV1802 (AVC)
                                       :
    Plaintiff,                         :
                                       :
v.                                     :
                                       :
BANKERS LIFE AND CASUALTY CO.,         :
                                       :
    Defendant.                         :    SEPTEMBER 19, 2005
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT'S OBJECTION NUNC PRO TUNC

## TO PLAINTIFF'S BILL OF COSTS

Pursuant to Local Civil Rule 54(b) of the United States District Court for the District of Connecticut, Defendant Bankers Life and Casualty Company ("Bankers") respectfully submits the within objections to Plaintiff's Bill of Costs.[1] Bankers objects to that portion of the Bill of Costs entitled "Disclosed Expert Witness Fees" in the amount of $6,744.40, representing compensation to expert witnesses. Bankers respectfully requests that this Court deny the Disclosed Expert Witness Fees portion of Plaintiff's

---

[1] Due to an error at Defendant's counsel's office, Defendant prematurely filed its objection to Plaintiff's Motion for Attorney's Fees on September 16, 2005 (which is actually due September 27, 2005) rather than the present objection. Defendant thus respectfully requests that the Court accept the present objection "nunc pro tunc," and submits that the one day tardiness could not possibly cause Plaintiff any prejudice. Further, to prevent any possibility of prejudice (and as reflected in the Certificate of Service), Bankers has served Plaintiff this same day via facsimile and regular mail. In this same connection, Bankers respectfully reserves its right to supplement its objection to Plaintiff's Motion for Attorney's Fees through September 27, 2005.

application as not permitted under D. Conn. L. Civ. R. 54(c)(7)(vii) and 28 U.S.C. § 1920. Also submitted herewith is the Declaration of Andrew Muscato.[2]

## FACTS AND PROCEDURAL HISTORY

Briefly, this case involves a beneficiary's claim to benefits under a group accidental life policy, issued as part of an employee welfare plan, where the insured Peter Glynn died on June 8, 2001, in a single-vehicle crash while driving intoxicated with a 0.17% blood alcohol concentration. Plaintiffs' claim is governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq.

By Ruling on Cross Motions for Summary Judgment issued on August 22, 2005 and filed on August 23, 2005, this Court granted Plaintiff's motion for summary judgment and denied Bankers' motion for summary judgment. Plaintiff filed his Bill of Costs on September 6, 2005.

## ARGUMENT

**I.   PLAINTIFF'S "DISCLOSED WITNESS FEES" ARE NOT AUTHORIZED BY LOCAL CIVIL RULE 54 AND 28 U.S.C. § 1920.**

Local Civil Rule 54 requires a prevailing party seeking costs to file and serve a verified bill of costs pursuant to 28 U.S.C. §§ 1821, 1920, 1923 and 1924, setting forth each item of costs that is claimed. D. Conn. L. Civ. R. 54(a)(1). Here, Plaintiff filed his Bill of Costs in September 6, 2005.

Local Civil Rule 54 permits the opposing party to object to the filed bill of costs by filing objections to the bill of costs, specifying each item to which there is an objection, and the reasons for such objection. D. Conn. L. Civ. R. 54(b).

---

[2] The original Muscato Declaration is already on file with the Court as part of the aforementioned premature filing objecting to Plaintiff's Motion for Attorney's Fees.

2

Here, Bankers objects to Plaintiff's "Disclosed Expert Witness Fees" as follows:

| | |
|---|---|
| Spectrum Engineering | $ 3,380.40 |
| Spectrum Engineering | $ 494.00 |
| Dr. Robert Pandina | $ 300.00 |
| Dr. Robert Pandina | $ 900.00 |
| Dr. Mostaghimi | $ 500.00 |
| Dr. Soper | $ 500.00 |
| Dr. Soper | $ 300.00 |
| Dr. Soper | $ 400.00 |

Plaintiff's Bill of Costs at 2. The total for these expert witness fees is $6,774.40.

Regarding those four "disclosed" experts, Plaintiff deposed Dr. Robert Pandina on December 9, 2004 and Bankers deposed Dr. Mostaghimi on January 17, 2005. Declaration of Andrew Muscato, ¶¶ 1, 2. Dr. John W. Soper, Ph.D., and Spectrum Engineering were not deposed on this matter, nor did they appear in court at any proceeding. Id., ¶ 4. Dr. Soper and Michael F. Miller, P.E., of Spectrum Engineering submitted affidavits that were attached as exhibits to Plaintiff's successful motion for summary judgment.

Bankers objects to Plaintiff's "Disclosed Witness Fees" because the fees are barred by the Local Civil Rules of the District of Connecticut and by federal law for the reasons set forth below.

**A.   Plaintiff's "Disclosed Expert Witness Fees" Are Expressly Not Taxable Under the Local Rules of the District of Connecticut.**

Local Civil Rule 54(d) provides in pertinent part:

> Except when express provisions therefore is made either in
> a statute of the United States or in these rules, costs shall be

3

> allowed as of course to the prevailing party unless the court
> otherwise directs.

D. Conn. L. Civ. R. 54(d); see also Fed. R. Cir. P. 54(d)(1) (text identical to above-quoted passage from Local Rule 54(d)).

Under Local Civil Rule 54(c)(2), a prevailing party may recover the cost of deposition transcripts used in support of a successful motion for summary judgment. D. Conn. L. Civ. R. 54(c)(2)(ii). Witness fees are taxable if the fee is for the witness' attendance at a deposition and the deposition transcript is a taxable cost. D. Conn. L. Civ. R. 54(c)(4)(i). Therefore, witness fees for Drs. Pandina and Mostaghimi are taxable because they were deposed and their deposition transcripts were used in support of Plaintiff's successful motion for summary judgment.

But, Local Civil Rule 54 expressly states that amounts in excess of the statutory limits are not taxable for expert witnesses:

> 4. Fees for Witnesses
>
> (i) . . . Fees for expert witnesses are taxable at the same
> rates as any other witness. Any amounts in excess of the
> statutory limits are not taxable.

D. Conn. L. Civ. R. 54(c)(4)(i). Moreover, Local Civil Rule 54(c)(7) expressly bars compensation for experts – it denies the recovery of "compensation for an expert witness in excess of the statutorily allowed limits." D. Conn. L. Civ. R. 54(c)(7)(vii).

As set forth below, the governing statutes, 28 U.S.C. §§ 1920 and 1821(b) limit witness fees to $40 per day plus transportation expenses. Therefore, under Local Civil Rule 54, witness fees for Drs. Pandina and Mostaghimi are limited to $40.00 each.

Witness fees for Dr. Soper and Spectrum Engineering are not taxable under Local Rule 54 because they were not deposed in this proceeding. *See* D. Conn. L. Civ. R. 54.

4

B.  **Plaintiff's "Disclosed Expert Witness Fees" Are Not Taxable Under Federal Law.**

In taxing costs under Local Civil Rule 54(d), the Court may tax only those costs explicitly authorized by statute and only for the amounts so authorized. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-45, 107 S.Ct. 2494, 2497-99, 96 L. Ed. 2d 385 (1987).

The governing statute is 28 U.S.C. §1920 that provides for the taxation of witness fees as costs in subsection (3):

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshall;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. §1920.

But not all witness fees are taxable as costs. Title 28 U.S.C. §1821(b) limits the dollar amount of witness fees authorized by §1920(3) to the payment of $40 per day for each day that the witness appears at his/her deposition, including any day spent traveling to the deposition:

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, as before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.
>
> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

28 U.S.C. §1821. Section 1821 also provides for reimbursement of the witness' expenses for common carriers, mileage, tolls, and required overnight stays. 28 U.S.C. § 1821(c), (d)(1).

Both the Supreme Court and the Court of Appeals for the Second Circuit have spoken directly on this issue and held that expert witnesses are treated no differently than other fact witnesses. Compensation paid to expert witnesses, beyond statutory fees, is not taxable as a prevailing party's costs.

In *Crawford*, the Supreme Court addressed the power of federal courts to require a losing party to pay the compensation of the winner's expert witnesses. There, the district court granted the prevailing party $86,480.70 for their expert witnesses. The Court of Appeals reversed that decision, holding that the limit of §1821 controlled. The *Crawford* Court agreed and held "that when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limits of §1821, absent contract or explicit authority to the contrary." *Crawford*, 482 U.S. at 439, 96 L. Ed. 2d at 390; see also *West Va. Univ. Hospital v. Casey*, 499 U.S. 83, 111 S. Ct. 1138, 113 L. Ed. 2d 68, 85 (1991) (holding that fees for services provided by experts in civil

rights litigation are not properly shifted to losing party under 42 U.S.C. §1988); see also *United States ex rel. Evergreen Pipeline Const. Co. v. Merritt Meridian Constr. Corp.*, 95 F3d 153, 173 (2d Cir. 1996) ("The district court was clearly correct in denying expert witness fees. We are at a loss to see how [plaintiff] could seek them in light of *Crawford* . . . .").

As a result, Plaintiff cannot seek payment for expert witness compensation under *Crawford* and *Evergreen* as well as the provisions of Title 28.

> 1. **Witness Fees Paid to Spectrum Engineering and Dr. Soper are Not Taxable as Costs Because They Neither Appeared for Depositions Nor at a Proceeding in Court.**

Both Dr. Soper and Spectrum Engineering's Miller submitted affidavits in support of Plaintiff's summary judgment motion but were not deposed and did not personally appear in Court. Muscato Decl., ¶ 2-4. Fees for expert witnesses not appearing in court except by affidavit attached as an exhibit to a summary judgment motion, and who did not attend a deposition, are properly disallowed as items of costs. *See Mike v. Kerr*, 64 F.R.D 93, 95 (E.D. Okla. 1973), aff'd 499 F. 2d 1178 (10th Cir. 1974).

> 2. **Costs for the Expert Depositions of Dr. Pandina and Dr. Mostaghimi Are Limited to $40 Per Day.**

Plaintiff submitted portions of Dr. Pandina's and Dr. Mostaghimi's respective deposition transcripts in support of his successful motion for summary judgment. Accordingly, under Local Civil Rule 54(c)(7)(vii), 28 U.S.C. §§ 1920 and 1821, and the *Crawford* decision, costs for these witnesses are taxable at $40.00 each.

## II. ACCORDINGLY, FEDERAL LAW REQUIRES CORRECTIONS TO PLAINTIFF'S BILL OF COSTS.

Plaintiff's Bill of Costs should be reduced by the amount of $6,774.40 claimed by Plaintiff as compensation to expert witnesses, and that result increased by $80, representing statutory witness fees for Drs. Pandina and Mostaghimi. That calculation is:

| | |
|---|---|
| Plaintiff's total costs | $9,282.91 |
| Reduced by "Disclosed Expert Witness Fees" | -6,774.40 |
| Increased by witness fee for Dr. Pandina | + 40.00 |
| Increased by witness fee for Dr. Mostaghimi | + 40.00 |
| | $2,588.51 |

Costs should be taxed in the amount of $2,588.51, which is $6,694.40 less than set forth in Plaintiff's Bill of Costs, to reflect the exclusion of expert witness compensation in excess of the statutory limit.

### CONCLUSION

For the foregoing reasons, Bankers respectfully requests that this Court deny Plaintiff's request for "Disclosed Expert Witness Fees" taxable costs because the requested amounts are in excess of the statutory limits contained in Local Civil Rule 54 and 28 U.S.C. § 1920, and reduce the award of costs to $2,588.51.

THE DEFENDANT
BANKERS LIFE AND CASUALTY
COMPANY

BY *[signature]*
John T. Shaban, ct14075
Whitman Breed Abbott & Morgan LLC
100 Field Point Rd.
Greenwich, CT 06830
203-869-3800 (telephone)
203-869-1951 (facsimile)
jshaban@wbamct.com
    and
Andrew Muscato ct15073
Skadden, Arps, Slate, Meagher &
Flom LLP
Four Times Square
New York, New York 10036
212-735-3000 (telephone)
212-735-2000 (facsimile)

## CERTIFICATION OF SERVICE

This is to certify that a true and correct copy of the foregoing was served via facsimile and mailed via First Class Mail, postage pre-paid on this the 19th day of September 2005, to the following counsel of record:

Everett H. Madin, Jr.
Riscassi and Davis, P.C.
131 Oak Street
Hartford, CT 06106
*Counsel for Plaintiff Philip Glynn*



John T. Shaban